RECEIVED **IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
2005 SEP 14  P 3: 53 **NORTHERN DIVISION**

| | | |
|---|---|---|
| **T. RAWDON BEATY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No.: $\underline{2:05cv880\cdot W}$ |
| | ) | |
| **MERCK & CO., INC., a foreign** | ) | |
| **Corporation, et al.,** | ) | **Removed from the Circuit** |
| | ) | **Court of Barbour County,** |
| **Defendants.** | ) | **Alabama** |
| | ) | |
| | | **JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT MERCK & CO., INC.

COMES NOW, Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned attorneys, and hereby answers the Complaint ("Complaint") as follows:

### Response to "Statement of the Parties"

1.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in this paragraph.

2.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in this paragraph of the Complaint except that, to the extent Plaintiff alleges any causal relationship between

the prescription medicine VIOXX® and any injury to the Plaintiff, Merck denies those allegations.

3.    Merck denies each and every allegation contained in this paragraph of the Complaint except that it admits it is a New Jersey corporation with its principal place of business in New Jersey and that it is authorized to do business in Alabama. Merck further admits that it manufactured, marketed and distributed the prescription medicine VIOXX® and that it marketed and distributed VIOXX® in Alabama.

4.    Merck states that the allegations contained in this paragraph of the Complaint are not directed at Merck and therefore no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in this paragraph of the Complaint.

5.    Merck states that the allegations contained in this paragraph of the Complaint are not directed at Merck and therefore no response is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the fictitious pleadings contained in this paragraph.

6.    Merck objects to Plaintiff's use of the term "Defendant" to refer collectively to all named and/or fictitious Defendants in this action and, to the extent that Plaintiff alleges that Merck is jointly and severally liable for damages for any

alleged injury to himself, Merck denies the allegations contained in this paragraph.

7.    The allegations contained in this paragraph are legal conclusions as to which no responsive pleading is required.  If a response is required, Merck denies the allegations made in this paragraph of the Complaint.

## RESPONSE TO "STATEMENT OF THE FACTS"

8.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in this paragraph except that, to the extent Plaintiff alleges any causal relationship between the prescription medicine VIOXX® and any injury to the Plaintiff, Merck denies those allegations.

9.    The allegations as to the appropriateness of jurisdiction and venue contained in this paragraph are legal conclusions as to which no responsive pleading is required.  To the extent a response may be deemed necessary, Merck otherwise denies each and every allegation contained in this paragraph of the Complaint.

10.    The allegations as to the appropriateness of jurisdiction and venue contained in this paragraph are legal conclusions as to which no responsive pleading is required.  To the extent a response may be deemed necessary, Merck admits that it marketed and distributed VIOXX® in Alabama, but Merck otherwise denies each and every allegation contained in this paragraph of the Complaint.

11.    For response to this paragraph, Merck admits VIOXX® is a prescription medication properly characterized as a non-steroidal anti-inflammatory drug that reduces pain and inflammation and that VIOXX® is the brand name for Rofecoxib. Merck further admits that it manufactured, marketed and distributed the prescription medicine VIOXX®. Merck otherwise denies each and every allegation contained in this paragraph of the Complaint.

12.    Merck denies each and every allegation contained in this paragraph of the Complaint.

13.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in this paragraph except that, to the extent Plaintiff alleges any causal relationship between the prescription medicine VIOXX® and any injury to the Plaintiff, Merck denies those allegations.

## RESPONSE TO "COUNT I – AEMLD"

14.    With respect to the allegations contained in this paragraph of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the previous paragraphs of this Answer with the same force and effect as though fully set forth herein.

15.    Merck denies each and every allegation contained in this paragraph of

4

the Complaint.

16.     Merck denies each and every allegation contained in this paragraph of the Complaint.

17.     Merck denies each and every allegation contained in this paragraph of the Complaint.

18.     Merck denies each and every allegation contained in this paragraph of the Complaint.

## RESPONSE TO "COUNT II – NEGLIGENCE"

19.     With respect to the allegations contained in this paragraph of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the previous paragraphs of this Answer with the same force and effect as though fully set forth herein.

20.     Merck denies each and every allegation contained in this paragraph of the Complaint.

21.     Merck denies each and every allegation contained in this paragraph of the Complaint.

22.     Merck denies each and every allegation contained in this paragraph of

the Complaint.

## RESPONSE TO "COUNT III – BREACH OF EXPRESS WARRANTY"

23.    With respect to the allegations contained in this paragraph of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the previous paragraphs of this Answer with the same force and effect as though fully set forth herein.

24.    Merck denies each and every allegation contained in this paragraph of the Complaint.

25.    Merck denies each and every allegation contained in this paragraph of the Complaint.

26.    The allegations contained in this paragraph are legal conclusions as to which no responsive pleading is required.  If a response is required, Merck denies the allegations made in this paragraph of the Complaint.

27.    Merck denies the allegations made in this paragraph of the Complaint.

28.    Merck denies each and every allegation contained in this paragraph of the Complaint.

## RESPONSE TO "COUNT IV – BREACH OF IMPLIED WARRANTY"

29.    With respect to the allegations contained in this paragraph of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the previous paragraphs of this Answer with the same force and effect as though fully set forth herein.

30.    The allegations contained in this paragraph are legal conclusions as to which no responsive pleading is required.  If a response is required, Merck denies each and every allegation contained in this paragraph of the Complaint.

31.    Merck denies each and every allegation contained in this paragraph of the Complaint.

32.    The allegations contained in this paragraph are legal conclusions as to which no responsive pleading is required.  If a response is required, Merck denies each and every allegation contained in this paragraph of the Complaint.

33.    Merck denies each and every allegation contained in this paragraph of the Complaint.

## RESPONSE TO "COUNT V – FRAUD"

34.    With respect to the allegations contained in this paragraph of the Complaint, Merck repeats and realleges each and every admission, denial,

averment, and statement contained in the previous paragraphs of this Answer with the same force and effect as though fully set forth herein.

36.    Merck denies each and every allegation contained in this paragraph of the Complaint.

36.    Merck denies each and every allegation contained in this paragraph of the Complaint.

37.    Merck denies each and every allegation contained in this paragraph of the Complaint.

## RESPONSE TO "COUNT VI – FRAUDULENT MISREPRESENTATION"

38.    With respect to the allegations contained in this paragraph of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the previous paragraphs of this Answer with the same force and effect as though fully set forth herein.

39.    Merck denies each and every allegation contained in this paragraph of the Complaint.

40.    Merck denies each and every allegation contained in this paragraph of the Complaint.

41.    Merck denies each and every allegation contained in this paragraph of the Complaint.

42.    Merck denies each and every allegation contained in this paragraph of the Complaint.

43.    Merck denies each and every allegation contained in this paragraph of the Complaint.

44.    Merck denies each and every allegation contained in this paragraph of the Complaint.

45.    Merck denies each and every allegation contained in this paragraph of the Complaint.

46.    Merck denies each and every allegation contained in this paragraph of the Complaint.

47.    Merck denies each and every allegation contained in this paragraph of the Complaint.

48.    Merck denies each and every allegation contained in this paragraph of the Complaint.

49.    Merck denies each and every allegation contained in this paragraph of

the Complaint.

50.    Merck denies each and every allegation contained in this paragraph of the Complaint.

51.    Merck denies each and every allegation contained in this paragraph of the Complaint.

## RESPONSE TO "DAMAGES"

52.    Merck denies each and every allegation contained in this paragraph of the Complaint.  Merck further denies that Plaintiff is entitled to compensatory or punitive damages, or other recovery, fees, costs, expenses, or other relief.

53.    Merck denies each and every allegation contained in this paragraph of the Complaint.  Merck further denies that Plaintiff is entitled to compensatory or punitive damages, or other recovery, fees, costs, expenses, or other relief.

54.    Merck hereby requests a trial by jury on all issues in this case.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, res judicata, waiver, or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician(s).

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of

persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by that Plaintiff's misuse or abuse of VIOXX®.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from that Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, under the applicable state

law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and standing to bring such claims, or is not the real party in interest.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A NINETEETH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation the Plaintiff is alleged to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred under Section 4, *et. seq.,* of the Restatement (Third) of Torts: Products Liability.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

This case may be more appropriately brought in a different venue.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

Plaintiff's claims of fraud or misrepresentation are barred by reason of that

Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because that Plaintiff has failed to mitigate the alleged damages.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff makes a claim for punitive damages, Merck asserts that Plaintiff has not complied with statutory requirements to recover punitive damages.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiff's claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon a Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(g)     The Retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)     Plaintiff's claim for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

    (1)     It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil Defendant upon a Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (2)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

    (3)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(5)    The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)    Plaintiff's attempt to impose punitive or extra-contractual damages on this defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)    The award of punitive damages to any of the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

(l)    The award of punitive damages against this defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)    The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

The Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996) on the issue of punitive damages. Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and any subsequent applicable decisions.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

Merck affirmatively pleads that any punitive damages that the Plaintiff may recover in this case should be capped in keeping with Alabama Code Section 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code §6-11-21, (1975). Merck adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute. The Alabama Supreme Court's

action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision. *See Honda Motor Company, Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

## AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

Merck avers that the punitive damage cap set out in *Ala. Code* §6-11-21, (1975) applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

## AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

Merck avers that any punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. *See TXO Production Corp. v. Alliance Resources Corp.* 113 S. Ct. 2711 (U.S. 1993).

## AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

Merck avers that the method of imposing punitive damages violates Amendment 328, Section 6.11, which prohibits the use of a procedural rule to abridge, enlarge or modify the substantive right of any party. *See Leonard v. Terminix Intern. Co., L.P.* 854 So. 2d 529 (Ala. 2002).

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

Merck adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.  Merck will

rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

### *JURY DEMAND*

Merck demands a trial by jury as to all issues so triable.

_____
One of the Attorneys for Defendant
Merck & Co., Inc.

OF COUNSEL:
Robert C. "Mike" Brock         rcb@rsjg.com
Benjamin C. Wilson             bcw@rsjg.com
R. Austin Huffaker, Jr.        rah2@rsjg.com
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone:  (334) 206-3100
Facsimile: (334) 263-4157

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing document upon all interested parties by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 14th day of September 2005, as follows:

Andy D. Birchfield, Jr.
J. Paul Sizemore
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160