JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1657*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE VIOXX PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A. Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1] Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western Districts of Louisiana. Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois. Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district. AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district. Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas.

---

\* Judge Motz took no part in the decision of this matter.

[1]Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (1), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2). These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed. Accordingly, inclusion of the actions in Section 1407 proceedings is moot.

One other action – *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, S.D. New York, C.A. No. 1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session.

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

2:05cv 702-M

EXHIBIT
A

- 2 -

The three arguments in opposition to Section 1407 centralization can be summarized as follows: plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings, because motions to remand their actions to state court are pending; plaintiffs in some Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or that discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v. Merck & Co., Inc., et al.*, E.D. New York, C.A. No. 1:01-3441, against Pharmacia Corp., Pfizer Inc., and G.D. Searle & Co. relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

**SCHEDULE A**

<u>MDL-1657 -- In re Vioxx Products Liability Litigation</u>

<u>Middle District of Alabama</u>

*Paul Turner, Sr. v. Merck & Co., Inc.*, C.A. No. 1:04-999
*Danny M. Wilson v. Merck & Co., Inc.*, C.A. No. 2:03-844

<u>Northern District of Alabama</u>

*Carolyn O. Hensley, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-906
*William Cook v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2710
*Sharon Scott Jones v. Merck & Co., Inc.*, C.A. No. 5:04-3079

<u>Southern District of Alabama</u>

*Carolyn Younge, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:03-125

<u>Eastern District of Arkansas</u>

*Linda Sue Otts v. Merck & Co., Inc.*, C.A. No. 5:04-57

<u>Western District of Arkansas</u>

*Bobby Brown, et al. v. Merck & Co., et al.*, C.A. No. 4:04-4140
*Arthur Fulton, etc. v. Merck & Co., Inc.*, C.A. No. 6:03-6107

<u>Central District of California</u>

*Charles Ashman v. Merck & Co., Inc.*, C.A. No. 2:04-8225
*Janet Briggs v. Merck & Co., Inc.*, C.A. No. 2:04-9275

<u>Northern District of California</u>

*Kathy Tokes v. Merck & Co., Inc.*, C.A. No. 3:04-4435
*Patricia A. Taylor v. Merck & Co., Inc.*, C.A. No. 3:04-4510
*Jeffrey Brass v. Merck & Co., Inc.*, C.A. No. 3:04-4521

<u>Middle District of Florida</u>

*Frances Dunleavey, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-539

- A2 -

**MDL-1657 Schedule A (Continued)**

### Northern District of Florida

*Benjamin Burt, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-388

### Southern District of Florida

*Ellen B. Gerber, et al. v. Merck & Co., Inc.*, C.A. No. 0:04-61429
*Josefa Abraham, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-22631
*Sidney Schneider v. Merck & Co., Inc., et al.*, C.A. No. 1:04-22632
*Clara Fontanilles v. Merck & Co., Inc.*, C.A. No. 1:04-22799
*Stanley Silber, et al. v. Merck & Co., Inc.*, C.A. No. 9:04-80983

### Northern District of Georgia

*Richard Zellmer v. Merck & Co., Inc., et al.*, C.A. No. 1:03-2530
*Edna Strickland v. Merck & Co., Inc.*, C.A. No. 1:04-3231

### Northern District of Illinois

*Linda Grant, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-6407
*Constance Oswald v. Merck & Co., Inc.*, C.A. No. 1:04-6741
*Anita Ivory v. Merck & Co., Inc.*, C.A. No. 1:04-7218

### Southern District of Illinois

*Roberta Walson, etc. v. Merck & Co., Inc.*, C.A. No. 3:04-27
*John Ellis v. Merck & Co., Inc., et al.*, C.A. No. 3:04-792
*Bilbrey v. Merck & Co., Inc.*, C.A. No. 3:04-836

### Southern District of Indiana

*Estate of Lowell D. Morrison v. Merck & Co., Inc.*, C.A. No. 1:03-1535
*Kimberly Van Jelgerhuis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-1651

### District of Kansas

*Vicky Hunter v. Merck & Co., Inc.*, C.A. No. 2:04-2518
*Betty S. Smith v. Merck & Co., Inc.*, C.A. No. 6:04-1355

- A3 -

**MDL–1657 Schedule A (Continued)**

<u>Eastern District of Kentucky</u>

*Daniel K. Williams v. Merck & Co., Inc.*, C.A. No. 2:04-235
*Richard J. Getty, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-452

<u>Eastern District of Louisiana</u>

*Salvadore Christina, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-2726
*Angelis Alexander v. Merck & Co., Inc.*, C.A. No. 2:04-2845
*Leonce Davis v. Merck & Co., Inc.*, C.A. No. 2:04-2937
*Mary V. Gagola v. Merck & Co., Inc.*, C.A. No. 2:04-3053
*Christine L. Parr v. Merck & Co., Inc.*, C.A. No. 2:04-3054
*Clifton Adam Savage, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-3055
*Delores Thomas Robertson v. Merck & Co., Inc.*, C.A. No. 2:04-3056
*Howard Mark Falick v. Merck & Co., Inc.*, C.A. No. 2:04-3060
*Warren L. Gottsegen, M.D. v. Merck & Co., Inc.*, C.A. No. 2:04-3065

<u>Middle District of Louisiana</u>

*Michael Wayne Russell v. Merck & Co., Inc.*, C.A. No. 3:04-712
*Linda Kay Hudson v. Merck & Co., Inc.*, C.A. No. 3:04-776
*Jesse Wilkinson v. Merck & Co., Inc.*, C.A. No. 3:04-800
*Wilson Brown v. Merck & Co., Inc.*, C.A. No. 3:04-801
*Dorothy Bracken v. Merck & Co., Inc.*, C.A. No. 3:04-802
*James Edward Benoit v. Merck & Co., Inc.*, C.A. No. 3:04-803
*Clarence Chiszle v. Merck & Co., Inc.*, C.A. No. 3:04-804

<u>Western District of Louisiana</u>

*Anthony J. Mallet, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2304
*Calvin Warren, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2110
*Vicki White v. Merck & Co., Inc.*, C.A. No. 3:04-2126
*Norma Merrit, et al. v. Merck & Co., Inc.*, C.A. No. 5:03-1401
*Herchial Wright, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2268
*Leroy Bates, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2269
*Vaughn McKnight v. Merck & Co., Inc.*, C.A. No. 5:04-2270
*Josephine Harper v. Merck & Co., Inc.*, C.A. No. 5:04-2271
*Lendell Burns, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2272
*Leona Sadler v. Merck & Co., Inc.*, C.A. No. 5:04-2273
*William Tice, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2274
*Maynard Butler, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2275
*Marion Evans, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2276
*Donna Lavergne v. Merck & Co., Inc.*, C.A. No. 6:04-2174

- A4 -

**MDL-1657 Schedule A (Continued)**

<u>District of Maryland</u>

*Lindsey Edler, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-3612
*Melvin Biles v. Merck & Co., Inc.*, C.A. No. 1:04-975
*David Morris, Jr. v. Merck & Co., Inc.*, C.A. No. 8:04-3024
*Daniel Martin Jeffers, et al. v. Merck & Co., Inc.*, C.A. No. 8:04-3604

<u>District of Massachusetts</u>

*Frank R. Saia v. Merck & Co., Inc.*, C.A. No. 1:04-12166

<u>District of Minnesota</u>

*Carolyn Y. Glover v. Merck & Co., Inc.*, C.A. No. 0:03-5166
*Lowell Burris, Jr. v. Merck & Co., Inc.*, C.A. No. 0:04-4375
*Shirley Homister v. Merck & Co., Inc.*, C.A. No. 0:04-4754

<u>Northern District of Mississippi</u>

*Frances Shannon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-105

<u>Southern District of Mississippi</u>

*Leona McFarland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-247
*Bettye J. Magee, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-249
*Jerry Melton v. Merck & Co., Inc., et al.*, C.A. No. 2:04-372
*Janet Sue Morgan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-435
*Brenda Price, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-866

<u>Eastern District of Missouri</u>

*Deyonne E. Whitmore v. Merck & Co., Inc.*, C.A. No. 4:03-1354
*Janice Perkins v. Merck & Co., Inc.*, C.A. No. 4:04-1446
*Jurhee Bench v. Merck & Co., Inc.*, C.A. No. 4:04-1447

<u>Western District of Missouri</u>

*Caroline Nevels v. Merck & Co., Inc., et al.*, C.A. No. 4:04-952
*Russell Young, etc. v. Merck & Co., Inc.*, C.A. No. 6:04-5117

- A5 -

**MDL-1657 Schedule A (Continued)**

<u>District of New Jersey</u>

*Patrick Besaw v. Merck & Co., Inc.*, C.A. No. 3:04-5178
*Brenda Aguero, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-5341

<u>Eastern District of New York</u>

*Dominick Cain, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:01-3441
*William Hanson v. Merck & Co., Inc.*, C.A. No. 1:04-2949
*Jerome Covington v. Merck & Co., Inc.*, C.A. No. 1:04-4439
*Alan Mell v. Merck & Co., Inc.*, C.A. No. 1:04-4606
*Lorraine Fialo v. Merck & Co., Inc.*, C.A. No. 1:04-4686
*Lawrence Wright, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4485
*William Fontanetta, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4486

<u>Southern District of New York</u>

*Laney C. Davis v. Merck & Co., Inc.*, C.A. No. 1:04-8082
*Elizabeth Aiken v. Merck & Co., Inc.*, C.A. No. 1:04-8085
*Walter McNaughton v. Merck & Co. Inc.*, C.A. No. 1:04-8297
*Carmen M. Pagan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-8959
*Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-9248
*Anna Quick v. Merck & Co., Inc.*, C.A. No. 7:04-8169

<u>Northern District of Ohio</u>

*Marjory Knoll v. Merck & Co., Inc.*, C.A. No. 1:04-2209
*Danford K. Jones, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2217
*Meadows, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2229 9
*Wanda Moldovan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2245
*Janet Dauterman, et al. v. Merck & Co., Inc.*, C.A. No. 3:03-7623

<u>Western District of Oklahoma</u>

*Paul E. House v. Merck & Co., Inc.*, C.A. No. 5:04-1235

<u>Eastern District of Pennsylvania</u>

*Henry Smith, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4713
*Michelle Donovan v. Merck & Co., Inc.*, C.A. No. 2:04-4882
*Gwendolyn L. Carr v. Merck & Co., Inc.*, C.A. No. 2:04-4900
*Fred S. Engle v. Merck & Co., Inc.*, C.A. No. 2:04-5077
*Merrick Sirota, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-5130

- A6 -

**MDL-1657 Schedule A (Continued)**

### District of Puerto Rico

*Rafael Gonzalez-Arias, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2263

### District of South Carolina

*Bridget Elaine Michaud, etc. v. Merck & Co., Inc.*, C.A. No. 4:03-3083

### Eastern District of Texas

*Arthur Clifford Hall, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-684
*Brenda Lewis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-685
*Billie Painton, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-686
*Lovincy Richard, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-703
*Bill Jolley, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-376
*Marian Williamson, etc. v. Merck & Co., Inc.*, C.A. No. 2:04-406
*Deborah Daley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 6:03-509

### Northern District of Texas

*Dellas Staples, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-180
*Michael R. Leonard v. Merck & Co., Inc.*, C.A. No. 3:04-2157
*Jack A. Register, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-2259

### Southern District of Texas

*Heirs of the Estate of Pablo Flores v. Merck & Co., Inc., et al.*, C.A. No. 2:03-362
*Audona Sandoval v. Merck & Co., Inc.*, C.A. No. 2:04-544
*Jeffrey L. Denny, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-526
*Kimberly D. Stubblefield, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:02-3139
*John P. Eberhardt v. Merck & Co., Inc.*, C.A. No. 4:03-1380
*Myrtle Louise Bell, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3448
*Thomas Joseph Pikul, etc. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3656
*Opalene Stringer, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:03-3657
*Reginald K. Fears v. Merck & Co., Inc.*, C.A. No. 4:04-4187
*Peggy J. Balch v. Merck & Co., Inc.*, C.A. No. 4:04-4201
*John R. Stout v. Merck & Co., Inc.*, C.A. No. 4:04-4205
*Charles C. Gilmore v. Merck & Co., Inc.*, C.A. No. 4:04-4206
*Johnny White v. Merck & Co., Inc.*, C.A. No. 4:04-4207
*Donna Hale v. Merck & Co., Inc.*, C.A. No. 4:04-4208
*Bernadette Young v. Merck & Co., Inc.*, C.A. No. 4:04-4209
*William B. Gregory, Jr. v. Merck & Co., Inc.*, C.A. No. 4:04-4327

- A7 -

**MDL-1657 Schedule A (Continued)**

<u>Southern District of Texas</u> (Continued)

*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:03-134
*Patricia Benavides, etc. v. Merck & Co., Inc., et al.*, C.A. No. 5:04-153
*Olga Sanchez v. Merck & Co., Inc., et al.*, C.A. No. 7:04-352
*Maria Emma Hinojosa v. Merck & Co., Inc.*, C.A. No. 7:04-373

<u>Western District of Texas</u>

*Joe Hopson, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:04-485
*Larry Lee Bauman, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-707
*Carolyn Reed, etc. v. Minor, et al.*, C.A. No. 1:04-731

<u>District of Utah</u>

*Della Jo Salt, et al. v. Merck & Co., Inc.*, C.A. No. 2:01-794

<u>District of Vermont</u>

*Sara Cheeseman v. Merck & Co., Inc.*, C.A. No. 1:04-261

<u>Western District of Virginia</u>

*Catherine Wheatley, etc. v. Merck & Co., Inc., et al.*, C.A. No. 2:04-20