IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| T. RAWDON BEATY, an Individual, | ) | |
| | ) | |
| **Plaintiff.** | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cv-880-W |
| | ) | |
| MERCK & CO., INC., a foreign | ) | |
| Corporation; TIM GRISWALD, an | ) | |
| Individual; and fictitious Defendants | ) | |
| A, B, C & D, being those persons, firms | ) | |
| or Corporations whose fraud, scheme to | ) | |
| defraud, and/or other wrongful conduct | ) | |
| caused or contributed to the Plaintiff's | ) | |
| injuries and damages, and whose true | ) | |
| names and identities are presently | ) | |
| unknown to Plaintiff, but will be | ) | |
| substituted by amendment when | ) | |
| ascertained, | ) | |
| | ) | |
| **Defendants.** | ) | |

## BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiff Rawdon Beaty hereby moves the Court to remand this case to the Circuit Court of Barbour County, Alabama. Federal subject matter jurisdiction is not present. This case represents one of many attempts by Defendant Merck to "manufacture" diversity jurisdiction, with total disregard for whether such jurisdiction actually exists. This type of rote removal by Defendants should perhaps lead to development by this and other courts of a doctrine of "fraudulent removal."

The citizenship of the parties to this action is not diverse as required by 28 U.S.C. § 1332. Plaintiff is a resident of Alabama. Defendant Merck & Co., Inc. (hereinafter "Merck") is a New Jersey corporation with its principal place of business in New Jersey. Defendant Tim Griswald

(hereinafter "Resident Defendant"), a sales representative of Merck & Co., Inc., is a resident of Alabama.  Plaintiff asserts valid claims under Alabama law against each defendant.  Each party to this action is properly joined.

Because the Court lacks subject matter jurisdiction, Plaintiff respectfully urges the Court to grant his motion to remand this action to the Circuit Court of Barbour County, Alabama.

## INTRODUCTION

This product liability action arises from injuries suffered by Rawdon Beaty as a result of him taking the prescription drug VIOXX (Rofecoxib), a prescription drug designed to treat pain through reduced inflammation.

Rawdon Beaty was prescribed and used VIOXX for approximately one year before suffering a deep venous thrombosis (DVT) of his right lower leg in September 2004.  As a direct result of taking VIOXX, Plaintiff suffered injuries including physical pain and suffering, and emotional distress.

Defendants designed, manufactured, packaged, marketed, and distributed VIOXX despite having information that the drug causes serious, life-threatening side effects.  Defendants encouraged the use of this drug through an aggressive marketing campaign including through its detail sales representatives, through visiting physicians, and through direct-to-consumer advertising.  The direct-to-consumer advertising included advertisements on television and in major magazines and newspapers as well as direct mail.  In addition, Defendants misrepresented the effectiveness of VIOXX and concealed the possibility of serious side effects.  Defendants knew of the defective and unreasonably dangerous nature of VIOXX, yet continued to design, manufacture, and sell VIOXX so as to maximize gross sales and profits in conscious disregard of the foreseeable harm VIOXX would cause to consumers.

2

Moreover, though they were aware that VIOXX was unreasonably dangerous as designed, Defendants failed to adequately test VIOXX and failed to warn the public. Defendants also failed to provide Plaintiff with timely and adequate post-marketing warnings or instructions after becoming aware of the risk of injury from taking VIOXX.

Furthermore, Defendants failed to exercise ordinary care and were negligent in the manufacture, marketing, sale, and testing of VIOXX as they placed it into the stream of commerce. Despite knowledge that VIOXX caused serious side effects, Defendants continued to market VIOXX to the public, including Plaintiff, when there were safer alternative methods of treatment.

In addition, Plaintiff asserts that Defendants breached express and implied warranties made in relation to VIOXX. Both before Plaintiff was first prescribed VIOXX and during the period during which he ingested the drugs, Defendants expressly warranted and represented that VIOXX was safe, and impliedly warranted that VIOXX was safe and fit for its intended, ordinary uses. Plaintiff reasonably relied on those representations and on Defendants' superior knowledge as to the safety and fitness for the intended use of VIOXX. Contrary to those warranties and representations, VIOXX was not safe and could and did cause serious side effects, and accordingly was not fit for its intended, ordinary purpose. At the time Defendants marketed, sold and distributed VIOXX for use by Plaintiff, Defendants knew their representations about the safety of VIOXX were false or they made those representations with reckless disregard for their falsity. Defendants' wrongful acts or omissions were a contributing or proximate cause of Plaintiff's injuries.

On August 12, 2005, Plaintiff filed suit in the Circuit Court of Barbour County, Alabama. Plaintiff asserts various causes of action against Defendants, including strict product liability

under the AEMLD, negligence, breach of express warranty, breach of implied warranty, fraud, and fraudulent misrepresentation.

On September 14, 2005, Defendants filed a Notice of Removal with this Court, pursuant to 28 U.S.C. §§ 1441(b) and 1446(b). Plaintiff urges this Court to remand this action to state court in accordance with 28 U.S.C. § 1447(c).

## ARGUMENT

Federal courts are courts of limited jurisdiction and are "empowered to hear only cases within the judicial power of the United States as defined by Article III of the Constitution" or as authorized by Congress. *Univ. of So. Ala v. The Amer. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). It is well established that removal statutes are to be strictly construed against removal. Removal of civil cases to federal court infringes upon state sovereignty. This is a central concept of federalism. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249 (11th Cir.1985). The burden of proof is on the removing party to present facts establishing its right to removal. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996).

On a motion to remand, Defendant Merck bears the burden of establishing federal subject matter jurisdiction. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). All doubts about federal subject matter jurisdiction on removal should be resolved in favor of remand to state court. All questions of fact and controlling law should be resolved in favor of Plaintiff.

## I.    Defendant Merck Has Failed To Obtain Proper Consent For Removal From The Properly Joined Resident Defendant

"The law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition."[1] See, e.g., *Chicago, R.I. & P.R. Co. v. Martin,* 178 U.S. 245, 247-248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants Local 349,* 427 F.2d 325, 327 (5th Cir.1970) (citing *Martin*); *Adams v. Aero Servs. Int'l, Inc.,* 657 F.Supp. 519, 521 (E.D.Va.1987); *P.P. Farmers' Elevator Co. v. Farmers Mut. Inc. Co.,* 395 F.2d 546 n. 2 (7th Cir.1968) (citing *Martin*); *In re Federal Savings & Loan Insurance Corp.,* 837 F.2d 432, 434, n. 1 (11th Cir.1988). As a matter of law, where there are multiple defendants in a lawsuit, the case may be removed only if all defendants consent to the removal. *Jerrell v. Kardoes Rubber Co., Inc.,* 348 F.Supp.2d 1278, 1282 (M.D. Ala. 2004). Consent may not be implied, but rather, it must be express. *Newman v. Spectrum Stores, Inc.,* 109 F.Supp.2d 1346 (M.D. Ala. 2000).

There are well-recognized exceptions to this rule. A defendant need not join in if: (1) it is merely a nominal or formal party defendant, *Tri-Cities Newspapers,* 427 F.2d at 327; (2) it had not served with process at the time the removal notice was filed, *Katz v. Costa Armatori, S.p.A.,* 718 F.Supp. 1508, 1509 (S.D.Fla.1989); *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America,* 841 F.2d 1254, 1262 (5th Cir.1988); or (3) the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c), *Alexander By Alexander v. Goldome Credit Corp.,* 772 F.Supp. 1217, 1222 (M.D. Ala.1991). What is not clear is that an exception exists to allow a defendant, attempting to remove solely on the basis of fraudulent joinder, to remove without the consent of the supposedly fraudulently joined defendant.

Here, Defendant Merck does not claim one of the above exceptions, but rather claims that it is "well-settled [law] that co-defendants who are fraudulently joined … need not join in the removal." Def.'s Notice of Removal ¶ 7 n. 1, Sept. 14, 2005. However, there is no controlling

---

[1] No exceptions to this rule are laid out in 28 U.S.C. § 1446, nor elsewhere in federal statutory law.

authority that states unequivocally that a defendant, by simply claiming fraudulent joinder as the basis for removal, may properly remove a case without obtaining consent of the supposedly fraudulently joined defendants. Defendant cites several cases in an attempt to show this "well-settled" law, but its attempt fails.

Defendant cites the Texas case of *Getty Oil Corp. v. Ins. Co. of N. Amer.*, in support of its proposition, but in *Getty*, the United States Court of Appeals for the Fifth Circuit held that "all defendants who are properly joined and served must join in the removal petition ... and that failure to do so renders the petition defective." *Getty Oil Corp.*, 841 F.2d at 1262 (5th Cir. 1988). In *Getty*, the allegedly fraudulently joined defendant failed to join in the removal within the prescribed period of time. Although the removing defendant claimed fraudulent joinder as a basis for their removal, simply making such a claim did not alleviate the requirement, under 28 U.S.C. § 1446(a), to acquire the consent of all defendants in order to make the removal procedurally proper. Ultimately, the court remanded the case, holding that, because all defendants had failed to join in the removal within 30 days of the date on which the first defendant was served, the removal was procedurally defective.

In the Alabama case of *Clay v. Brown & Williamson Tobacco Corp.*, another case cited by Defendant, the United States District Court for the Southern District of Alabama held that the resident defendants were <u>not</u> fraudulently joined. *Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1223-25 (M.D. Ala. 1999). Although that court, in dicta, stated that consent to removal may not be required from a fraudulently joined defendant, the proposition is reinforced with no controlling authority and goes against 28 U.S.C. § 1446(a), which requires a defendant who wishes to remove a case to federal court to acquire the consent of all other defendants in order to make the removal procedurally proper. In *Clay*, the only authority cited by the court for this supposed exception to § 1446(a) is *Polyplastics, Inc. v. Transconex, Inc.*,

6

713 F.2d 875 (1st Cir.1983), but the Court in *Clay* mistakenly relies upon *Polyplastics* as "holding that a party fraudulently joined to defeat removal need not join in removal petition." *Clay*, 77 F. Supp. 2d. at 1223. *Polyplastics* does mention this proposition, but it is not part of its holding.

A closer reading of *Polyplastics* shows that, in that case, the issue was whether, when a case is removed to federal court and the court both denies remand and issues an order to the state court (in this case, the Commonwealth of Puerto Rico) to refrain from further proceedings, an appeals court has jurisdiction over an interlocutory appeal. *Polyplastics, Inc.,* 713 F.2d at 876. In denying the interlocutory appeal for lack of jurisdiction, the United States Court of Appeals for the First Circuit did not hold that the resident defendant need not join in the removal petition.

The plaintiff in *Polyplastics* had previously filed an action against the diverse defendant in Puerto Rico court, that case had been removed to federal court under diversity jurisdiction, and the plaintiff had dismissed the suit without prejudice. The plaintiff then immediately filed suit, again in Puerto Rico court, this time naming resident defendants in what the federal district court saw as fraudulent joinder through a blatant attempt to avoid diversity jurisdiction. The court itself ordered the case removed and issued an order to the Puerto Rico state court ordering them to refrain from further proceedings. *Polyplastics* is far removed from the situation we have here. It does <u>not</u> stand for the proposition that a pharmaceutical company defendant removing solely on the basis of fraudulent joinder, as Defendant Merck attempts to do here, may remove a case to federal court without the express consent of the sales representative resident defendant who directly participated in the acts complained of. 28 U.S.C. § 1446(a) is still the law, and under that law, procedure requires that <u>all</u> defendants join in the removal petition.

Defendant also cites *Williams v. Atl. Coast Line R.R. Co.*, 294 F. Supp. 815 (S.D. Ga. 1968), as support for its proposition, but again Defendant is misleading the Court. *Williams*

stands for the proposition that an exception requiring consent of all defendants under 28 U.S.C. § 1441 exists only where a plaintiff sues a 'nominal,' 'formal,' or 'improper' party. The test of whether or not a named defendant is a nominal party depends on the facts in each case. *Tri-Cities Newspapers, Inc.*, 427 F.2d at 327. An examination of the facts should indicate that a party is either 'nominal' and their consent is not required, or that the case should be remanded in order to more fully explore the facts involved with respect to that party. *Id.* In *Williams*, the non-consenting defendant was deemed "no more necessary to the prosecution of the suit than a nominal party," and therefore his consent was not required. *Williams*, 294 F. Supp. at 816. Here, the pharmaceutical sales representative's actions go straight to the heart of the wrongs committed. Plaintiff's claims that the Resident Defendant sales representative acted negligently and fraudulently in representing Defendant Merck's drug, and Plaintiff's claim that the Resident Defendant acted in violation of the AEMLD as a seller of the drug clearly show that this Defendant is not merely a 'nominal' party, but rather a necessary party to this litigation.

Defendant Merck's removal is improper because it has failed to obtain the express consent of the properly joined Resident Defendant sales representative, and therefore this removal is ineffective. Here, the resident Defendant sales representative is more than a mere "nominal" party and is indeed properly joined for purposes of this action. Defendant Merck has failed to show that this Resident Defendant is a nominal party and consequently, his express consent is required in order for this removal to be proper. Because there has not yet been adequate inquiry into the facts of this case in order to determine fully the duties and liabilities of all Defendants, this Court should declare that this Resident Defendant is more than a nominal party to this action, and because his express consent for removal was not obtained, this removal by Merck alone is procedurally improper and this case must be remanded.

## II.    Diversity Jurisdiction Is Not Present

A court is under a duty to examine its own jurisdiction prior to undertaking any action. *University of South Ala. v. The American Tobacco Company*, 168 F. 3d 405, 410 (11th Cir. 1999) ("A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."). If this court lacks subject matter jurisdiction, it is without power to act. *Stern v. Mutual Life Ins. Co.*, 968 F. Supp. 637, 639 (N.D. Ala. 1997).

Defendant Merck contends that diversity jurisdiction is present because the Resident Defendant, Tim Griswald, is fraudulently joined. Merck's assertion is incorrect and contravenes the settled law of this Court and this state. In his Complaint, Plaintiff states valid state law claims against each Resident Defendant. In determining whether a resident defendant is fraudulently joined, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Clay*, 77 F.Supp.2d at 1223 (quoting *Crowe*, 113 F.3d at 1538); *de Perez v. AT&T Co.*, 139 F.3d 1368, 1380-1381 (11th Cir. 1998).

The removing party bears the burden of proving that the joinder of the resident defendant is fraudulent. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). That burden is a heavy one. *Frontier Air Lines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989) (quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). A defendant must make the showing of fraudulent joinder by clear and convincing evidence. *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962). The Eleventh Circuit has recognized three situations where joinder could be deemed fraudulent:

1.    There is <u>no possibility</u> that the plaintiff can prove a cause of action against any resident defendant;

2.    There is outright fraud in the plaintiff's pleading of jurisdictional facts; or

3.    Where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim

against the diverse defendant has no real connection to the claim against
the non-diverse defendant.

*Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Defendant Merck does not argue that Plaintiff has fraudulently pled jurisdictional facts to
bring the Resident Defendant into state court. Further, Merck does not argue that the Resident
Defendant has no connection to this action. Rather, Merck's arguments, and this Court's inquiry,
are limited to whether the Plaintiff has any *possibility* of stating a valid cause of action against
the Resident Defendant under Alabama law. Merck improperly argues that joinder of the
Resident Defendant is improper because there is no reasonable basis by which Plaintiff may
establish or prove liability against the Resident Defendant. Defendant Merck, however,
misstates the appropriate standard as set forth by the Eleventh Circuit. To defeat an allegation of
fraudulent joinder, a plaintiff need only prove a possibility of recovery:

> If there is even a possibility that a state court would find that the
> Complaint states a cause of action against any one of the resident
> defendants, the federal court must find that the joinder was proper
> and remand the case to state court. The plaintiff need not have a
> winning case against the allegedly fraudulent defendant; **he need
> only have a *possibility* of stating a valid cause of action in order
> for the joinder to be legitimate.**

*Triggs*, 154 F.3d at 1287 (citations omitted)(emphasis added). *See Bobby Jones Garden Apts. v.
Suleski*, 391 F.2d 172, 177 (5th Cir. 1968). In making this determination, this Court must
evaluate all factual allegations in a light most favorable to the Plaintiff, resolving all contested
issues of substantive fact in the Plaintiff's favor and resolving any uncertainties as to the current
state of the controlling substantive law in Plaintiff's favor as well. *Cabalceta v. Standard Fruit
Co.*, 883 F.2d 1536, 1561 (11th Cir. 1989).

Viewing the Complaint's allegations in a light most favorable to the Plaintiff, the Plaintiff
has stated valid claims against the Resident Defendant. Defendant Merck has failed to meet its

burden to establish that removal is appropriate in this case, and thus, federal diversity jurisdiction is not present and this case must be remanded.

### III.   Merck's Fraudulent Joinder Argument Improperly Relies On Case Law Which Is Easily Distinguishable And Is Not Applicable To This Case

Merck incorrectly states the applicable standard for fraudulent joinder and, in doing so, attempts to let New York and Minnesota courts establish Alabama law even though the standard those courts applied to establish fraudulent joinder is a *lower standard* than that of an Alabama court. Defendant Merck also contends that a Northern District of Alabama Court holding, *Fowler v. Pharmacia and Upjohn Company*, No. CV-04-PT-712-M, Slip. Op. (N.D. Ala. June 24, 2004), should be applied here to bar any and all claims against Merck sales representatives. Merck asserts that *Fowler* addresses claims against pharmaceutical sales representatives and therefore is applicable here. However, a reading of *Fowler* reveals that the non-diverse defendant at issue in *Fowler* is not, in fact, an employee sales representative but rather an account manager for an entirely separate corporation, which distributes pharmaceuticals to physicians. Furthermore, *Fowler* depended upon New York and Minnesota case law, and can easily be distinguished from the facts in the case at bar.

### 1.   *In re: Rezulin* And *In re: Baycol* Authority Is The Result Of Applying A Lower Fraudulent Joinder Standard

Defendant cites the New York District Court case of *In re: Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272 (S.D.N.Y 2001), and the Minnesota District Court case of *In re: Baycol Prod. Liability Litigation*, No. CV-03-4392 (D. Minn. March 26, 2004) in opposition to Plaintiff's Motion to Remand. Neither case is applicable here. Defendant's argument fails because these courts applied a standard of "no reasonable basis," *a lower standard*, to determine whether Plaintiffs' claims against non-diverse Defendants were sufficiently substantial under

11

Alabama law to defeat jurisdiction. There is a critical difference between the fraudulent joinder standard applied in *Rezulin* and *Baycol* and the standard applied in the Eleventh Circuit. The New York Court in *Rezulin* and the Minnesota Court in *Baycol* applied a more relaxed fraudulent joinder standard requiring only "no reasonable basis" for predicting liability on the alleged claims.

The Second and Eighth Circuits applied fraudulent joinder analysis as though it were a premature motion for summary judgment. Under such analysis, where the court makes its decision based solely on the pleadings and affidavits in the record and before formal discovery has taken place, any predictions rendered as to the ultimate liability of the alleged fraudulently joined defendants is inequitable and not in accordance with Eleventh Circuit law. In Alabama, a Plaintiff in defeating a fraudulent joinder argument need not show that he could survive on a motion for summary judgment filed by the in-state Defendants. *Crowe v. Coleman*, 113 F.3d 1536, 1541 (11th Cir. 1997). In fraudulent joinder cases, the Alabama and the Eleventh Circuit courts require a defendant to show "*no possibility* that the Plaintiffs can prove any cause of action" against *any* resident defendant. *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)) (emphasis added).

In a recent decision by this Court, Judge Fuller cited *Coker*, stating, "If there is *a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Coker*, 709 F.2d at 1440-1441 (citing *Davis v. GMC*, 353 F. Supp.2d 1203, 1207 (M.D. Ala. 2005) (emphasis added). This reinforces Plaintiff's argument that a plaintiff need not have a winning case against a resident defendant, but only have a *possibility* of stating a valid cause of action in order to defeat arguments of fraudulent joinder. *Triggs* 154 F.3d at 1287. This is remarkably different from the standard applied in the *Rezulin* and *Baycol* circuits. The

standard, as applied in Alabama courts, would have correctly placed a higher burden on the *Rezulin* and *Baycol* defendants in establishing fraudulent joinder. Consequently, the holdings in *Rezulin* and *Baycol* cannot be relied upon to determine liability under Alabama law in this case.

### 2. *Fowler* Is Not Controlling And Is Easily Distinguishable Upon The Facts

As stated above, the non-diverse Defendant in *Fowler* is not a field sales representative, but rather an account manager, an important distinction noted by the court in its order. Moreover, the *Fowler* Court incorrectly relied on the reasoning in *Rezulin* and *Baycol* which, as stated above, applied an incorrect test in determining fraudulent joinder. As a consequence, that court too applied a summary judgment-type standard not in accordance with the law of the Eleventh Circuit.

Notwithstanding the inapplicability of *Fowler* to the facts here, or the application of an entirely different fraudulent joinder standard in determining the outcomes of the authority on which it relied, the *Fowler* court was only partially persuaded by the reasoning in *Rezulin* and *Baycol,* stating "those courts go further than this court would go in that they may exclude claims against even active, knowledgeable sales reps." *Fowler* at 30.

Plaintiff believes the *Fowler* decision is incorrect under the settled laws of the Eleventh Circuit. Notwithstanding that contention, the facts in *Fowler* are markedly different making it inapplicable to the present case.

### IV.   Plaintiff Has Stated Valid Product Liability (AEMLD) Claims Against The Resident Defendant

Plaintiff states valid claims under the AEMLD against the Resident Defendant sales representative Tim Griswald. To establish a prima facie case under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), a plaintiff must demonstrate that:

(1)     he suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if

    (a)     the seller is engaged in the business of selling such a product, and

    (b)     it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2)     Showing the above elements, a plaintiff has proved a prima facie case although

    (a)     the seller has exercised all possible care in the preparation and sale of his product, and

    (b)     the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.

*Casrell v. Altec Industries, Inc.*, 335 So. 2d 128, 132-33 (Ala. 1976); *Atkins v. American Motors Corp.*, 335 So. 2d 134, 141 (Ala. 1976).

In his Complaint, Plaintiff alleges that the Resident Defendant sales representative marketed, sold, supplied and/or otherwise distributed VIOXX. Plaintiff alleges VIOXX was defective and unreasonably dangerous as designed, was unreasonably dangerous due to inadequate testing, and was defective as marketed due to inadequate warnings or instructions. Moreover, Plaintiff alleges that Defendants failed to warn Plaintiff of the dangers of VIOXX therapy. Also, Plaintiff alleges that Defendants failed to provide post-marketing warnings to Plaintiff after he began to take the drug. Plaintiff further alleges that as a direct and proximate result of Defendants placing VIOXX on the market and Plaintiff's ingestion of the drugs, Plaintiff suffered injuries including deep venous thrombosis (DVT). These allegations are sufficient to state a cause of action under AEMLD against the Resident Defendant.

Defendant Merck incorrectly asserts that the Resident Defendant sales representative cannot be a "seller" within the meaning of the AEMLD and cannot be held individually liable. The Resident Defendant sales representative may properly be held liable under the AEMLD for

his participation in the marketing of VIOXX. *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775 (Ala. 1986). The Resident Defendant sales representative marketed VIOXX to physicians, including Plaintiff's physician, by "calling" on physicians, distributing samples that were given to patients, conducting educational seminars, and distributing sales literature. Defendant, in communications to Plaintiff's physician, compared the efficacy of VIOXX to other existing drugs, sought to distinguish VIOXX from other drugs already on the market, and worked to persuade Plaintiff's physician to prescribe VIOXX to his patients. The Resident Defendant sales representative provided Plaintiff's physician with VIOXX product information and samples. Throughout these activities, the Resident Defendant sales representative worked to increase sales of VIOXX, increase profits to Merck, and increase sales commissions for himself.

At the time Plaintiff was prescribed and used VIOXX, Defendant Tim Griswold was a sales representative of Defendant Merck. As such, Defendant Griswold advertised, marketed and/or promoted VIOXX, fraudulently suppressed material information regarding the safety and efficacy of VIOXX, misrepresented the safety and efficacy of VIOXX to Plaintiff's physician, and placed VIOXX in the stream of commerce for personal profit or benefit.

Plaintiff anticipates that discovery will show that Defendant sales representative's knowledge concerning VIOXX was superior to the knowledge held by the physicians to whom they made sales calls. Plaintiff also anticipates that discovery will show that the Plaintiff's prescribing physician relied on information provided by Defendants. The resident Defendant sales representative provided to Plaintiff's physician incorrect, misleading or incomplete information (such as inadequate warnings of risks of harm and adverse effects from the use of VIOXX) – and Plaintiff's physician passed this erroneous information on to consumers, including Plaintiff. Plaintiff relied on such information through the representations of his

physician. If these allegations are proven to be true, which Plaintiff expects that they will be, a finding of individual liability under AEMLD against the Resident Defendant sales representative would be consistent with the rule under Alabama law that "officers, and employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity." *Ex parte Charles Bell Pontiac*, 496 So. 2d at 775 (citing *Candy H. v. Redemption Ranch, Inc.*, 563 F. Supp. 505, 513 (M.D. Ala. 1983)); *See Chandler v. Hunter*, 340 So. 2d 818, 822 (Ala. Civ. App. 1976).

In *Clay v. Brown & Williamson Tobacco Corp.*, plaintiff alleged that account managers for Brown & Williamson were liable under AEMLD for the distribution of cigarettes. *Clay*, 77 F. Supp. 2d at 1224. In that case, plaintiff alleged that the account managers actively serviced customer accounts, had superior knowledge to consumers of the addictiveness and dangers of tobacco, and actively participated in the sale of cigarettes. *Id.* The District Court followed the Court's decisions in *Seaborn v. R.J. Reynolds Tobacco Co.*, No. 9-T-1540, 1996 WL 943621 (M.D. Ala. December 30, 1996), and *Jenkins v. R. J. Reynolds Tobacco Co.*, 96-T-1489 (M.D. Ala. Dec. 30, 1996). The Court found that the account executives were not fraudulently joined and that under the AEMLD, claims against employees of a corporation who had participated in the distribution of a dangerous product are valid under AEMLD, regardless of whether the person was acting within his corporate capacity. *Clay*, 77 F. Supp. 2d. at 1224.

In *Clay, Seaborn* and *Jenkins,* the defendant tobacco companies made the same argument that Defendant Merck makes here regarding the joinder of sales representatives. Relying on the general principle that officers or employees of a corporation are liable for torts in which they have personally participated, the District Court found in all three cases that, to the extent a manufacturer defendant allegedly violated AEMLD, "it acted through its employees; the company does not employ ghosts." *Clay*, 77 F. Supp. 2d at 1224; *Seaborn*, 1996 WL 943621, at

16

*3 (both citing *Ex parte Charles Bell Pontiac*, 496 So. 2d at 775). The District Court allowed plaintiffs to pursue the distributors and employee sales representatives individually -- even in the absence of any personal contact with the plaintiffs -- and to substitute new individual defendants in the event plaintiffs had named the wrong individuals at the outset. *Id.* In each case, the court rejected defendants' claim of fraudulent joinder and remanded the case to state court.

Other United States District Courts also have consistently rejected arguments that in-state defendant sales representatives are fraudulently joined in the context of an AEMLD action involving a defective drug. Judge Inge P. Johnson remanded the case of *Barry Pace, et al. v Parke-Davis*, No. 3:00-3046 (N.D. Ala. Nov. 21, 2000). Judge Robert Propst remanded the case of *Donald McCaffery v. Warner-Lambert Co.*, et al., No. 4:00-2848 (N.D. Ala. Dec. 8, 2000) and *Acton v. R.J. Reynolds Tobacco Co.*, No. 96-C-2737-W (N.D. Ala. Oct. 23, 1996).

Defendants who distribute dangerous products, as well as their employees, may be held liable under the AEMLD. Plaintiff has stated valid claims against the Resident Defendant sales representative under the AEMLD.

### V.    Plaintiff Has Alleged Valid Claims Of Negligence And Breach Of Warranty Against The Resident Defendant

Defendant Merck contends Plaintiff's claims for negligence and breach of warranty against the Resident Defendant sales representative are not proper because he owed no duty to Plaintiff regarding VIOXX. On the contrary, the Resident Defendant had a duty to warn ultimate consumers of the potential dangers associated with the use of VIOXX.

Through his participation in the marketing of VIOXX to physicians, the Resident Defendant sales representative *voluntarily assumed* a duty to Plaintiff because Plaintiff's reliance on such statements was reasonably foreseeable. *J.B. Bowden v. E. Ray Watson Co., Inc.*, 587 So. 2d 944, 946 (Ala. 1991); *King v. Natl. Spa & Pool Inst., Inc.*, 570 So. 2d 612, 614 (Ala. 1990).

The absence of a direct relationship between the Resident Defendant sales representative and Plaintiff does not bar a claim of negligence *or* a breach of warranty claim. *King*, 570 So. 2d at 616 (negligence); *Bishop v. Faroy Sales*, 336 So. 2d 1340, 1345 (Ala. 1976) (breach of warranty).

In numerous cases in which plaintiffs asserted theories of negligence and/or breach of warranty in conjunction with or as alternatives to an AEMLD claim, the Supreme Court of Alabama has addressed the evidence supporting the jury's verdict or the submission of the case to the jury on each theory, separately and independently, *without* questioning whether such theories can be asserted against sales representatives. *Flagstar Enter, Inc. v. Davis*, 709 So. 2d 1132, 139 (Ala. 1997) (evidence sufficient to support negligence claim to jury).[2]   As these cases indicate, it is well settled under Alabama law that Plaintiff may maintain claims against the Resident Defendant sales representative under the AEMLD simultaneously with claims for negligence, breach of express warranty, and breach of implied warranty.

## VI.    Plaintiff Has Alleged Valid Claims Of Fraud And Fraudulent Misrepresentation And Suppression Against The Resident Defendant

Under Alabama law, in order to state a claim for fraud and fraudulent misrepresentation, a plaintiff must show that the defendant made a misrepresentation of material fact, that he made it willfully to deceive, recklessly, without knowledge, or mistakenly, that the misrepresentation was justifiably relied on by the plaintiff under the circumstances, and that the misrepresentation

---

[2] *See Yarbrough v. Sears Roebuck & Co.*, 628 So. 2d 478, 481-83 (Ala. 1993) (circumstances under which negligent failure to warn case may be submitted to jury); *Clarke Industries, Inc. v. Home Indemnity Co.*, 591 So. 2d 458, 461-62 (Ala. 1991) (directed verdict or JNOV precluded on negligent failure to warn claim); *Deere & Co. v. Grose*, 586 So. 2d 196, 198 (Ala. 1991) (directed verdict improperly denied where negligent failure to warn claim not supported by evidence); *Yamaha Motor Co., Ltd. v. Thornton*, 579 So. 2d 619 (Ala. 1991) (evidence sufficient to support jury verdict in favor of plaintiff on claims of design and manufacturing defect under AEMLD, negligence and wantonness); *Gurley v. American Honda Motor Co., Inc.*, 505 So. 2d 358, 361 (Ala. 1987) (discussing prima facie case of claim of negligent failure to warn of dangers from defective product); *Rutledge v. Arrow Aluminum Industries, Inc.*, 733 So.2d 412, 417 (Ala. Civ. App. 1998) (claims of design and manufacturing defects under AEMLD, negligent failure to warn).

caused damage as a proximate consequence. Ala. Code Ann. § 6-5-101; *Harrington v. Johnson-Rast & Hays Co.*, 577 So.2d 437 (Ala.1991). Plaintiff alleges that the Resident Defendant sales representative negligently, recklessly, intentionally and fraudulently made material misrepresentations that VIOXX was safe. The Resident Defendant did so with the intent to induce physicians to prescribe and for consumers, including Plaintiff, to purchase VIOXX. Moreover, Plaintiffs allege that "At the time the Defendants made these representations, the Defendants were aware of the falsity of these representations and/or made these representations with reckless disregard to the truth." (Compl. ¶ 37.) Lastly, Plaintiff alleges that "[a]s a result of Defendants' fraud and misrepresentation, Rawdon suffered injuries and damages." (Id.)

Defendant Merck asserts, in its Notice of Removal, that claims of fraud cannot be maintained against the Resident Defendant sales representative Tim Griswald. In so arguing, they suggest that Defendants made no representations to Plaintiff. Merck also asserts that Plaintiff failed to plead his claim of fraudulent misrepresentation with particularity. However, in his Complaint, Plaintiff sufficiently alleges that Defendants fraudulently misrepresented and/or suppressed material information regarding the safety and efficacy of VIOXX and its harmful side effects in order to induce physicians, including Plaintiff's physician, to prescribe these drugs and to induce consumers, including Plaintiff, to purchase VIOXX. Moreover, Plaintiff alleges that Defendants misrepresented and/or suppressed the fact that VIOXX was not safe and that Defendants were under a duty to communicate this information to Plaintiff. Defendants argue that they had no duty to disclose information to Plaintiff, that there was no relationship between Defendants and Plaintiff, and that Defendants' failure to disclose the harmful effects of taking VIOXX did not constitute fraudulent misrepresentation or suppression.

United States District Courts in Alabama have addressed on numerous occasions the issue of whether sales representatives are fraudulently joined in relation to claims of fraudulent

misrepresentation and fraudulent suppression. The following is a list of cases where a District

Court has reviewed allegations of fraudulent misrepresentation and suppression similar to those

in this case and found that the respective plaintiff had, indeed, alleged valid claims under

Alabama law. In each situation, the District Court rejected the Defendants' argument regarding

fraudulent joinder and remanded the case to state court. *Floyd v. Wyeth*, No. 03-C-2564-M

(N.D. Ala. Oct. 20, 2003) (Clemon, J.); *Crittenden v. Wyeth*, No. 03-T-920-N (M.D. Ala. Nov.

21, 2003) (Thompson, J.); *Terrell v. Wyeth*, No. CV-03-BE-2876-S (N.D. Ala. Dec. 12, 2003)

(Bowdre, J.) ("Although the plaintiffs' claims against defendant Parker appear to raise novel

questions of Alabama state law, this court will not speculate that the plaintiffs have *no* possibility

of establishing a cause of action against this non-diverse defendant. Little, if any, discovery has

been done to-date in this case; thus, it would be premature for this court to make rash decisions

regarding the nature and the timing of the injury sustained by the plaintiffs, or the employment

history of defendant Parker. Nor can the court conclusively determine that plaintiffs would not

be successful in urging its various theories under Alabama law."); *Ballard v. Wyeth*, No. 03-T-

1255-N (N.D. Ala. Jan. 23, 2004) (Thompson, J.); *Brunson v. Wyeth*, No. 03-T-1167-S (N.D.

Ala. Jan. 23, 2004) (Thompson, J.); *Blair v. Wyeth*, No. 03-T-1251-S (N.D. Ala. Jan. 23, 2004)

(Thompson, J.); *Storey v. Wyeth*, No. CV-04-BE-27-E (N.D. Ala. Jan. 30, 2004) (Bowdre, J.);

*Cash v. Wyeth*, No. 03-RRA-3378-E (N.D. Ala. Feb. 3, 2004) (Armstrong, Mag. J.); *Marshal v.

Wyeth*, No. CV-04-TMP-179-S (N.D. Ala. Feb. 18, 2004) (Putnam, Mag. J.); *McGowan v.

Wyeth*, No. CV-04-TMP-298-S (N.D. Ala. Feb. 24, 2004) (Putnam, Mag. J.); *Johnson v. Wyeth*,

No. CV-04-TMP-224-S (N.D. Ala. Feb. 23, 2004) (Putnam, Mag. J.); *Bradford v. Wyeth*, No. 03-

P-3157-5 (N.D. Ala. Feb. 27, 2004) (Proctor, J.); *Smith v. Wyeth*, No. 04-P-226-M (N.D. Ala.

Feb. 27, 2004) (Proctor, J.); *Boudreaux v. Wyeth*, No. CV-04-P-227-M (N.D. Ala. Feb. 27, 2004)

(Proctor, J.); *Bridges v. Wyeth*, No. 04-AR-0297-J (N.D. Ala. Mar. 2, 2004) (Acker, J.); *Hough v.

*Wyeth*, No. 04-H-393-S (N.D. Ala. Mar. 5, 2004) (Hancock, J.); *Brogden v. Wyeth*, No. 04-T-068-S (M.D. Ala. Mar. 8, 2004) (Thompson, J.); *Reeder v. Wyeth*, No. 04-T-066-N (M.D. Ala. Mar. 8, 2004) (Thompson, J.); *Eaton v. Wyeth*, No. CV-04-P-380-M (N.D. Ala. Mar. 9, 2004) (Proctor, J.); *Allen v. Wyeth*, No. 04-CV-0238-T (M.D. Ala. Apr. 9, 2004) (Thompson, J.); *Chestnut v. Wyeth*, No. 04-CV-0295-T (M.D. Ala. May 3, 2004) (Thompson, J.); *King v. Wyeth*, No. 04-CV-0409-T (M.D. Ala. May 24, 2004) (Thompson, J.); *Culpepper v. Wyeth*, No. 04-CV-0411-T (M.D. Ala. May 24, 2004) (Thompson, J.); *Braden v. Wyeth*, No. 04-CV-0384-T (M.D. Ala. May 24, 2004) (Thompson, J.); *Cross v. Wyeth*, No. 03-0882-BH-M (S.D. Ala. Mar. 29, 2004) (Hand, J.); *Bennett v. Wyeth*, No. 04-CV-0416-T (M.D. Ala. June 2, 2004) (Thompson, J.). See "Exhibit A," attached and filed with this brief.

District Courts in Alabama have rightly found that plaintiffs who allege claims of fraudulent misrepresentation and suppression against sales representatives of drug companies have alleged valid claims under Alabama law. The Resident Defendant sales representative is not fraudulently joined in this case. Diversity jurisdiction is not present.

## CONCLUSION

In all of its efforts, Defendant Merck has failed to cite any directly applicable or controlling authority and consequently Merck has failed in its burden to prove that there is no possibility that Plaintiff can establish any cause of action against the Resident Defendant sales representative Tim Griswald. For the reasons outlined above, this Court lacks subject matter jurisdiction. Therefore, Plaintiff respectfully urges the Court remand this action in its entirety to the Circuit Court of Barbour County, Alabama.

Respectfully submitted this 26th day of September, 2005.

ANDY D. BIRCHFIELD, JR. (BIR006)
J. PAUL SIZEMORE (SIZ004)
Attorneys for Plaintiff


**OF COUNSEL:**
BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone:  (334) 269-2343
Fax:  (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by placing a copy of same in the United States Mail, first class, postage prepaid on this the _26th_ day of September, 2005.

Robert C. "Mike" Brock
Benjamin C. Wilson
R. Austin Huffaker, Jr.
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 263-4157


_____
Of Counsel