FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

03 OCT 20  PM 3: 45

U.S. DISTRICT COURT
N D OF ALABAMA

PAMELA FLOYD, STACIE H. RICHARDS, and )
ANN RUTLEDGE, )
)
Plaintiffs, )
)
vs. )       Civil Action Number
)            03-C-2564-M
WYETH, a corporation; STACY STUBBLEFIELD, )
an individual; MICHAEL T. SULLIVAN, an )
individual; and BETSY R. WEAVER, an individual, )
)
Defendants. )

**ENTERED** *pc*

OCT 2 0 2003

### REMAND ORDER

Because the removing Defendant has failed to carry its heavy burden of proof of fraudulent

joinder, and the attendant lack of complete diversity of the parties, this case is hereby REMANDED

to the Circuit Court of Marshall County, Alabama, from whence it was improvidently removed.

The costs of this action are hereby taxed against the removing Defendant.

Done this _____20th_____ day of October, 2003.

_____
Chief United States District Judge
U.W. Clemon



EXHIBIT
A

10

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NOV 2 1 2003

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CLERK

U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

SHARON C. CRITTENDEN,      )
et al.,                    )
                           )
     Plaintiffs,           )
                           )
     v.                    )    CIVIL ACTION NO.
                           )    03-T-920-N
WYETH, a corporation,      )
et al.,                    )
                           )
     Defendants.           )

ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand. The court agrees with
plaintiffs that this case should be remanded to state
court. First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiffs have colorable
claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v.
Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

EOD   11/21/03

20

Second, there has not been <u>fraudulent misjoinder</u> of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), <u>see</u> <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motions to remand, filed on September 30 and October 15, 2003 (doc. nos. 9, 13, and 14), are granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21st day of November, 2003.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEPHANIE TERRELL, et al.,            ]
                                      ]
        Plaintiffs,                   ]
                                      ]
v.                                    ]    CV-03-BE-2876-S
                                      ]
WYETH, et al.,                        ]
                                      ]
        Defendants.                   ]
                                      ]
                                      ]
                                      ]
                                      ]
                                      ]

**ENTERED**
DEC 1 2 2003

## <u>MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT</u>

The case comes before the court on Plaintiff's Motion to Remand (Doc. 10). Having reviewed the pleadings and briefs of counsel, the court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, therefore, the court is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on October 23, 2003 from the Circuit Court of Jefferson County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Pam Parker, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Ms. Parker is fraudulently joined.

1

The standard for successfully removing a case from state to federal court is a high one, and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility to establish a cause of action against non-diverse defendants in state court, or (b) that the plaintiff's pleading of jurisdictional facts have been made fraudelently. Cabelcata, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." See Coker, 709 F.2d at 1440-41; see also Pacheo de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand.* See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

Although the plaintiffs' claims against defendant Parker appear to raise novel questions of Alabama state law, this court will not speculate that the plaintiffs have *no* possibility of establishing a cause of action against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, it would be premature for this court to make rash decisions regarding the nature and timing of the injuries sustained by the plaintiffs, or the employment history of defendant Parker. Nor can the court conclusively determine that the plaintiffs would not be successful in urging its various theories under Alabama law.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve *all* doubts in favor of remand, the Plaintiffs' Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Jefferson County, Alabama.

DONE and ORDERED this 12th day of December, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT

3

01/23/2004 14:55 FAX 2052523536          K Stephen Jackson PC                      ☎002
SENT BY: MORRIS & MCANNALLY L.L.C.;       334 589 1821;        JAN-23-04  2:25PM;   PAGE 2/3

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

**FILED**

JAN 23 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

| | |
|---|---|
| SARA BLAIR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03-T-1251-S |
| ) | |
| WYETH, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

This lawsuit, which was removed from state to federal court
based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§
1332, 1441, is now before the court on plaintiffs' motion to
remand. The court agrees with plaintiffs that this case should be
remanded to state court. First, there has not been _fraudulent
joinder_ of any resident defendant (that is, plaintiffs have
colorable claims against such a defendant), see _Coker v. Amoco Oil
Co._, 709 F.2d 1433, 1440 (11th Cir. 1983); _Cabalceta v. Standard
Fruit Co._, 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been _fraudulent misjoinder_ of any
resident defendant (that is, plaintiffs have reasonably joined such
a defendant with other defendants pursuant to Rule 20 of the
Federal Rules of Civil Procedure), see _Tapscott v. MS Dealer
Service Corp._, 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD   _January 23, 2004_

01/23/2004 14:55 FAX 2052523536          K Stephen Jackson PC                    ☒003
SENT BY: MORRIS & MCANNALLY L.L.C.;       334 569 1821;        JAN-23-04  2:26PM;       PAGE 3/3

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on December 30, 2003 (Doc. No. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 23rd day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

01/23/2004 14:55 FAX 2052523536          K Stephen Jackson PC                    ☑004

**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION JAN 2 3 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| RITA BRUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 03-T-1167-S |
| | ) | |
| WYETH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, there has not been _fraudulent joinder_ of any resident defendant (that is, plaintiff has colorable claims against such a defendant), _see Coker v. Amoco Oil Co._, 709 F.2d 1433, 1440 (11th Cir. 1983); _Cabalceta v. Standard Fruit Co._, 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been _fraudulent misjoinder_ of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), _see Tapscott v. MS Dealer Service Corp._, 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD 1/23/04

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on December 16, 2003 (Doc. No. 11), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Geneva County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the __28__ day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION FILED

·JAN 2 3 2004

CLERK VM

U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| VALERIE BALLARD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 03-T-1255-N |
| | ) |
| WYETH, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

This lawsuit, which was removed from state to federal court
based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§
1332, 1441, is now before the court on plaintiffs' motion to
remand. The court agrees with plaintiffs that this case should be
remanded to state court. First, there has not been <u>fraudulent
joinder</u> of any resident defendant (that is, plaintiffs have
colorable claims against such a defendant), <u>see</u> <u>Coker v. Amoco Oil
Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard
Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been <u>fraudulent misjoinder</u> of any
resident defendant (that is, plaintiffs have reasonably joined such
a defendant with other defendants pursuant to Rule 20 of the
Federal Rules of Civil Procedure), <u>see</u> <u>Tapscott v. MS Dealer
Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).

12

*E OD 1/23/04*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 6, 2004 (Doc. No. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 2rd day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

04 JAN 30 PM 3: 46

... ..... ... ....
N D. OF ALABAMA

| | | |
|---|---|---|
| SANDRA STOREY, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | CV-04-BE-27-E |
| | ] | |
| WYETH, INC., WYETH | ] | |
| PHARMACEUTICAL, and | ] | |
| ANTHONY CHERRY, | ] | |
| | ] | |
| Defendants. | ] | |
| | ] | |
| | ] | |
| | ] | |

ENTERED

JAN 3 0 2004

## MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on the plaintiff's "Motion to Remand" (Doc. 5). Having reviewed the entirety of the pleadings and briefs of counsel, the court hereby GRANTS the motion to remand. The court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, thus, is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on January 7, 2004, from the Circuit Court of Calhoun County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Anthony Cherry, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Mr. Cherry is fraudulently joined.

The standard for successfully removing a case from state to federal court is a high one,

and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility of establishing a cause of action against a non-diverse defendant in state court, or (b) that the plaintiff's pleading of jurisdictional facts has been made fraudulently. Cabelcata, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." Coker, 709 F.2d at 1440-41; see also Pacheo de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand.* See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

Although whether the plaintiff will be able to successfully prove Mr. Cherry's liability is unclear, this court will not speculate that the plaintiff has *no* possibility of establishing its claims

of negligence and fraud against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, this court cannot make rash decisions regarding actions made by the defendants and their resulting consequences. Nor can the court conclusively determine that the plaintiff would not be successful in urging her various theories under Alabama law.

Similarly, the court is not prepared to conclude that the plaintiff's fraud claims should be struck for lack of specificity. While the complaint is indicative of a "form" pleading, it adequately informs the defendants of the nature of the fraud.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve all doubts in favor of remand, the Plaintiff's Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Calhoun County, Alabama.

DONE and ORDERED this 30th day of January, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

04 FEB -3  AM 10: 15

U.S. DISTRICT COURT
N. D. OF ALABAMA

SANDRA CASH,                      )
                                  )
        Plaintiff,                )
                                  )
                                  )
                                  )
vs.                          :    )   CIVIL ACTION NO. 03-RRA-3378-E
                                  )
WYETH, et al.,                    )
                                  )
        Defendants.               )

ENTERED
FEB - 3 2004

## MEMORANDUM OF DECISION

This action was removed from the Circuit Court of Calhoun County, Alabama. The

plaintiff has filed a motion to remand. The complaint alleges that she suffered valvular heart

disease as a result of taking the drug Pondimin or Redux. (The defendants state that the

plaintiff took Pondimin only.) The question before the court is whether defendant Anthony

Cherry, Wyeth's sales representative, was fraudulently joined as a defendant in order to defeat

diversity jurisdiction.

Remand must be granted if there is a possibility that the state court would find that the

plaintiff has stated a claim against the defendant in question. *Cabalceta v. Standard Fruit Co.*,

883 F.2d 1553, 1561 (11th Cir. 1989). Evidence may be considered as well as the allegations

in the complaint:

> To determine whether the case should be remanded, the district court must
> evaluate the factual allegations in the light most favorable to the plaintiff and must
> resolve any uncertainties about state substantive law in favor of the plaintiff. *Id.* at 549.
> The federal court makes these determinations based on the plaintiff's pleadings at the





time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties.

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), *quoting B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). Along with other submissions, the defendants have submitted the affidavit of Cherry, and the plaintiff has presented the affidavit of her doctor, Omar Khalaf. The parties have not conducted discovery.

The complaint alleges the following against Cherry:

22. Upon information and belief the positive tortious acts which were committed by the Sales Rep Defendant in his individual and/or corporate capacity, include, but are not limited to, the following:

a.    Sales Rep Defendant failed to convey adequate warnings to the Plaintiff through the prescribing physician set forth above regarding the risks of prescribing fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

b.    Sales Rep Defendant was in the business of marketing, promoting, selling and/or distributing the unreasonably dangerous pharmaceutical drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™) which has caused harm to the Plaintiff SANDRA CASH;

c.    Sales Rep Defendant negligently distributed, marketed, advertised and/or promoted the drugs fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

d.    Sales Rep Defendant made fraudulent and reckless misrepresentations regarding the character, safety and efficacy of the drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), and;

e.    Sales Rep Defendant, with knowledge of unreasonable risks associated with the ingestion of fenfluramine (Pondimin®) and dexfenfluramine (Redux™), alone and/or in combination with phentermine continued to make misrepresentations regarding the character, safety and efficacy of drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), while providing and/or offering incentives, rebates, reimbursements, perks, and/or other consideration to Plaintiff's prescribing physician

2

> in furtherance of attempting to influence the prescribing of
> said diet drugs.
>
> 23.   Defendant Anthony Cherry is a citizen of Calhoun County and is over nineteen
> years of age. At all times material hereto, this Defendant was <u>in the business of
> promoting, marketing , developing, selling and/or distributing the pharmaceutical
> drugs fenfluramine and/or dexfenfluramine in the State of Alabama and did market,
> develop, sell, detail and/or distribute said drugs to Plaintiff, Sandra Cash's prescribing
> physician, Omar Khalaf, M.D.</u> This defendant was also involved in a <u>conspiracy to
> conceal certain information relating to the dangers associated with the subject drug</u>
> products from the consuming public, including but not limited to Plaintiff.

*Complaint*, ¶¶22-23 (emphasis added). Thus, the complaint alleges that Cherry failed to warn

of the dangers of Pondimin, negligently marketed and distributed this dangerous drug,

recklessly and intentionally misrepresented its dangers, and conspired to conceal its dangers.

The defendants state that under Alabama law the plaintiff clearly cannot state a claim

against Cherry. They cite law holding that, absent personal participation, an employee is not

liable for the negligence of his employer, that the fraud and conspiracy claims are not pled

with particularity, and that a conspiracy claim fails when the claims underlying the conspiracy

fail. Moreover, they factually contend that Cherry said nothing about Pondimin whatsoever.

Relying on Cherry's affidavit, the defendants state that Cherry did not even promote

Pondimin, that Wyeth composed warnings and other information concerning Pondimin for

Cherry, who was not a part of that process, and that Cherry did not have the expertise to

question the accuracy of any information supplied by Wyeth. Cherry further states in his

affidavit that he was unaware of any association between Pondimin and the heart disease of

which the plaintiff complains, and he made no representation whatsoever concerning this

drug. The defendants assert in their written opposition to remand that this evidence is uncontroverted. However, Dr. Khalaf states that Cherry visited his office and "promoted and marketed" Pondimin, *Khalaf Affidavit*, ¶3, and that Cherry "continuously represented that [Pondimin and Redux] were safe and effective. Also, [Cherry] represented to [him] that the drugs were safe and effective for long term use," *id.* at ¶6.[1] Khalaf additionally states:

> The reliance I placed on Mr. Cherry and Mr. Lavender regarding safety issues for Pondimin and Redux was made even more critical by the fact that warnings to physicians prescribing Pondimin and Redux that these drugs could cause valvular heart disease were not contained in the Physicians' Desk Reference ("PDR") until the 1998 edition, which was after Pondimin and Redux were withdrawn from the market.

*Id.* at ¶7.

### Whether to Defer to MDL Judge

The defendants want the court to allow this remand issue to go to the MDL court. In her motion to remand, the plaintiff responds that in an MDL hearing the judge "indicated a preference" for all remand motions to be handled by the various district courts. In their written opposition to remand, the defendants respond that a copy of the transcript of the 1998 hearing stating such "sentiments" has not been supplied by the plaintiff. The defendants, however, do not deny that the judge did, in fact, indicate such a preference.

The defendants refer to statements in an August, 2003 memorandum written by the MDL judge:

---

[1] Materials presented to the court by the defendants included information sent to Wyeth's sales force. In "Questions and Answers About Pondimin" and in the Pondimin "Fact Sheet" it is stated that Pondimin is for short-term use.

[R]ecurrent issues have continued to emerge in connection with motions to remand to state courts cases removed by Wyeth on the basis of diversity of citizenship. We have now developed a broader perspective than is usually available to individual transferor courts in dealing with widespread efforts fraudulently to join Phentermine manufacturers as a tactic to thwart removal of cases to the federal courts. Likewise, we are continuing to address the fraudulent joinder of individual physicians and pharmacies as defendants as a means to prevent removal. Many of these issues have common patterns as well as ramifications far beyond any specific case. Again, we believe these issues are best resolved in a uniform manner through the coordinated proceedings of MDL 1203. :

This memorandum was addressing motions to remand all pending *cases* to the various transferor courts on the ground that the MDL had done its work. The court gave several reasons why the cases should not be remanded to the transferor courts, one of which was that, after all its work, the MDL had developed a "broader perspective than is usually available" to the transferor courts in dealing with motions to remand to state courts based on fraudulent joinder.

Also, the defendants cite *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990):

Agent Orange cases are particularly well-suited for multidistrict transfer, even where their presence in federal court is subject to a pending jurisdictional objection. The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation. That issue, however, involves common questions of law and fact, some or all of which relate to the Agent Orange class action and settlement, *see In re "Agent Orange" Prod. Liab. Litig.*, 611 F.Supp. 1396 (E.D.N.Y.1985), *aff'd in part, rev'd in part*, 818 F.2d 179 (2d Cir.1987), *cert. denied*, 487 U.S. 1234, 108 S.Ct. 2899, 101 L.Ed.2d 932 (1988), and there are real economies in transferring such cases to Judge Weinstein, who has been handling the Agent Orange litigation for several years, *see In re "Agent Orange" Prod. Liab. Litig.*, MDL No. 381, 818 F.2d 145, 154-59 (2d Cir.1987) (describing history of proceedings before Judge Weinstein), *cert. denied*, 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 647 (1988). Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served. We hold, therefore, that the MDL

> Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending,
> *cf. United States v. United Mine Workers*, 330 U.S. 258, 290, 67 S.Ct. 677, 694, 91
> L.Ed. 884 (1947) (district court has authority to issue injunction while jurisdictional
> questions are pending), that objection to be resolved by the transferee court.

*Id.* at 9. This language points out what lies at the heart of MDL litigation: common questions of law or fact.

The question of whether Cherry was negligent or made fraudulent statements is specific to this case. The MDL court would not be in a better position to decide remand than this court. Also, this court has heard oral argument and considered the parties' contentions. Wherefore, the court will exercise its discretion to decide the question of fraudulent joinder.

## Whether There Is Fraudulent Joinder

The defendants' argument against remand is premised upon the evidence being uncontroverted that Cherry did not promote or market or make any representation to Dr. Khalaf about Pondimin. If that were true, the motion to remand might be due to be denied. But there is clearly a factual dispute about what Cherry did and said, as Dr. Khalaf states that Cherry visited his office, promoted and marketed Pondimin, and represented that Pondimin was safe and effective for long-term use. Wherefore, there is at least a possibility that the plaintiff has a claim against Cherry.

## Decision

For the reasons stated above, the court has decided to exercise its discretion to decide

the remand issue, this is not a case of fraudulent joinder, and the motion to remand is due to

be granted for lack of subject matter jurisdiction. An appropriate order will be entered.

DONE this _2nd_ day of February, 2004.

Robert R. Armstrong, Jr.
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEVENARI MARSHAL, DIANE POLITO,          )
and MAXINE SMITHEY,                      )
                                         )
           Plaintiffs,                   )
                                         )
vs.                                      )        Case No. CV-04-TMP-179-S
                                         )
WYETH, INC., WYETH                       )
PHARMACEUTICALS, INC.,                   )
BEN LAVENDER, and WILLIAM OWEN,          )
                                         )
           Defendants.                   )

**ENTERED**

FEB 18 2004

## ORDER OF REMAND

This cause is before the court on the plaintiffs' emergency motion to remand, filed January 30, 2004. The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

### Procedure History

Plaintiffs Marshal, Polito, and Smithey filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Lavender and Owen, in the Circuit Court of Jefferson County, Alabama, on December 30, 2003. It alleges claims for "strict liability (defective product)," "strict liability—failure to warn," "strict liability—failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs,

Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and heart valve defects. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendants Lavender and Owen, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on January 29, 2004, contending that the court has original diversity jurisdiction because Lavender and Owen, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Owen are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

<u>Fraudulent Joinder</u>

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Owen are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper,

2

and the case is due to be remanded to the state circuit court. Defendants maintain, however, that

Lavender and Owens were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction

and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis

for this contention, defendants have offered evidence that Lavender and Owen did not sell or

promote the drug Pondimin at all and that they knew nothing about the medical risks associated with

Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender

or Owen, making their joinder in this action fraudulent.

      The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity

jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in <u>Crowe</u>

<u>v. Coleman</u>, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of
> proving that either: (1) there is no possibility the plaintiff can establish a cause of
> action against the resident defendant; or (2) the plaintiff has fraudulently pled
> jurisdictional facts to bring the resident defendant into state court. <u>Cabalceta v.</u>
> <u>Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the
> removing party is a 'heavy one.' <u>B. Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549
> (5th Cir. Unit A 1981).

<u>Id.</u> at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the

absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of

his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff
> has the right to select the forum, to elect whether to sue joint tortfeasors and to
> prosecute his own suit in his own way to a final determination." <u>Parks v. The New</u>
> <u>York Times Co.</u>, 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of
> removal statutes also prevents "exposing the plaintiff to the possibility that he will
> win a final judgment in federal court, only to have it determined that the court lacked
> jurisdiction on removal," see <u>Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc.</u>,
> 507 F. Supp. 740, 744 (S.D. Ga. 1981)(quoting 14A C. Wright, A. Miller & E.

3

Cooper, <u>Federal Practice and Procedure</u> § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

<u>Id.</u>

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The <u>Crowe</u> court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [<u>B. Inc., v. Miller Brewing Co.</u>, 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' <u>Id.</u> at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' <u>Id.</u> at 548- 49. **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** See <u>id.</u> 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* <u>Georgetown Manor, Inc. v. Ethan Allen, Inc.</u>, 991 F.2d 1533 (11th Cir. 1993).

<u>Id.</u> (Emphasis added).

More recently, in <u>Tillman v. R.J. Reynolds Tobacco</u>, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." <u>Coker v. Amoco</u>

4

Oil Co., 709 F 2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

See also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Owen, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Owens misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians, reasonably relied upon such misrepresentations. It is unimportant that Lavender and Owen did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent

---

[1] Lavender and Owen have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. They reason from this and the fact that plaintiff Smithey took only Pondimin that there is no possibility that, at the very least, Smithey has any claim against them. They nonetheless admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

5

misrepresentation as well as for reckless and intentional misrepresentations. For example, the
Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended
> misrepresentation. The good faith of a party in making what proves to be a material
> misrepresentation is immaterial as to whether there was an actionable fraud. Smith
> v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though
> a misrepresentation be made by mistake and innocent of any intent to deceive, if it
> is a material fact and is acted upon with belief in its truth by the one to whom it is
> made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d
> 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v.
Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Owen did not know of the PPH and valvular
heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally
misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint,
understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible
that a state court may find that the complaint states a claim against the non-diverse defendant, even
if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been
fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing
fraudulent joinder of Lavender and Owen. There is a possibility that the plaintiffs can state a claim
against them, as sales representatives who met with physicians and answered questions regarding
the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts
concerning the risks associated with the drugs. At the very least, the claim against Lavender and

6

Owen is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998) Because Lavender and Owen are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this ___ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

7

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 23  PH 3: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

JUANITA JOHNSON, LORETTA SUE            )
KERCE, MYRTICE D. MILLS,                )
VICKI N. PARSONS, DEENA L. PHILLIPS,    )
LINDA J. PIPER, BRENDA J. ROTH,         )
ALLISON L. WEST,                        )
                                        )
            Plaintiffs,                 )
                                        )
vs.                                     )
                                        )
WYETH, a corporation; DAVID WURM, an    )
individual, et al.,                     )
                                        )
            Defendants.                 )

**ENTERED**

FEB 2 3 2004

Case No. CV-04-TMP-224-S

<u>MEMORANDUM OPINION AND REMAND ORDER</u>

This cause is before the court on the plaintiffs' motion to remand and for sanctions (Doc. 8) filed February 10, 2004, as well as defendant Wyeth's motion to stay pending transfer to the Multi-District Litigation court (Doc. 10), filed February 17, 2004. For the reasons expressed below, the court finds that the motion for remand is due to be granted, the motion for sanctions denied, and the motion for a stay denied.

<u>Procedure History</u>

Plaintiffs filed their joint complaint against defendants Wyeth and one of Wyeth's pharmaceutical salesmen, David Wurm, in the Circuit Court of Jefferson County, Alabama, on January 5, 2004. They allege claims under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") and for product liability–failure to warn, breach of the implied warranty of

merchantability, negligence, wantonness, fraud, misrepresentation, and suppression, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendant Wurm, plaintiffs contend that this salesmen was one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that he either innocently, negligently, or recklessly failed to reveal to plaintiffs' physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on February 4, 2004, contending that the court has original diversity jurisdiction because Wurm is fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their motion to remand that Wurm is not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

2

<u>Fraudulent Joinder</u>

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Wurm, a pharmaceutical representative employed by Wyeth and its predecessor, American Home Products, Inc., is an Alabama resident and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Wurm was fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, his presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Wurm did not sell or promote the drug Pondimin at all and that he knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against Wurm, making his joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in <u>Crowe v. Coleman</u>, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' <u>B. Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

<u>Id.</u> at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of

3

his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff
> has the right to select the forum, to elect whether to sue joint tortfeasors and to
> prosecute his own suit in his own way to a final determination." Parks v. The New
> York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of
> removal statutes also prevents "exposing the plaintiff to the possibility that he will
> win a final judgment in federal court, only to have it determined that the court lacked
> jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc.,
> 507 F. Supp. 740, 744 (S.D. Ga. 1981)(quoting 14A C. Wright, A. Miller & E.
> Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for
> the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing

party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions

may be considered, the court must not undertake to decide the merits of the claim while deciding

whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is
> similar to that used for ruling on a motion for summary judgment under Fed. R. Civ.
> P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A
> 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id.
> at 550. Over and over again, we stress that 'the trial court must be certain of its
> jurisdiction before embarking upon a safari in search of a judgment on the merits.'
> Id. at 548- 49. **When considering a motion for remand, federal courts are not to
> weigh the merits of a plaintiff's claim beyond determining whether it is an
> arguable one under state law.** See id. 'If there is even a possibility that a state
> court would find that the complaint states a cause of action against any one of the
> resident defendants, the federal court must find that joinder was proper and remand
> the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir.
> 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc.
> v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001),

the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendant, Wurm, in the form of a negligent fraud claim. To state such a possible claim, the plaintiffs need only allege that Wurm misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians,

---

[1] Wurm has filed an affidavit in which he states that he never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Wurm's liability. Wurm admits that when questioned by physicians about Pondimin, he attempted to provide answers based on the information he received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that he made misstatements about the risks of using Pondimin, as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

5

reasonably relied upon such misrepresentations. It is unimportant that Wurm did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Wurm did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *he* knew, his innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Wurm. There is a possibility that the plaintiffs can state a claim against him,

as a sales representative who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Wurm is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Wurm, a non-diverse defendant, is not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

<u>Order</u>

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

7

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this _____23rd_____ day of February, 2004.


T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 24 AM 10: 15

U.S. _____ COURT
N.D. OF ALABAMA

**ENTERED**

FEB 2 4 2004

ANN McGOWAN, BECKY PARTINGTON, )
and LAURA STANFIELD, )
)
    Plaintiffs, )
)
vs. )
)
WYETH, INC., WYETH )
PHARMACEUTICALS, INC., )
BEN LAVENDER, and ANTHONY )
CHERRY, )
)
    Defendants. )

Case No. CV-04-TMP-298-S

## MEMORANDUM OPINION AND ORDER OF REMAND

    This cause is before the court on the plaintiffs' emergency motion to remand, filed February 17, 2004, to which defendants responded with a motion to stay pending transfer to the MDL proceedings on February 19, 2004. The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

### Procedure History

    Plaintiffs McGowan, Partington, and Stanfield filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Ben Lavender and Anthony Cherry, in the Circuit Court of Jefferson County, Alabama, on January 16, 2004. The complaint alleges claims for "strict liability–defective product," "strict liability–failure to warn," "strict liability–failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet

medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, they have suffered medical injuries due to that use. With respect to defendants Lavender and Cherry, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with the use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court[1] on February 13, 2004, contending that the court has original diversity jurisdiction because Lavender and Cherry, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Cherry are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

---

[1] There has been a spate of these removals in the last few weeks. The undersigned himself has dealt with two earlier removals in Marshal, et al., v. Wyeth, Inc., et al., CV-04-TMP-179-S, and Johnson, et al., v. Wyeth, et al., CV-04-TMP-224-S. Consequently, the court is thoroughly familiar with the positions and arguments of the parties.

<u>Fraudulent Joinder</u>

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Cherry are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Lavender and Cherry were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Lavender and Cherry did not sell or promote the drug Pondimin at all and that they knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender or Cherry, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in <u>Crowe v. Coleman</u>, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' <u>B. Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

<u>Id.</u> at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

3

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548- 49. **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), superceded by statute on other grounds as stated in Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Cherry misrepresented certain material facts about the risks associated with use of Pondimin[2] and Redux and that plaintiffs,

---

[2] Lavender and Cherry have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Lavender's and Cherry's liability. They admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must

through their physicians, reasonably relied upon such misrepresentations. It is unimportant that Lavender and Cherry did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Cherry did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

---

undertake.

6

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Cherry. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and Cherry is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Uncertainties must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Cherry are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

## Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to

the entry of this Order.  See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775

(2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this ___23rd___ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

8

02/25/2004 16:12 FAX 2052523536     K Stephen Jackson PC     ☒002/002

IN THE UNITED STATES DISTRICT COURT FILED
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION                         04 FEB 25 PM 1:51

U.S. DISTRICT COURT
N.D. OF ALABAMA

MARTHA M. DAVIS,

    PLAINTIFF,

vs.                                         CASE NO. CV 03-J-3167-J

WYETH, et al.,

    DEFENDANTS.                          **ENTERED**
                                            *asl*
                                            FEB 25 2004

## ORDER

In accordance with the accompanying memorandum opinion entered this day,

It is **ORDERED** by the court that the plaintiff's motion to remand (doc.10) is

**GRANTED**, the court finding that this action was improvidently removed. The

plaintiff's motion for sanctions is **DENIED**. This case is hereby **REMANDED** to the

Circuit Court of Walker County, Alabama.

**DONE** and **ORDERED** this the ___2___ day of February, 2003.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED

04 FEB 25 PM 1:5

U.S. DISTRICT COURT
N.D. OF ALABAMI

MARTHA M. DAVIS,

    PLAINTIFF,

vs.

    CASE NO. CV 03-J-3167-J

WYETH, et al.,

    DEFENDANTS.

ENTERED

FEB 2 5 2004

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's motion to remand and motion

for sanctions (doc. 10) and the defendant's opposition to remand (doc. 13). The court

having previously stayed this matter pending decision on conditional transfer by the

Judicial Panel on Multidistrict Litigation, said stay is hereby **LIFTED**.[1] Having

considered the motion to remand and the opposition thereto, the court finds as follows:

Plaintiff filed suit in the Circuit Court of Walker County against defendant

Wyeth, Inc. ("Wyeth"), and three of defendant Wyeth's pharmaceutical sales

representatives, Mary Lou Carnaggio, Nikki N. Windham and David Wurm. The

parties do not dispute that the sales representatives are Alabama residents. The

plaintiff asserts claims under the Alabama Extended Manufacturer's Liability Doctrine

---

[1] The court has received notice from the Judicial Panel on Multidistrict Litigation concerning opposition to the conditional transfer order. Said notice further states that said conditional transfer order "does not in any way limit the pretrial jurisdiction of [this] court." The letter further encourages the court to rule on "a motion pending before you in the action – particularly a motion to remand to state court ..." Given this stance by the Judicial Panel, this court has revisited its prior stay of this litigation and the motion to remand pending before it.



(AEMLD), failure to warn, breach of warranty of merchantability, negligence, wantoness and fraud, misrepresentation and suppression arising from her use of the diet drugs fenfluramine (Pondimin) and dexfenfluramine (Redux). These diet drugs were removed from the market in 1997 due to their association with medical problems such as primary pulmonary hypertension and heart valve defects. Complaint, ¶¶ 14, 25-49. Defendant Wyeth removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and that the individual defendants were fraudulently joined as the plaintiff has no reasonable possibility of prevailing on any of her claims against them. Notice of Removal, ¶¶ 4, 7.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder

of the non-diverse party, as alleged by the defendant. Joinder is fraudulent when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The defendant, as the party removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must

3

resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).[2]

Plaintiff alleges in her complaint that each of the defendants promoted, detailed, distributed, sold, and/or marketed and made representations to Dr. Jerry V. Mosely, the plaintiff's physician, concerning these drugs. Complaint, ¶ 8. Based on these representations, the plaintiff was prescribed these drugs by her physician, *Id.* Defendant Wyeth argues that the individual defendants never promoted Pondimin and hence, said individual defendants can not be liable for the plaintiffs' injuries from Pondimin. Defendant's opposition, at 4. However, this argument goes to the merits of the plaintiff's claim against the individual defendants, which is not the issue before this court. The fact that plaintiff may not ultimately prevail against any of the individual defendants is not a proper inquiry for this court in considering a motion to remand. Rather, this court may only consider whether the plaintiff has the possibility of stating a valid cause of action against the non-diverse defendants. *Triggs*, 154 F.3d at 1287. The individual defendants admit that they promoted Redux to physicians based on information provided to them by Wyeth. *See e.g.*, Affidavit

---

[2]This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir. 1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

of defendant Wurm, ¶ 5, 7. Because the court need only find one possible valid cause of action against the non-diverse defendants, the court considers only the plaintiff's claim of fraud, misrepresentation and suppression (Count VI), which the plaintiff has pleaded against all defendants.[3]

To establish misrepresentation under Alabama law, irrespective of whether the misrepresentation was made willfully, recklessly, or mistakenly, the plaintiff must prove (1) a false representation, (2) that the false representation concerned an existing material fact, (3) that the plaintiff relied on the false representation, and (4) that the plaintiff was damaged as a proximate result of the reliance. *Chase v. Kawasaki Motors Corp*, 140 F.Supp.2d 1280, 1291 (M.D.Ala.2001). The fact that the representation was made to a different individual than the one suffering the injury is not fatal to a claim for misrepresentation under Alabama law. *See Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala.1992) ("if a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place"); *Chase*, 140 F.Supp.2d at 1291, n. 8 ("The court notes that under Alabama law it is not always required that a plaintiff prove that a misrepresentation was made directly to him, so long as his injuries resulted from the

---

[3]The court has not considered whether Counts I-V state possibly valid causes of action against the individual defendants. Rather, as only one stated cause of action must have a possibility of validity to destroy diversity jurisdiction, the court makes no judgment as to any cause of action stated in the complaint other than the count for misrepresentation.

misrepresentation"). Thus "there is a duty not to make a false representation to those to whom a defendant intends, for his own purposes, to reach and influence by the representation." *Wheelan v. Sessions*, 50 F.Supp.2d 1168, 1174 (M.D.Ala.1999) (quoting *Colonial Bank of Ala. v. Ridley & Schweigert*, 551 So.2d 390, 396 (Ala.1989).

Common sense dictates that the reason drug representatives make representations to physicians is to encourage physicians to prescribe the products the representatives promote to the physicians' patients. In other words, the drug representatives should have reasonably foreseen that the physicians' reliance on their representations would cause the prescription by the physicians of the products they promote to the physicians' patients for their consumption. There can be no other purpose to promote said products to physicians. Such a situation is clearly within Alabama law on third party standing in misrepresentation cases. "[T]he entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would be induced to act by the deceiver's misstatements made to someone else." *Chase*, 140 F.Supp.2d at 1293, citing *Sims v. Tigrett*, 229 Ala. 486, 158 So. 326, 330 (1934). *See also Ex parte Grand Manor Inc.*, 778 So.2d 173, 182 (Ala.2000) ("If the fraudulent statement is made with the intent and expectation that the one to whom it is made will pass the statement on to the plaintiff, then the plaintiff

is entitled to rely on that statement, even if it is not made personally or directly to the plaintiff"); 37 Am.Jur.2d § 292 ("Third parties may recover damages for a fraudulent misrepresentation if they can establish that they relied upon the misrepresentation to their detriment and that the defendant intended the misrepresentation to be conveyed to them"). The court is therefore of the opinion that the plaintiff has stated a cause of action for misrepresentation against the non-diverse defendants.

Under Alabama law, this meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that the individual defendants misrepresented material facts about Pondimin and Redux to a physician, who thereafter, and in reliance on said representations, prescribed these medications to a patient who was injured by them, possibly states a valid cause of action. The fact that the drug representatives made no attempt to ascertain the truth of the facts they presented is not a bar to liability under Alabama law. Rather, even an innocent misrepresentation made in good faith may constitute a legal fraud is such misrepresentation is of a material fact. *See Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App.1979).

Having reviewed the allegations set forth in Count VI of the plaintiff's complaint, the court finds such allegations do state a possible cause of action against the resident defendants. The plaintiff need not have a winning case against the

7

allegedly fraudulent defendant; she need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiff has stated a claim against the non-diverse defendants, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker*, 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Walker County, Alabama, by separate Order.

DONE this the ___2 5___ day of February, 2004.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

8

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 04 FEB 27 AH 8 30
MIDDLE DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

RHONDA P. BRADFORD, et al.,　　）
　　　　　　　　　　　　　　　　　）
　　　　Plaintiffs,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　）　Case No.: CV 03-P-3157-M
　　　　　　　　　　　　　　　　　）
WYETH, et al.,　　　　　　　　　　）
　　　　　　　　　　　　:　　　　　）
　　　　Defendants.　　　　　　　　）

**ENTERED**

**FEB 2 7 2004**

### ORDER

Pending before the court are several motions including Plaintiffs' Motion to Remand (Doc. #10) filed on December 22, 2003, and Plaintiffs' Motion for Emergency Hearing and/or Ruling (Doc. #34) filed on February 25, 2004.

On February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation, Judge Wm. Terrell Hodges, sent a letter to all judges, including the undersigned, involved with MDL-1203—*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation.* In this notice, the Judicial Panel on Multidistrict Litigation encouraged judges to issue rulings on pending motions and in particular, motions to remand.

With this directive from the Judicial Panel in mind and based upon the analysis set forth in recent related remand decisions by other judges of this court, Plaintiffs' Motion to Remand is GRANTED, and this case is REMANDED to the Circuit Court of Etowah County. *See, e.g., Martha M. Davis v. Wyeth, et al.,* United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-I, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-

36

TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Accordingly, Plaintiffs' Motion for Emergency Hearing and/or Ruling (Doc. #34) is GRANTED IN PART as to the request for a ruling and DENIED IN PART as to the request for an emergency hearing. Plaintiffs' Motion for Sanctions (Doc. #10) is DENIED. Defendants' Motion to Stay (Doc. #23) filed on January 21, 2004, is DENIED. The various pending motions to strike (Docs. #24, #27, #29, #32) are MOOT. Defendants' Motion to Amend Answer (Doc. #16) filed on January 13, 2004, remains pending and will be transferred back with the court file to the Circuit Court of Etowah County.

DONE and ORDERED this ___26th___ day of February, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 04 FEB 27 PM 3:26
MIDDLE DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN W. SMITH,                    }
                                  }
        Plaintiff,                }
                                  }
v.                                }        Case No.: CV 04-P-226-M
                                  }
WYETH, et al.,               :    }
                                  }
        Defendants.               }

# ENTERED
## FEB 2 7 2004

## ORDER

On February 16, 2004, the court entered an Order staying this litigation pending action by the

Judicial Panel on Multidistrict Litigation. *See In re Diet Drugs (Phentermine/Fenfluramine*

*/Dexfenfluramine) Products Liability Litigation,* MDL-1203. (Doc. #11). Based upon the analysis

set forth in recent related remand decisions by other judges of this court, the stay is LIFTED,

Plaintiffs' Motion to Remand (Doc. #8) filed on February 10, 2004, is GRANTED, and this case is

REMANDED to the Circuit Court of DeKalb County. *See, e.g., Martha M. Davis v. Wyeth, et al.,*

United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J,

February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.,* United States District Court

for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004

(Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.,* United States District Court for the Northern

District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari*

*Marshal, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of

Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Plaintiffs' Motion for Sanctions (Doc. #8) is DENIED.

DONE and ORDERED this __27+h__ day of February, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

BOUDREAUX, et al.,

    Plaintiffs,

v.

WYETH, et al.,

    Defendants.

Case No.: CV 04-P-227-M

## ENTERED
FEB 2 7 2004

## ORDER

On February 18, 2004, the court entered an Order staying this litigation pending action by the Judicial Panel on Multidistrict Litigation. *See In re Diet Drugs (Phentermine/Fenfluramine /Dexfenfluramine) Products Liability Litigation*, MDL-1203. (Doc. #11). Based upon the analysis set forth in recent related remand decisions by other judges of this court, the stay is **LIFTED**, Plaintiffs' Motion to Remand (Doc. #8) filed on February 10, 2004, is **GRANTED**, and this case is **REMANDED** to the Circuit Court of Marshall County. *See, e.g., Martha M. Davis v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Plaintiffs' Motion for Sanctions (Doc. #8) is **DENIED**.



COPY

Steve
Tia
Josh
Jimmy
Joel
Lori

Lisa
Sheree
Kim
Robert
Meredith
Ashley

02/27/2004 13:21 FAX 2052523508          K Stephen Jackson PC                    ☒004

DONE and ORDERED this _27th_ day of February, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED

04 MAR -2 PM 3: 30

U.S. DISTRICT COURT
N.D. OF ALABAMA

MILDRED BRIDGES,

    Plaintiff,

v.

WYETH, et al.,

    Defendants.

CIVIL ACTION NO.
04-AR-0297-J



ENTERED

MAR 0 2 2004

## ORDER OF REMAND

For the separate and several reasons articulated by Honorable Inge Johnson of this court in *Davis v. Wyeth, et al*, CV-03-J-3167-J, and by other judges of this court in similar cases, this court finds that it lacks subject-matter jurisdiction over the above-entitled removed case. The court is not prepared to express the belief that there is no reasonable possibility that Alabama courts will allow the joinder of an agent of a manufacturer as a defendant in an Alabama Extended Manufacturer's Liability Doctrine (AEMLD) case. See the muddy water stirred by *Tillman v. R. J. Reynolds Tobacco Co.*, ____ So. 2d ____, 2003 WL 21489707 (Ala.). Accordingly, the motion to remand filed by plaintiff, Mildred Bridges, is GRANTED, pursuant to 28 U.S.C. §1447(c), and the above-entitled case is hereby REMANDED to the Circuit Court of Walker County, Alabama, from which it was improvidently removed.

Defendant, Wyeth, has, in the alternative, requested a certification for interlocutory appeal to the Eleventh Circuit pursuant to 28 U.S.C. § 1292(b). Upon reflection, the court is

just as unwilling attempt to pass off to the Eleventh Circuit this serious question of Alabama law as it is to pass it off to the Multi-District Panel.

The Clerk is DIRECTED to effectuate this order.

The parties shall bear their own respective costs in this court.

DONE this ___2nd___ day of March, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

04 MAR -5 PM 2:02

U.S. ......... COURT
N.D. OF ALABAMA

DEBRA HOUGH, et al.,                    )

    PLAINTIFF,                          )

VS.                                     )        CV-04-H-393-S

WYETH, et al.,                          )

    DEFENDANTS.                         )

ENTERED

MAR 0 5 2004

ORDER OF REMAND

The court has before it plaintiffs' emergency motion to remand filed March 2, 2004 and the response thereto of Wyeth filed on March 4, 2004 titled "Wyeth's Motion to Stay to Allow Transfer to the Multi-District Litigation Proceeding." Wyeth's motion includes a memo addressing the merits of a possible stay, and in paragraph one of Wyeth's motion counsel discusses a number of cases out of the three district courts in Alabama confronted with the same or a related issue with which this court is confronted. It is interesting to note that none of the ten very recent orders of Judges Clemon, Johnson, Bowdre, Proctor, and Acker, and Magistrate Judges Putnam and Armstrong of the Northern District of Alabama listed in footnote 3, *infra*, are included in the otherwise exhaustive list of relevant cases. The court also

has before it plaintiffs' opposition to Wyeth's motion to stay.[1]

It is clear to the undersigned that jurisdictional issues in a removed case should be decided as quickly as possible. The failure to do so may allow an improperly removed case to languish for many, many months before being remanded to state court.[2] Where a motion to remand is founded only on a claim of fraudulent joinder as is the circumstance before this court,[3] the motion can be resolved quickly. The court is to consider whether the removing party has met the onerous burden[4] of showing that "there

---

[1] Interestingly, plaintiff's opposition was filed on March 2, 2004 in "anticipation" of defendant's March 4, 2004 motion.

[2] It is not irrelevant that on February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation, District Judge Wm. Terrell Hodges, sent a letter to all judges involved with MDL-1203 - In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation. In this letter, the Judicial Panel on Multidistrict Litigation encouraged judges to issue rulings on pending motions and in particular, motions to remand.

[3] Plaintiff's emergency motion to remand is based on the same issue recently addressed by the following judges in this district: Chief Judge U.W. Clemon (CV-03-C-2564-M), Judge William Acker (CV-04-AR-0297-J), Judge Karon Bowdre (CV-03-BE-2876-S and CV-04-BE-27-E), Judge Inge Johnson (CV-03-J-3167-J), Judge David Proctor (CV-03-P-3157-M and CV-04-P-226-M), Magistrate Judge Robert Armstrong (CV-03-RRA-3378-E), and Magistrate Judge Michael Putnam (CV-04-TMP-179-S and CV-04-TMP-298-S). All of these judges have entered remand orders in factually similar cases to the one with which this court is presented. However, the application of the law pertinent to removal and fraudulent joinder is particularly well stated in Judge Putnam's orders of remand, and therefore it is Magistrate Putnam's orders to remand which this court follows most closely.

[4] The standard facing the removing party is an onerous one because absent fraudulent joinder, plaintiffs have the absolute right to choose their forum.

is no possibility that the plaintiff can establish a cause of action against the resident defendant."[5] <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997). The merits of the claim against a diversity destroying defendant must not be weighed by the federal court; rather the task for the court is merely to determine whether the claim against a non-diverse defendant is a possible one under applicable state law. <u>See id.</u> The court must find joinder proper and remand to state court if there is *any possibility* that, on the facts as pled, the complaint states a cause of action against any non-diverse defendant. <u>See Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440-41 (11th Cir. 1983) (emphasis added).

For the foregoing reasons, Wyeth's motion to stay is DENIED. And upon review of the record, the court is persuaded that under Alabama law the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry.[6]

---

[5] The removing party may also succeed in a claim for fraudulent joinder by proving that "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." <u>Crowe</u>, 113 F.3d at 1538. Defendant Wyeth does not attempt to show fraudulent joinder by use of this second method.

[6] Lavender and Cherry have given affidavits stating that they never advertised, assembled, created, designed, detailed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, sterilized, supplied, tested, or warranted the drug Pondimin. They also state that they never assembled, created, designed, distributed, labeled, made, manufactured, packaged, sold, sterilized, supplied, tested, or warranted the drug Redux. They assert that they were not aware of any alleged association between Pondimin and Redux and/or valvular heart disease until the time such an allegation was publicized.

Therefore, plaintiff's emergency motion to remand is **GRANTED** and this case is **REMANDED** to the Circuit Court of Blount County, Alabama for all further proceedings.

DONE this ____5ᵗʰ____ day of March, 2004.

_James H. Hancock_
SENIOR UNITED STATES DISTRICT JUDGE

---

Nevertheless, Lavender and Cherry's alleged innocent misrepresentations understating the risks associated with the use of the combination of drugs for weight loss constitutes a possible cause of action under Alabama law. See Ala. Code § 6-5-101 (Michie 1993); see also Ala. Pattern Jury Instructions Civil, 2d., APJI 18.03 (1993).

FILED

MAR 8 2004

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CLERK
U.S DISTRICT COURT
MIDDLE DIST. OF ALA.

JOAN REEDER,                        )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )        CIVIL ACTION NO.
                                    )        04-T-066-N
WYETH, a corporation,               )
et al.,                             )
                                    )
        Defendants.                 )

ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiff's motion to remand. The court agrees with
plaintiff that this case should be remanded to state court.
First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiff has colorable claims
against such a defendant), see Coker v. Amoco Oil Co., 709
F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard
Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second,
there has not been fraudulent misjoinder of any resident

EOD   3/8/04

defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motions to remand, filed on January 30, 2004 (doc. no. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Elmore County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 8th day of March, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION    FILED

MAR  8 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| EARLENE BROGDEN, et al.,, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 04-T-068-S |
| WYETH, a corporation, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.  The court agrees with
plaintiffs that this case should be remanded to state
court.  First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiffs have colorable
claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v.
Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).
Second, there has not been fraudulent misjoinder of any

EOD  3-8-04

21

resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 30, 2004 (doc. no. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 8th day of March, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

WILMA SUE EATON, et al.,                  }
                                          }
        Plaintiffs,                       }
                                          }
v.                                        }          Case No.: CV 04-P-380-M
                                          }
WYETH, et al.,                            }
                                          }
        Defendants.                       }

### ORDER

This case is before the court on Plaintiffs' Emergency Motion to Remand (Doc. # 9) filed on February 27, 2004; Defendant Wyeth's Motion for Entry of Briefing Schedule (Doc. # 10) filed March 2, 2004; and Defendant Wyeth's Motion to Stay to Allow Transfer to the Multi-District Litigation Proceeding (Doc. # 11) filed on March 4, 2004. Plaintiffs' motion is **GRANTED**, and this case is **REMANDED** to the Circuit Court of Marshall County. *See, e.g., Martha M. Davis v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17). Defendant Wyeth's motions for entry of briefing schedule (Doc. # 10) and motion to stay (Doc. # 11) are **DENIED**.



**DONE** and **ORDERED** this _____8th_____ day of March, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | |
|---|---|
| KIM ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:04cv0238-T |
| WYETH, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER</u>

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), <u>see</u> <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553,

1561 (11th Cir. 1989). Second, there has not been
fraudulent misjoinder of any resident defendant (that is,
plaintiffs have reasonably joined such a defendant with
other defendants pursuant to Rule 20 of the Federal Rules
of Civil Procedure), see Tapscott v. MS Dealer Service
Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE
of the court that plaintiffs' motion to remand, filed on
March 12, 2004 (doc. no. 7), is granted and that,
pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded
to the Circuit Court of Barbour County, Alabama.

It is further ORDERED that all other outstanding
motions are denied.

The clerk of the court is DIRECTED to take
appropriate steps to effect the remand.

DONE, this the 9th day of April, 2004.

/s/ Myron H. Thompson
_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


EUNICE CHESTNUT, et al.,       )
                               )
        Plaintiffs,            )
                               )
        v.                     )        CIVIL ACTION NO.
                               )         1:04cv0295-T
WYETH,                         )
et al.,                        )
                               )
        Defendants.            )

<u>ORDER</u>

This lawsuit, which was removed from state to
federal court based on diversity-of-citizenship
jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before
the court on plaintiffs' motion to remand. The court
agrees with plaintiffs that this case should be remanded
to state court. First, there has not been <u>fraudulent
joinder</u> of any resident defendant (that is, plaintiffs
have colorable claims against such a defendant), <u>see</u>
<u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir.
1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553,

1561 (11th Cir. 1989).    Second, there has not been
fraudulent misjoinder of any resident defendant (that is,
plaintiffs have reasonably joined such a defendant with
other defendants pursuant to Rule 20 of the Federal Rules
of Civil Procedure), see Tapscott v. MS Dealer Service
Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE
of the court that plaintiffs' motion to remand, filed on
April 1, 2004 (doc. no. 8), is granted and that, pursuant
to 28 U.S.C.A. § 1447(c), this cause is remanded to the
Circuit Court of Geneva County, Alabama.

It is further ORDERED that all other outstanding
motions are denied.

The clerk of the court is DIRECTED to take
appropriate steps to effect the remand.

DONE, this the 3th day of May, 2004.

/s/ Myron H. Thompson
_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

03/29/2004 16:03 FAX 2052523536          K Stephen Jackson PC                    ☒001

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

M. REBECCA CROSS, et al.,                  )
                                           )
        Plaintiffs,                        )
                                    :      )
                                           )     CIVIL ACTION NO.
v.                                         )     03-0882-BH-M
                                           )
WYETH, et al.,                             )
                                           )
        Defendants.                        )

## ORDER

This action is before the Court on plaintiffs' motion (Doc. 14) to reconsider and to lift the stay imposed on February 19, 2004 (Doc. 13), and thus to reverse the Court's prior denial of plaintiffs' motion to remand (Docs. 6 and 7). Upon consideration of the parties' oral arguments presented on March 15, 2004, as well as those set forth in Wyeth's Supplemental Response (Doc. 19), and all other pertinent portions of the record, the Court concludes that plaintiffs' motion to reconsider is due to be granted because the Court lacked jurisdiction at the outset to enter an order denying plaintiffs' motion to remand and in imposing a stay until the action could be transferred for consolidation with the pending MDL-1203 case.

As recognized by other federal Courts in Alabama, the grounds upon which Wyeth contends that the Wyeth Sales Representatives Paul Windham and John Land have been fraudulently joined go to the merits of plaintiffs' claims against these individual resident

defendants, which is not a proper inquiry for this Court, rather than the viability of the claims themselves.[1] *See e.g., Martha M. Davis v. Wyeth, et al.,* Civil Action No. CV 03-J-3167-J (N.D. Ala. February 25, 2004)(J. Johnson). *See also, Michael Hall, et al. v. Wyeth, et al.,* Civil Action No. CV 04-J-0434-NE (N.D. Ala. March 9, 2004)(J. Johnson); *Smith v. Wyeth et al.,* Civil Action No. CV 04-P-226-M (N.D. Ala. February 27, 2004)(J. Proctor); *Sharon C. Crittenden, et al., v. Wyeth, et al.,* Civil Action No. 03-T-920-N (M.D. Ala. November 21, 2003)(J. Thompson); *Pamela Floyd, et al., v. Wyeth, et al.,* Civil Action No. 03-C-2564-M (N.D. Ala. October 20, 2003)(J. Clemon); *Haleb v. Merck & Co., Inc., et al.,* Civil Action No. CV 03-AR-1026-M (N.D. Ala. June 26, 2003) (J. Acker). This Court <u>cannot</u> declare at this juncture of the litigation that "there is no possibility that the plaintiff[s] can prove a cause of action against the resident (non-diverse) defendant[s]," a prerequisite to any declaration that the resident defendants were fraudulently joined. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983). *See also, Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have the possibility of stating a valid cause of action in order for the joinder to be legitimate.").

For the above stated reasons, it is **ORDERED** that the Orders entered by this Court on February 5, 2004 (Doc. 11) denying plaintiffs' motion to remand and February 19, 2004

---

[1]Consequently, Wyeth's reliance on such cases as *Fisher v. Comer Plantation, Inc.* 772 So.2d 455 (Ala. 2000), and *Speigner v. Howard,* 502 So.2d 367 (Ala. 1987), is misguided because they were decided on the merits on motions for summary judgment following the completion of discovery.

03/29/2004 16:03 FAX 2052523536        K Stephen Jackson PC                    ☒003

(Doc. 13) granting Wyeth's motion to stay, be and are hereby VACATED AND SET

ASIDE. In lieu thereof, it is now ORDERED that plaintiffs' motion to remand (Doc. 6) be

and is hereby GRANTED. The Clerk is directed to take such steps as are necessary to

transfer this case back to the Circuit Court of Dallas County, Alabama, from whence it was

removed.

   As a final matter, the Court acknowledges that plaintiffs' motion to remand also

contained a motion for sanctions against Wyeth. The Court concludes, however, that

sufficient questions existed concerning the appropriateness of removal, as evidenced by

this Court's initial decision to deny remand, to preclude the requisite finding that the

removal in this case was not only improvident but done in bad faith. It is therefore

ORDERED that plaintiff's motion for sanctions be and is hereby DENIED.

   DONE this 29th day of March, 2004.

                                              s/ W. B. Hand
                                         SENIOR DISTRICT JUDGE

3

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

JERRY BRADEN, et al.,        )
                             )
     Plaintiffs,          )
                             )
     v.                    )    CIVIL ACTION NO.
                             )    1:04cv0384-T
WYETH, etc.,            )
et al.,                 )
                           )
     Defendants.         )

## ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, there has not been fraudulent misjoinder of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on April 27, 2004 (doc. no. 9), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Coffee County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA CULPEPPER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v.            : | ) | CIVIL ACTION NO. |
| | ) | 2:04cv0411-T |
| WYETH, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.  The court agrees with
plaintiffs that this case should be remanded to state court.
First, there has not been <u>fraudulent joinder</u> of any resident
defendant (that is, plaintiffs have colorable claims against
such a defendant), see <u>Coker v. Amoco Oil Co.</u>, 709 F.2d
1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit
Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).  Second, there
has not been <u>fraudulent misjoinder</u> of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on May 4, 2004 (doc. no. 10), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
LONNE KING, et al.,            )
                               )
      Plaintiffs,              )
                               )
      v.                       )      CIVIL ACTION NO.
                               )        2:04cv0409-T
WYETH, INC., etc.,             )
et al.,                        )
                               )
      Defendants.              )
```

### ORDER

This lawsuit, which was removed from state to federal

court based on diversity-of-citizenship jurisdiction, 28

U.S.C.A. §§ 1332, 1441, is now before the court on

plaintiffs' motion to remand.  The court agrees with

plaintiffs that this case should be remanded to state court.

First, there has not been _fraudulent joinder_ of any resident

defendant (that is, plaintiffs have colorable claims against

such a defendant), _see_ _Coker v. Amoco Oil Co._, 709 F.2d

1433, 1440 (11th Cir. 1983); _Cabalceta v. Standard Fruit

Co._, 883 F.2d 1553, 1561 (11th Cir. 1989).  Second, there

has not been _fraudulent misjoinder_ of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on May 4, 2004 (doc. no. 1), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson

_____

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
VICTORIA BENNETT, et al.,      )
                               )
     Plaintiffs,               )
                           :   )
     v.                        )    CIVIL ACTION NO.
                               )      2:04cv0416-T
WYETH, INC., etc.,             )
et al.,                        )
                               )
     Defendants.               )
```

<u>ORDER</u>

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand.  The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), <u>see</u> <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).  Second, there has not been <u>fraudulent misjoinder</u> of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on May 4, 2004 (doc. no. 9), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Crenshaw County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 2nd day of June, 2004.

/s/ Myron H. Thompson

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE