

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:    **VIOXX PRODUCTS LIABILITY LITIGATION MDL 1657**

TO:    **<u>VIA OVERNIGHT DELIVERY</u>:**
    **MICHAEL J. BECK, CLERK OF THE PANEL**
    **ONE COLUMBUS CIRCLE N.E.**
    **THURGOOD MARSHALL FEDERAL JUDICIARY BUILDING**
    **ROOM G-255 NORTH LOBBY**
    **WASHINGTON, D.C. 20002-8004**

*T. Rawdon Beaty v. Merck & Co., et al.*, M.D. Alabama,
C.A. No. 2:05-cv-880-T (formerly No. 2:05-cv-880-W)

## <u>PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER</u>

Plaintiff Rawdon Beaty files this Brief in Support of his Motion to Vacate Conditional

Transfer Order and states as follows:

### INTRODUCTION

This is a product liability action arising from injuries suffered by Plaintiff Rawdon Beaty

as a result of taking the prescription drug VIOXX (Rofecoxib), a prescription drug designed to

treat pain through reduced inflammation.

Rawdon Beaty was prescribed and used VIOXX for approximately one year before

suffering a deep venous thrombosis (DVT) of his right lower leg in September 2004. As a direct

result of taking VIOXX, Mr. Beaty suffered injuries including physical pain and suffering, and emotional distress.

Defendant Merck designed, developed, manufactured, packaged, labeled, promoted, marketed, advertised, sold, supplied and/or otherwise distributed VIOXX. The individually named in-state Resident Defendant Tim Griswald, (hereinafter "Resident Defendant"), a sales representative for Defendant Merck, marketed, sold, supplied, and/or otherwise distributed VIOXX, despite having knowledge that VIOXX was defective in nature and could lead to serious problems including heart attack, stroke and/or death. Furthermore, the Resident Defendant presented fraudulent information regarding the safety and efficacy of VIOXX and its harmful side effects, and/or suppressed material information regarding the safety and efficacy of VIOXX and its harmful side effects, and/or placed VIOXX in the stream of commerce by providing Mr. Beaty's prescribing physicians samples of VIOXX for further distribution.

The Resident Defendant failed to exercise ordinary care and was negligent in the marketing of VIOXX as it was placed it into the stream of commerce. Despite knowledge that VIOXX caused serious side effects, the Resident Defendant continued to market VIOXX to the public, including Mr. Beaty, when there were safer alternative methods of treatment.

In addition, Mr. Beaty asserts that the Resident Defendant breached express and implied warranties made in relation to VIOXX. Both before Mr. Beaty was first prescribed VIOXX and during the period during which he ingested the drug, the Resident Defendant expressly warranted and represented that VIOXX was safe, and impliedly warranted that VIOXX was safe and fit for its intended, ordinary uses. Mr. Beaty reasonably relied on those representations and on the Resident Defendant's superior knowledge as to the safety and fitness for the intended use of VIOXX. Contrary to those warranties and representations, VIOXX was not safe and could and did cause serious side effects, and accordingly was not fit for its intended, ordinary purpose. At

2

the time Resident Defendant marketed, sold, and distributed VIOXX for use by Mr. Beaty, he knew that his representations about the safety of VIOXX were false or he made those representations with reckless disregard for their falsity.    Resident Defendant's wrongful acts or omissions were a contributing or proximate cause of Mr. Beaty's injuries.

Because federal subject matter jurisdiction is not present, this case must be remanded. The citizenship of the parties to this action is not diverse as required by 28 U.S.C. § 1332. Plaintiff Rawdon Beaty is a resident of Alabama.  Defendant Merck & Co., Inc. (hereinafter "Merck") is a New Jersey corporation with its principal place of business in New Jersey.  The Resident Defendant Tim Griswald, a sales representative of Merck & Co., Inc., is a resident of Alabama.

Without federal subject matter jurisdiction, a federal court has no right to take any action other than to order that a case be remanded back to state court.  This case represents one of many attempts by Defendant Merck to "manufacture" diversity jurisdiction, with total disregard for whether such jurisdiction actually exists.  This type of rote removal by Defendant Merck should perhaps lead to development of a doctrine of "fraudulent removal."

## PROCEDURAL HISTORY

On August 12, 2005, Mr. Beaty filed suit to commence this action in the Circuit Court of Barbour County, Alabama.  Mr. Beaty has asserted various causes of action against the Resident Defendant, including negligence and wantonness, breach of express warranty, breach of implied warranty, fraudulent suppression, failure to warn, fraud, and Alabama's Extended Manufacturer Liability Doctrine (AEMLD).  Mr. Beaty's specifically alleges in his Complaint that the individually named Resident Defendant, in his capacity as sales representative of Defendant Merck, was trained, through programs such as "VIOXX Obstacle Dodge Ball Program," the

3

"Obstacle Response Guide for VIOXX" and "Top Ten Obstacle Handlers," to misstate and misrepresent the truly dangerous nature of VIOXX to prescribing physicians, and that, while marketing the drug during his sales calls, he did indeed misstate and misrepresent the dangerous nature of VIOXX to the detriment of the Mr. Beaty.

On September 14, 2005, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Merck, without the express consent of the Resident Defendant, filed a Notice of Removal with the United States District Court for the Middle District of Alabama. At the same time, Defendant Merck filed a Motion to Stay Proceedings Pending a Transfer Decision by the Judicial Panel; on September 22nd, the court granted this motion. On September 26, 2005, Mr. Beaty moved to remand this action back to the Circuit Court of Barbour County, Alabama, in accordance with 28 U.S.C. § 1447. This Panel issued its Conditional Transfer Order (CTO-26) on October 6, 2005, listing this case as a "tag-along" action for transfer to the MDL. Mr. Beaty filed his Notice of Opposition to the Conditional Transfer Order on October 13, 2005, and now timely submits his Motion to Vacate the Conditional Order and Supporting Brief.

## ARGUMENT

Federal courts are courts of limited jurisdiction and are "empowered to hear only cases within the judicial power of the United States as defined by Article III of the Constitution" or as authorized by Congress. *Univ. of So. Ala. v. The Amer. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). It is well established that removal statutes are to be strictly construed against removal. Removal of civil cases to federal court infringes upon state sovereignty. This is a central concept of federalism. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Fitzgerald v. Seaboard System R.R., Inc.,* 760 F.2d 1249 (11th Cir.1985). The burden of proof is

4

on the removing party to present facts establishing its right to removal. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356 (11th Cir.1996).

On a motion to remand, Defendant Merck bears the burden of establishing federal subject matter jurisdiction. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). All doubts about federal subject matter jurisdiction on removal should be resolved in favor of remand to state court. All questions of fact and controlling law should be resolved in favor of the Plaintiff.

## I.     Defendant Merck Has Failed To Obtain Proper Consent For Removal From The Properly Joined Resident Defendant

"The law is clear that under 28 U.S.C. § 1446(a), removal procedure requires that <u>all</u> defendants join in the removal petition."[1]  See, e.g., *Chicago, R.I. & P.R. Co. v. Martin,* 178 U.S. 245, 247-248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants Local 349,* 427 F.2d 325, 327 (5th Cir.1970) (citing *Martin*); *Adams v. Aero Servs. Int'l, Inc.,* 657 F.Supp. 519, 521 (E.D.Va.1987); *P.P. Farmers' Elevator Co. v. Farmers Mut. Inc. Co.,* 395 F.2d 546 n. 2 (7th Cir.1968) (citing *Martin*); *In re Federal Savings & Loan Insurance Corp.,* 837 F.2d 432, 434, n. 1 (11th Cir.1988). As a matter of law, where there are multiple defendants in a lawsuit, the case may be removed only if all defendants consent to the removal. *Jerrell v. Kardoes Rubber Co., Inc.*, 348 F.Supp.2d 1278, 1282 (M.D. Ala. 2004). Consent may not be implied, but rather, it must be express. *Newman v. Spectrum Stores, Inc.,* 109 F.Supp.2d 1346 (M.D. Ala. 2000).

There are well-recognized exceptions to this rule. A defendant need not join in if: (1) it is merely a nominal or formal party defendant, *Tri-Cities Newspapers,* 427 F.2d at 327; (2) it had

---

[1] No exceptions to this rule are laid out in 28 U.S.C. § 1446, nor elsewhere in federal statutory law.

not been served with process at the time the removal notice was filed, *Katz v. Costa Armatori,*

*S.p.A.,* 718 F.Supp. 1508, 1509 (S.D.Fla.1989); *Getty Oil Corp., a Div. of Texaco, Inc. v.*

*Insurance Co. of North America,* 841 F.2d 1254, 1262 (5th Cir.1988); or (3) the removed claim

is a separate and independent claim under 28 U.S.C. § 1441(c), *Alexander By Alexander v.*

*Goldome Credit Corp.,* 772 F.Supp. 1217, 1222 (M.D. Ala.1991).  What is not clear is that an

exception exists to allow a defendant, attempting to remove solely on the basis of fraudulent

joinder, to remove without the consent of the supposedly fraudulently joined defendant.

    In its Notice of Removal, Defendant Merck does not claim one of the above exceptions,

but rather claims that it is "well-settled [law] that co-defendants who are fraudulently joined …

need not join in the removal."  (Def.'s Notice of Removal ¶ 7 n. 1, Sept. 14, 2005, attached

[without exhibits] as Exhibit A).  However, there is no controlling authority that states

unequivocally that a defendant, by simply claiming fraudulent joinder as the basis for removal,

may properly remove a case without obtaining consent of the supposedly fraudulently joined

defendants.  Defendant cites several cases in an attempt to show this "well-settled" law, but its

attempt fails.

    Defendant cites the Texas case of *Getty Oil Corp. v. Ins. Co. of N. Amer.*, in support of its

proposition, but in *Getty*, the United States Court of Appeals for the Fifth Circuit held that "all

defendants who are properly joined and served must join in the removal petition … and that

failure to do so renders the petition defective."  *Getty Oil Corp.*, 841 F.2d at 1262 (5th Cir. 1988).

In *Getty*, the allegedly fraudulently joined defendant failed to join in the removal within the

prescribed period of time.  Although the removing defendant claimed fraudulent joinder as a

basis for their removal, simply making such a claim did not alleviate the requirement, under 28

U.S.C. § 1446(a), to acquire the consent of all defendants in order to make the removal

procedurally proper.  Ultimately, the court remanded the case, holding that, because all

defendants had failed to join in the removal within 30 days of the date on which the first defendant was served, the removal was procedurally defective.

In the Alabama case of *Clay v. Brown & Williamson Tobacco Corp.*, another case cited by Defendant, the United States District Court for the Southern District of Alabama held that the resident defendants were <u>not</u> fraudulently joined. *Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1223-25 (M.D. Ala. 1999). Although that court, in dicta, stated that consent to removal may not be required from a fraudulently joined defendant, the proposition is reinforced with no controlling authority and goes against 28 U.S.C. § 1446(a), which requires a defendant who wishes to remove a case to federal court to acquire the consent of all other defendants in order to make the removal procedurally proper. In *Clay*, the only authority cited by the court for this supposed exception to § 1446(a) is *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875 (1st Cir.1983), but the Court in *Clay* mistakenly relies upon *Polyplastics* as "holding that a party fraudulently joined to defeat removal need not join in removal petition." *Clay*, 77 F. Supp. 2d. at 1223. *Polyplastics* does mention this proposition, but it is not part of its holding.

A closer reading of *Polyplastics* shows that, in that case, the issue was whether, when a case is removed to federal court and the court both denies remand and issues an order to the state court (in this case, the Commonwealth of Puerto Rico) to refrain from further proceedings, an appeals court has jurisdiction over an interlocutory appeal. *Polyplastics, Inc.*, 713 F.2d at 876. In denying the interlocutory appeal for lack of jurisdiction, the United States Court of Appeals for the First Circuit did not hold that the resident defendant need not join in the removal petition.

The plaintiff in *Polyplastics* had previously filed an action against the diverse defendant in Puerto Rico court, that case had been removed to federal court under diversity jurisdiction, and the plaintiff had dismissed the suit without prejudice. The plaintiff then immediately filed

7

suit, again in Puerto Rico court, this time naming resident defendants in what the federal district court saw as fraudulent joinder through a blatant attempt to avoid diversity jurisdiction. The court itself ordered the case removed and issued an order to the Puerto Rico state court ordering them to refrain from further proceedings. *Polyplastics* is far removed from the situation we have here. It does <u>not</u> stand for the proposition that a pharmaceutical company defendant removing solely on the basis of fraudulent joinder, as Defendant Merck attempts to do here, may remove a case to federal court without the express consent of the sales representative resident defendant who directly participated in the acts complained of. 28 U.S.C. § 1446(a) is still the law, and under that law, procedure requires that <u>all</u> defendants join in the removal petition.

Defendant also cites *Williams v. Atl. Coast Line R.R. Co.*, 294 F. Supp. 815 (S.D. Ga. 1968), as support for its proposition, but again Defendant is misleading the Court. *Williams* stands for the proposition that an exception requiring consent of all defendants under 28 U.S.C. § 1441 exists only where a plaintiff sues a 'nominal,' 'formal,' or 'improper' party. The test of whether or not a named defendant is a nominal party depends on the facts in each case. *Tri-Cities Newspapers, Inc.*, 427 F.2d at 327. An examination of the facts should indicate that a party is either 'nominal' and their consent is not required, or that the case should be remanded in order to more fully explore the facts involved with respect to that party. *Id.* In *Williams*, the non-consenting defendant was deemed "no more necessary to the prosecution of the suit than a nominal party," and therefore his consent was not required. *Williams*, 294 F. Supp. at 816. Here, the pharmaceutical sales representative's actions go straight to the heart of the wrongs committed. Mr. Beaty's claims that the Resident Defendant sales representative acted negligently and fraudulently in representing Defendant Merck's drug, and Mr. Beaty's claim that the Resident Defendant acted in violation of the AEMLD as a seller of the drug clearly show that this Defendant is not merely a 'nominal' party, but rather a necessary party to this litigation.

8

Defendant Merck's removal is improper because it has failed to obtain the express consent of the properly joined Resident Defendant sales representative, and therefore this removal is ineffective. Here, the resident Defendant sales representative is more than a mere "nominal" party and is indeed properly joined for purposes of this action. Defendant Merck has failed to show that this Resident Defendant is a nominal party and consequently, his express consent is required in order for this removal to be proper. Because there has not yet been adequate inquiry into the facts of this case in order to determine fully the duties and liabilities of all Defendants, this Panel should find that this Resident Defendant is more than a nominal party to this action, and because his express consent for removal was not obtained, this removal by Merck alone is procedurally improper and this case must be remanded.

## II.    Diversity Jurisdiction Is Not Present

A court is under a duty to examine its own jurisdiction prior to undertaking any action. *University of South Ala. v. The American Tobacco Company*, 168 F. 3d 405, 410 (11th Cir. 1999) ("A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."). If a federal court lacks subject matter jurisdiction, it is without power to act. *Stern v. Mutual Life Ins. Co.*, 968 F. Supp. 637, 639 (N.D. Ala. 1997).

Defendant Merck contends that diversity jurisdiction is present because the Resident Defendant is fraudulently joined. Merck's assertion is incorrect and contravenes the settled law of Alabama federal courts and the Eleventh Circuit. In his Complaint, Mr. Beaty states valid state law claims against each Resident Defendant. In determining whether a resident defendant is fraudulently joined, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Clay*, 77 F.Supp.2d at 1223 (quoting *Crowe*, 113 F.3d at 1538); *de Perez v. AT&T Co.*, 139 F.3d 1368, 1380-1381 (11th Cir. 1998).

The removing party bears the burden of proving that the joinder of the resident defendant is fraudulent. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983). That burden is a heavy one. *Frontier Air Lines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989) (quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). A defendant must make the showing of fraudulent joinder by clear and convincing evidence. *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir.1962). The Eleventh Circuit has recognized three situations where joinder could be deemed fraudulent:

1.    There is <u>no possibility</u> that the plaintiff can prove a cause of action against any resident defendant;

2.    There is outright fraud in the plaintiff's pleading of jurisdictional facts; or

3.    Where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Defendant Merck does not argue that Mr. Beaty has fraudulently pled jurisdictional facts to bring the Resident Defendant into state court. Further, Merck does not argue that the Resident Defendant has no connection to this action. Rather, Merck's arguments, and a federal court's inquiry, are limited to whether the Mr. Beaty has any *possibility* of stating a valid cause of action against the Resident Defendant under Alabama law. Merck improperly argues that joinder of the Resident Defendant is improper because there is no reasonable basis by which Mr. Beaty may establish or prove liability against the Resident Defendant. Defendant Merck, however, misstates the appropriate standard as set forth by the Eleventh Circuit. To defeat an allegation of fraudulent joinder, a plaintiff need only prove a possibility of recovery:

> If there is even a possibility that a state court would find that the Complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper

and remand the case to state court.  The plaintiff need not have a winning case against the allegedly fraudulent defendant; **he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.**

*Triggs*, 154 F.3d at 1287 (citations omitted)(emphasis added).  *See Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968).  In making this determination, a federal court must evaluate all factual allegations in a light most favorable to the plaintiff, resolving all contested issues of substantive fact in Mr. Beaty's favor and resolving any uncertainties as to the current state of the controlling substantive law in Mr. Beaty's favor as well.  *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1536, 1561 (11th Cir. 1989).

Viewing the Complaint's allegations in a light most favorable to the plaintiff, Mr. Beaty has stated valid claims against the Resident Defendant.  Defendant Merck has failed to meet its burden to establish that removal is appropriate in this case, and thus, federal diversity jurisdiction is not present and this case must be remanded.

### III.    Merck's Fraudulent Joinder Argument Improperly Relies On Case Law Which Is Easily Distinguishable And Is Not Applicable To This Case

Merck incorrectly states the applicable standard for fraudulent joinder and, in doing so, attempts to let New York and Minnesota courts establish Alabama law even though the standard those courts applied to establish fraudulent joinder is a *lower standard* than that of an Alabama court.  (Def.'s Notice of Removal ¶ 18-19 , Sept. 14, 2005).  Defendant Merck also contends that a Northern District of Alabama Court holding, *Fowler v. Pharmacia and Upjohn Company*, No. CV-04-PT-712-M, Slip. Op. (N.D. Ala. June 24, 2004), should be applied here to bar any and all claims against Merck sales representatives.  (Def.'s Notice of Removal ¶ 19, Sept. 14, 2005).  Merck asserts that *Fowler* addresses claims against pharmaceutical sales representatives and therefore is applicable here.  However, a reading of *Fowler* reveals that the non-diverse

defendant at issue in *Fowler* is not, in fact, an employee sales representative but rather an account manager for an entirely separate corporation, which distributes pharmaceuticals to physicians.  Furthermore, *Fowler* depended upon New York and Minnesota case law, and can easily be distinguished from the facts in the case at bar.

### 1.  *In re: Rezulin* And *In re: Baycol* Authority Is The Result Of Applying A Lower Fraudulent Joinder Standard

Defendant cites the New York District Court case of *In re: Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272 (S.D.N.Y 2001), and the Minnesota District Court case of *In re: Baycol Prod. Liability Litigation*, No. CV-03-4392 (D. Minn. March 26, 2004) in opposition to Plaintiff's Motion to Remand.  Neither case is applicable here. Defendant's argument fails because these courts applied a standard of "no reasonable basis," *a lower standard*, to determine whether plaintiffs' claims against non-diverse Defendants were sufficiently substantial under Alabama law to defeat jurisdiction.  There is a critical difference between the fraudulent joinder standard applied in *Rezulin* and *Baycol* and the standard applied in the Eleventh Circuit.  The New York Court in *Rezulin* and the Minnesota Court in *Baycol* applied a more relaxed fraudulent joinder standard requiring only "no reasonable basis" for predicting liability on the alleged claims.

The Second and Eighth Circuits applied fraudulent joinder analysis as though it were a premature motion for summary judgment.  Under such analysis, where the court makes its decision based solely on the pleadings and affidavits in the record and before formal discovery has taken place, any predictions rendered as to the ultimate liability of the alleged fraudulently joined defendants is inequitable and not in accordance with Eleventh Circuit law.  In Alabama, a plaintiff in defeating a fraudulent joinder argument need not show that he could survive on a motion for summary judgment filed by the in-state Defendants.  *Crowe v. Coleman*, 113 F.3d

12

1536, 1541 (11th Cir. 1997). In fraudulent joinder cases, the Alabama and the Eleventh Circuit courts require a defendant to show "*no possibility* that the plaintiffs can prove any cause of action" against *any* resident defendant. *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1355 (11th Cir. 1996)) (emphasis added).

In a recent decision by the United States District Court for the Middle District of Alabama, Judge Fuller cited *Coker*, stating, "If there is *a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Coker*, 709 F.2d at 1440-1441 (citing *Davis v. GMC*, 353 F. Supp.2d 1203, 1207 (M.D. Ala. 2005) (emphasis added). This reinforces Mr. Beaty's argument that a plaintiff need not have a winning case against a resident defendant, but only have a *possibility* of stating a valid cause of action in order to defeat arguments of fraudulent joinder. *Triggs* 154 F.3d at 1287. This is remarkably different from the standard applied in the *Rezulin* and *Baycol* circuits. The standard, as applied in Alabama courts, would have correctly placed a higher burden on the *Rezulin* and *Baycol* defendants in establishing fraudulent joinder. Consequently, the holdings in *Rezulin* and *Baycol* cannot be relied upon to determine liability under Alabama law in this case.

## 2. *Fowler* Is Not Controlling And Is Easily Distinguishable Upon The Facts

As stated above, the non-diverse Defendant in *Fowler* is not a field sales representative, but rather an account manager, an important distinction noted by the court in its order. Moreover, the *Fowler* Court incorrectly relied on the reasoning in *Rezulin* and *Baycol* which, as stated above, applied an incorrect test in determining fraudulent joinder. As a consequence, that court too applied a summary judgment-type standard not in accordance with the law of the Eleventh Circuit.

Notwithstanding the inapplicability of *Fowler* to the facts here, or the application of an entirely different fraudulent joinder standard in determining the outcomes of the authority on which it relied, the *Fowler* court was only partially persuaded by the reasoning in *Rezulin* and *Baycol,* stating "those courts go further than this Court would go in that they may exclude claims against even active, knowledgeable sales reps." *Fowler* at 30.

Mr. Beaty believes the *Fowler* decision is incorrect under the settled laws of the Eleventh Circuit. Notwithstanding that contention, the facts in *Fowler* are markedly different making it inapplicable to the present case.

### IV.    Mr. Beaty Has Stated Valid Product Liability (AEMLD) Claims Against The Resident Defendant

Mr. Beaty states valid claims under the AEMLD against the Resident Defendant sales representative.  To establish a prima facie case under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), a plaintiff must demonstrate that:

(1)    He suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if

    (a)    the seller is engaged in the business of selling such a product, and

    (b)    it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2)    Showing the above elements, a plaintiff has proved a prima facie case although

    (a)    the seller has exercised all possible care in the preparation and sale of his product, and

    (b)    the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.

*Casrell v. Altec Industries, Inc.,* 335 So. 2d 128, 132-33 (Ala. 1976); *Atkins v. American Motors Corp.*, 335 So. 2d 134, 141 (Ala. 1976).

14

In his Complaint, Mr. Beaty alleges that the Resident Defendant sales representative marketed, sold, supplied and/or otherwise distributed VIOXX. Mr. Beaty alleges VIOXX was defective and unreasonably dangerous as designed, was unreasonably dangerous due to inadequate testing, and was defective as marketed due to inadequate warnings or instructions. Moreover, Mr. Beaty alleges that the Resident Defendant failed to warn him of the dangers of VIOXX therapy. Also, Mr. Beaty alleges that the Resident Defendant failed to provide him with post-marketing warnings after he began to take the drug. Mr. Beaty further alleges that as a direct and proximate result of the Resident Defendant placing VIOXX on the market and his ingestion of the drugs, he suffered injuries including deep venous thrombosis (DVT). These allegations are sufficient to state a cause of action under AEMLD against the Resident Defendant.

Defendant Merck incorrectly asserts that the Resident Defendant sales representative cannot be a "seller" within the meaning of the AEMLD and cannot be held individually liable. (Def.'s Notice of Removal ¶ 21, Sept. 14, 2005). The Resident Defendant sales representative may properly be held liable under the AEMLD for his participation in the marketing of VIOXX. *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775 (Ala. 1986). The Resident Defendant sales representative marketed VIOXX to physicians, including Mr. Beaty's physician, by "calling" on physicians, distributing samples that were given to patients, conducting educational seminars, and distributing sales literature. Defendant, in communications to Mr. Beaty's physician, compared the efficacy of VIOXX to other existing drugs, sought to distinguish VIOXX from other drugs already on the market, and worked to persuade Mr. Beaty's physician to prescribe VIOXX to his patients, including Mr. Beaty. The Resident Defendant sales representative provided Mr. Beaty's physician with VIOXX product information and samples. Throughout these activities, the Resident Defendant sales

15

representative worked to increase sales of VIOXX, increase profits to Merck, and increase sales commissions for himself.

At the time Mr. Beaty was prescribed and used VIOXX, the Resident Defendant was a sales representative of Defendant Merck. As such, Defendant Griswold advertised, marketed, and/or promoted VIOXX, fraudulently suppressed material information regarding the safety and efficacy of VIOXX, misrepresented the safety and efficacy of VIOXX to Mr. Beaty's physician, and placed VIOXX in the stream of commerce for personal profit or benefit.

Mr. Beaty anticipates that discovery will show that the Resident Defendant's knowledge concerning VIOXX was superior to the knowledge held by the physicians to whom he made sales calls. Mr. Beaty also anticipates that discovery will show that his prescribing physician relied on information provided by the Resident Defendant. The resident Defendant sales representative provided to Mr. Beaty's physician incorrect, misleading or incomplete information (such as inadequate warnings of risks of harm and adverse effects from the use of VIOXX) – and Mr. Beaty's physician passed this erroneous information on to consumers, including Mr. Beaty. Mr. Beaty relied on such information through the representations of his physician. If these allegations are proven to be true, which Mr. Beaty expects that they will be, a finding of individual liability under AEMLD against the Resident Defendant sales representative would be consistent with the rule under Alabama law that "officers and <u>employees</u> of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity." *Ex parte Charles Bell Pontiac*, 496 So. 2d at 775 (citing *Candy H. v. Redemption Ranch, Inc.*, 563 F. Supp. 505, 513 (M.D. Ala. 1983)); *See Chandler v. Hunter*, 340 So. 2d 818, 822 (Ala. Civ. App. 1976).

In *Clay v. Brown & Williamson Tobacco Corp.*, the plaintiff alleged that account managers for Brown & Williamson were liable under AEMLD for the distribution of cigarettes.

16

*Clay*, 77 F. Supp. 2d at 1224. In that case, the plaintiff alleged that the account managers actively serviced customer accounts, had superior knowledge to consumers of the addictiveness and dangers of tobacco, and actively participated in the sale of cigarettes. *Id.* The District Court followed the Court's decisions in *Seaborn v. R.J. Reynolds Tobacco Co.,* No. 9-T-1540, 1996 WL 943621 (M.D. Ala. December 30, 1996), and *Jenkins v. R. J. Reynolds Tobacco Co.*, 96-T-1489 (M.D. Ala. Dec. 30, 1996). The Court found that the account executives were not fraudulently joined and that under the AEMLD, claims against employees of a corporation who had participated in the distribution of a dangerous product are valid under AEMLD, regardless of whether the person was acting within his corporate capacity. *Clay*, 77 F. Supp. 2d. at 1224.

In *Clay, Seaborn* and *Jenkins,* the defendant tobacco companies made the same argument that Defendant Merck makes here regarding the joinder of sales representatives. Relying on the general principle that officers or employees of a corporation are liable for torts in which they have personally participated, the District Court found in all three cases that, to the extent a manufacturer defendant allegedly violated AEMLD, "it acted through its employees; the company does not employ ghosts." *Clay*, 77 F. Supp. 2d at 1224; *Seaborn*, 1996 WL 943621, at *3 (both citing *Ex parte Charles Bell Pontiac*, 496 So. 2d at 775). The District Court allowed plaintiffs to pursue the distributors and employee sales representatives individually -- even in the absence of any personal contact with the plaintiffs -- and to substitute new individual defendants in the event plaintiffs had named the wrong individuals at the outset. *Id.* In each case, the court rejected defendants' claim of fraudulent joinder and remanded the case to state court.

Other United States District Courts in Alabama also have consistently rejected arguments that in-state defendant sales representatives are fraudulently joined in the context of an AEMLD action involving a defective drug. In the Northern District, Judge Inge P. Johnson remanded the case of *Barry Pace, et al. v Parke-Davis*, No. 3:00-3046 (N.D. Ala. Nov. 21, 2000). Also in the

Northern District, Judge Robert Propst, remanded the case of *Donald McCaffery v. Warner-Lambert Co.*, et al., No. 4:00-2848 (N.D. Ala. Dec. 8, 2000) and *Acton v. R.J. Reynolds Tobacco Co.*, No. 96-C-2737-W (N.D. Ala. Oct. 23, 1996).

Defendants who distribute dangerous products, as well as their employees, may be held liable under the AEMLD. Consequently, Mr. Beaty has stated valid claims against the Resident Defendant sales representative under the AEMLD and this case must be remanded.

V.    **Mr. Beaty Has Alleged Valid Claims Of Negligence And Breach Of Warranty Against The Resident Defendant**

Defendant Merck contends Mr. Beaty's claims for negligence and breach of warranty against the Resident Defendant sales representative are not proper because he owed no duty to Mr. Beaty regarding VIOXX. (Def.'s Notice of Removal ¶ 23-24, Sept. 14, 2005). On the contrary, the Resident Defendant had a duty to warn ultimate consumers of the potential dangers associated with the use of VIOXX.

Through his participation in the marketing of VIOXX to physicians, the Resident Defendant sales representative *voluntarily assumed* a duty to Mr. Beaty because his reliance on such statements was reasonably foreseeable. *J.B. Bowden v. E. Ray Watson Co., Inc.*, 587 So. 2d 944, 946 (Ala. 1991); *King v. Natl. Spa & Pool Inst., Inc.*, 570 So. 2d 612, 614 (Ala. 1990). The absence of a direct relationship between the Resident Defendant sales representative and Mr. Beaty does not bar a claim of negligence *or* a breach of warranty claim. *King*, 570 So. 2d at 616 (negligence); *Bishop v. Faroy Sales*, 336 So. 2d 1340, 1345 (Ala. 1976) (breach of warranty).

In numerous cases in which plaintiffs asserted theories of negligence and/or breach of warranty in conjunction with or as alternatives to an AEMLD claim, the Supreme Court of Alabama has addressed the evidence supporting the jury's verdict or the submission of the case to the jury on each theory, separately and independently, *without* questioning whether such

18

theories can be asserted against sales representatives. *Flagstar Enter, Inc. v. Davis*, 709 So. 2d 1132, 139 (Ala. 1997) (evidence sufficient to support negligence claim to jury).[2]   As these cases indicate, it is well settled under Alabama law that Mr. Beaty may maintain claims against the Resident Defendant sales representative under the AEMLD simultaneously with claims for negligence, breach of express warranty, and breach of implied warranty.

### VI.    Mr. Beaty Has Alleged Valid Claims Of Fraud And Fraudulent Misrepresentation And Suppression Against The Resident Defendant

Under Alabama law, in order to state a claim for fraud and fraudulent misrepresentation, a plaintiff must show that the defendant made a misrepresentation of material fact, that he made it willfully to deceive, recklessly, without knowledge, or mistakenly, that the misrepresentation was justifiably relied on by the plaintiff under the circumstances, and that the misrepresentation caused damage as a proximate consequence. Ala. Code Ann. § 6-5-101; *Harrington v. Johnson-Rast & Hays Co.*, 577 So.2d 437 (Ala.1991).  Mr. Beaty alleges that the Resident Defendant sales representative negligently, recklessly, intentionally and fraudulently made material misrepresentations that VIOXX was safe.  The Resident Defendant did so with the intent to induce physicians to prescribe and for consumers, including Mr. Beaty, to purchase VIOXX.

Moreover, Mr. Beaty alleges that "At the time the Defendants made these representations, the Defendants were aware of the falsity of these representations and/or made these representations with reckless disregard to the truth."  (Compl. ¶ 37.)  Lastly, Mr. Beaty

---

[2] *See Yarbrough v. Sears Roebuck & Co.*, 628 So. 2d 478, 481-83 (Ala. 1993) (circumstances under which negligent failure to warn case may be submitted to jury); *Clarke Industries, Inc. v. Home Indemnity Co.*, 591 So. 2d 458, 461-62 (Ala. 1991) (directed verdict or JNOV precluded on negligent failure to warn claim); *Deere & Co. v. Grose*, 586 So. 2d 196, 198 (Ala. 1991) (directed verdict improperly denied where negligent failure to warn claim not supported by evidence); *Yamaha Motor Co., Ltd. v. Thornton*, 579 So. 2d 619 (Ala. 1991) (evidence sufficient to support jury verdict in favor of plaintiff on claims of design and manufacturing defect under AEMLD, negligence and wantonness); *Gurley v. American Honda Motor Co., Inc.*, 505 So. 2d 358, 361 (Ala. 1987) (discussing prima facie case of claim of negligent failure to warn of dangers from defective product); *Rutledge v. Arrow Aluminum*

alleges that "[a]s a result of Defendants' fraud and misrepresentation, Plaintiff suffered injuries and damages." (Id.)

Defendant Merck incorrectly asserts, in its Notice of Removal, that claims of fraud cannot be maintained against the Resident Defendant. In so arguing, they suggest that the Resident Defendant made no representations to Mr. Beaty. (Def.'s Notice of Removal ¶ 25, Sept. 14, 2005). Defendant Merck also asserts that Mr. Beaty failed to plead his claim of fraudulent misrepresentation with particularity. However, in his Complaint, Mr. Beaty sufficiently alleges that Defendants fraudulently misrepresented and/or suppressed material information regarding the safety and efficacy of VIOXX and its harmful side effects in order to induce physicians, including Mr. Beaty's physician, to prescribe these drugs and to induce consumers, including Mr. Beaty, to purchase VIOXX. Moreover, Mr. Beaty alleges that Defendants misrepresented and/or suppressed the fact that VIOXX was not safe and that Defendants were under a duty to communicate this information to him. Defendants argue that they had no duty to disclose information to Mr. Beaty, that there was no relationship between the Resident Defendant and Mr. Beaty, and that the Resident Defendant's failure to disclose the harmful effects of taking VIOXX did not constitute fraudulent misrepresentation or suppression.

United States District Courts in Alabama have addressed on numerous occasions the issue of whether sales representatives are fraudulently joined in relation to claims of fraudulent misrepresentation and fraudulent suppression. The following is a list of cases where a District Court has reviewed allegations of fraudulent misrepresentation and suppression similar to those in this case and found that the respective plaintiff had, indeed, alleged valid claims under Alabama law. In each situation, the District Court rejected the Defendants' argument regarding

---

*Industries, Inc.*, 733 So.2d 412, 417 (Ala. Civ. App.1998) (claims of design and manufacturing defects under AEMLD, negligent failure to warn).

fraudulent joinder and remanded the case to state court. *Floyd v. Wyeth*, No. 03-C-2564-M

(N.D. Ala. Oct. 20, 2003) (Clemon, J*.); Crittenden v. Wyeth*, No. 03-T-920-N (M.D. Ala. Nov.

21, 2003) (Thompson, J.); *Terrell v. Wyeth*, No. CV-03-BE-2876-S (N.D. Ala. Dec. 12, 2003)

(Bowdre, J.) ("Although the plaintiffs' claims against defendant Parker appear to raise novel

questions of Alabama state law, this Court will not speculate that the plaintiffs have *no*

possibility of establishing a cause of action against this non-diverse defendant.   Little, if any,

discovery has been done to-date in this case; thus, it would be premature for this Court to make

rash decisions regarding the nature and the timing of the injury sustained by the plaintiffs, or the

employment history of defendant Parker.  Nor can the court conclusively determine that

plaintiffs would not be successful in urging its various theories under Alabama law."); *Ballard v.

Wyeth*, No. 03-T-1255-N (N.D. Ala. Jan. 23, 2004) (Thompson, J.); *Brunson v. Wyeth*, No. 03-T-

1167-S (N.D. Ala. Jan. 23, 2004) (Thompson, J.); *Blair v. Wyeth*, No. 03-T-1251-S (N.D. Ala.

Jan. 23, 2004) (Thompson, J.); *Storey v. Wyeth*, No. CV-04-BE-27-E (N.D. Ala. Jan. 30, 2004)

(Bowdre, J.); *Cash v. Wyeth*, No. 03-RRA-3378-E (N.D. Ala. Feb. 3, 2004) (Armstrong, Mag.

J.); *Marshal v. Wyeth*, No. CV-04-TMP-179-S (N.D. Ala. Feb. 18, 2004) (Putnam, Mag. J.);

*McGowan v. Wyeth*, No. CV-04-TMP-298-S (N.D. Ala. Feb. 24, 2004) (Putnam, Mag. J.);

*Johnson v. Wyeth*, No. CV-04-TMP-224-S (N.D. Ala. Feb. 23, 2004) (Putnam, Mag. J.);

*Bradford v. Wyeth*, No. 03-P-3157-5 (N.D. Ala. Feb. 27, 2004) (Proctor, J.); *Smith v. Wyeth*, No.

04-P-226-M (N.D. Ala. Feb. 27, 2004) (Proctor, J.); *Boudreaux v. Wyeth*, No. CV-04-P-227-M

(N.D. Ala. Feb. 27, 2004) (Proctor, J.); *Bridges v. Wyeth*, No. 04-AR-0297-J (N.D. Ala. Mar. 2,

2004) (Acker, J.); *Hough v. Wyeth*, No. 04-H-393-S (N.D. Ala. Mar. 5, 2004) (Hancock, J.);

*Brogden v. Wyeth*, No. 04-T-068-S (M.D. Ala. Mar. 8, 2004) (Thompson, J.); *Reeder v. Wyeth*,

No. 04-T-066-N (M.D. Ala. Mar. 8, 2004) (Thompson, J.); *Eaton v. Wyeth*, No. CV-04-P-380-M

(N.D. Ala. Mar. 9, 2004) (Proctor, J.); *Allen v. Wyeth*, No. 04-CV-0238-T (M.D. Ala. Apr. 9,

2004) (Thompson, J.); *Chestnut v. Wyeth*, No. 04-CV-0295-T (M.D. Ala. May 3, 2004)

(Thompson, J.); *King v. Wyeth*, No. 04-CV-0409-T (M.D. Ala. May 24, 2004) (Thompson, J.);

*Culpepper v. Wyeth*, No. 04-CV-0411-T (M.D. Ala. May 24, 2004) (Thompson, J.); *Braden v.*

*Wyeth*, No. 04-CV-0384-T (M.D. Ala. May 24, 2004) (Thompson, J.); *Cross v. Wyeth*, No. 03-

0882-BH-M (S.D. Ala. Mar. 29, 2004) (Hand, J.); *Bennett v. Wyeth*, No. 04-CV-0416-T (M.D.

Ala. June 2, 2004) (Thompson, J.).  See "Exhibit B," attached and filed with this brief.

District Courts in Alabama have rightly found that plaintiffs who allege claims of

fraudulent misrepresentation and suppression against sales representatives of drug companies

have alleged valid claims under Alabama law.  The Resident Defendant sales representative is

not fraudulently joined in this case.  Diversity jurisdiction is not present and this case must be

remanded.

## CONCLUSION

In all of its efforts, Defendant Merck has failed to cite any directly applicable or

controlling authority, and consequently, has failed in its burden to prove that there is no

possibility that Plaintiff Rawdon Beaty can establish any cause of action against the Resident

Defendant sales representative.  For the reasons outlined above, the United States District Court

for the Middle District of Alabama lacks subject matter jurisdiction.  Therefore, Plaintiff

respectfully urges this Panel to order the federal court to remand this action in its entirety to the

Circuit Court of Barbour County, Alabama.

Respectfully submitted this 27th day of October, 2005.

/s/ J. Paul Sizemore
ANDY D. BIRCHFIELD, JR. (BIR006)
J. PAUL SIZEMORE (SIZ004)
Attorneys for Plaintiff

22

**OF COUNSEL:**
BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone:  (334) 269-2343
Fax:  (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 27th day of October, 2005.

/s/ J. Paul Sizemore_____
OF COUNSEL

Americsourcebergen
1300 Morris Drive
Suite 100
Chesterbrook, PA 19087

T. Scott Allen, Jr.
Cruse, Scott, Henderson & Allen
2777 Allen Parkway
7th Floor
Houston, TX 77019

Matthew H. Armstrong
Marker & Armstrong, LLC
One Metropolitan Square
Suite 2970
St. Louis, MO 63102-2793

Dario Arango, M.D.
5407 South McColl Road
Suite B
Edinburg, TX 78539

Bryan F. Aylstock
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
Gulf Breeze, FL 32561

Richard J. Arsenault
Neblett Beard & Arsenault
P.O. Box 1190
Alexandria, LA 71309-1190

Timothy R. Balducci
The Langston Law Firm, P.A.
100 South Main Street
P.O. Box 787
Booneville, MS 38829-0787

Blake H. Bailey
Bailey Law Firm
112 South Broadway
Tyler, TX 75702

Steven C. Barkley
3560 Delaware
Suite 305
Beaumont, TX 77706

David A. Barrett
Boies, Schiller & Flexner, LLP
570 Lexington Avenue
16th Floor
New York, NY 10022

Bradley Douglas Becnel
Law Offices Of Daniel E. Becnel, Jr.
425 W. Airline Hwy.
Suite B
Laplace, LA 70068

Daniel E. Becnel, Jr.
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh Street
P.O. Drawer H
Reserve, LA 70084-2095

Bergen Brunswig
P.O. Box 959
Valley Forge, PA 19482

C. William Berger
Furr & Cohen
One Boca Place
2255 Glades Road
Suite 337W
Boca Raton, FL 33431

Steve W. Berman
Hagens, Berman, Sobol, Shapiro, L.L.P.
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Reshonda L. Bradford
Singleton Law Office
4050 Linwood Avenue
Shreveport, LA 71108

Andy Birchfield
Beasley, Allen, Crow, Methvin, Portis & Miles
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160

Joseph M. Bruno
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, LA 70113

Ellis Bradford, Jr.
Prisoner #01A4242-27 East 21 Bed
Mid-State Correctional Facility
P.O. Box 2500
March, NY 13403

Elizabeth J. Cabraser
Lieff, Cabraser, Heimann & Berstein, LLP
Embarcadero Center West
275 Battery Street
30th Floor
San Francisco, CA 94111-3339

Virginia M. Buchanan
Levin, Papantonio, Thomas, Mitchell, et al.
316 S. Baylen Street
Suite 600
Pensacola, FL 32501-5996

Robert Carey
Stephanie Lynn Bozzo
Hagens, Berman, Sobol, Shapiro, L.L.P.
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016-4214

Andrew J. Carboy
Sullivan, Papain, Block, McGrath & Cannavo
120 Broadway
18th Floor
New York, NY 10271

Raymond S. Carroll
Law Offices of Weiner, Carroll & Strauss
119 Rockland Center
Suite 425
Nanuet, NY 10954

Stephen W. Burrow
Williams, Heidelberg, et al.
P.O. Box 1407
711 Delmas Avenue
Pascagoula, MS 39568-1407

John R. Climaco, John A. Peca, Terri A. Lightner, Dawn M.
Chmielewski
Climaco, Lefkowitz, Peca, Wilcox & Garofoli
1228 Euclid Avenue
Suite 900
Cleveland, OH 44115

C. York Craig, Jr.
Craig, Hester, Luke & Dodson
P.O. Box 12005
Jackson, MS 39236-2005

Ernest Cory
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue
Suite 200
Birmingham, AL 35205

John Michael D'Amato, Jr.
Russo, Scamardella & D'Amato, P.C.
1010 Forest Avenue
Staten Island, NY 10310

Hubert A. Crouch, III and Kim M. Meaders
Crouch & Ramey, L.L.P.
1445 Ross Avenue, Sutie 2300
Dallas, TX 75202

Eric C. Deters
Eric C. Deters & Associates, P.S.C.
5247 Madison Pike
Independence, KY 41051

Richard E. Crum
Cobb, Shealy, Crum & Derrick, P.A.
P.O. Box 6346
Dothan, AL 36302-6346

John Driscoll
Brown & Crouppen
720 Olive Street
Suite 1800
St. Louis, MO 63101-2302

Elizabeth A. Fegan
Timothy A. Scott
Hagens, Berman, Sobol, Shapiro, L.L.P.
60 W. Randolph, Suite 200
Chicago, IL 60601

Daniel A. Edelman
Edelman, Combs & Latturner, LLC
120 South LaSalle Street
18th Floor
Chicago, IL 60603

Dana Foster, P.A.
2731 Brook Bend Land
El Campo, TX 77437

James A. Edwards
Cantey & Hanger
801 Cherry Street
Suite 2100 Burnett Plaza
Fort Worth, TX 76102

Ivan Dixon
8413 Edgewood Drive
Rowlett, TX 75089

Reginald K. Fears
James H. Byrd Unit
21 FM 247
Huntsville, TX 77320

John P. Eberhardt
# 1083045
1100 FM 655
Rosharon, TX 77583

R. Allen Flowers
Flowers Law Firm
341 North 25th Avenue
Hattiesburg, MS 39401

Richard M. Edmonson
Armstrong Allen, PLLC
4450 Old Canton Road
Suite 210
Jackson, MS 39211

Dana Casselli Fox
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Calvin C. Fayard, Jr.
Fayard & Honeycutt
519 Florida Avenue, S.W.
Denham Springs, LA 70726

Michael T. Gallagher
Gallagher Law Firm, P.C.
777 Walker Street
Suite 2500
Houston, TX 77002

William B. Federman
Federman & Sherwood
120 North Robinson Avenue
Suite 2720
Oklahoma City, OK 73102

Ricardo A. Garcia
820 S. Main Street
McAllen, TX 78501

Shawn G. Foster
Davis, Bethune & Jones, LLC
1100 Main Street
Suite 2390
Kansas City, MO 64105

Ronald S. Goldser
Zimmerman Reed, P.L.L.P.
651 Nicollet Mall
Suite 501
Minneapolis, MN 55402-4123

Richard A. Freese
Sweet & Freese, P.L.L.C
P.O. Box 1178
Jackson, MS 39215

C. Anthony Graffeo
Watson, Jimmerson, Givhan, et al.
203 Greene Street
P.O. Box 18368
Huntsville, AL 35804

Hector G. Gancedo
Gancedo & Nieves
144 West Colorado Blvd.
Pasadena, CA 91105

Patricia Griffith
1045 Evelyn Avenue
Clarksdale, MS 38614

Mary Gibson
P.O. Box 400
St. Mary's, GA 31558

Lance A. Harke
Harke & Clasby
155 South Miami Avenue
Suite 600
Miami, FL 33130

Andrew S. Goldwasser
Ciano & Goldwasser
460 MK Ferguson Plaza
1500 West Third Street
Suite 460
Cleveland, OH 44113

Craig D. Hebderson
Gary, Thomasson, Hall & Mark
Professional Corp
P.O. Box 2888
210 S. Carancahua
Corpus Christi, TX 78403

Tim T. Griesenbeck
Plunkett & Gibson
Renaissance Plaza, Suite 1100
70 N.E. Loop 410
P.O. Box 795061
San Antonio, TX 78216

Robert M. Hodges
Wise, Carter, Child & Caraway
P.O. Box 651
Jackson, MS 39205-0651

Jeffrey D. Guerriero
Guerriero & Guerriero
P.O. Box 4092
Monroe, LA 71211-4092

John F. Hughes
Hamilton Law Firm
P.O. Box 1511
Meridian, MS 39302-1511

Jennifer Haskins
Assistant General Counsel
Tort Litigation Division, Wal-Mart Stores, Inc.
702 S.W. 8th Street
Bentonville, AR 72716-0215

Mark B. Hutton
Hutton & Hutton
P.O. Box 638
Wichita, KS 67201

David Hadden Hockema
Hockema, Tippit & Escobedo, L.L.P.
1 Paseo Del Prado
Bldg. 101
P.O. Box 720540
McAllen, TX 78504-0540

Dennis J. Johnson
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
S. Burlington, VT 05403

Jesse L. Howell, III
Copeland, Cook, Taylor & Bush, P.A.
200 Concourse, Suite 200
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

Whitman B. Johnson, III
Currie, Johnson, Griffin, Gaines & Myers
P.O. Box 750
Jackson, MS 39205-0750

Debra L. Hurst
Hurst & Hurst
401 West "A" Street
Suite 1825
San Diego, CA 92101

Allan Kanner
Elizabeth B. Cowen
Mary Elizabeth Gardner
Allan Kanner & Associates, P.L.L.C.
701 Camp Street
New Orleans, LA 70130

Walter T. Johnson
Watkins & Eager
The Emporium Building
400 East Capitol Street
Suite 300
P.O. Box 650
Jackson, MS 39205-0650

R. Eric Kennedy
Weisman, Kennedy & Berris
1600 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115

Christy D. Jones
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Timothy M. Kolman
Timothy M. Kolman And Associates
255 North Flowers Mill Road
The Shoppes at Flowers Mill
Langhorne, PA 19047

Brian S. Kabateck
Kabateck, Brown, Kellner
350 S. Grand Avenue
39th Floor
Los Angeles, CA 90071

W. Mark Lanier
Lanier Law Firm
6810 FM 1960 West
Houston, TX 77069

David A. Hylla
Bibrey & Hylla
8724 Pin Oak Road
P.O. Box 975
Edwardville, IL 62025

Ira H. Leesfield
Leesfield, Leighton, Rubio & Mahfood, P.A.
2350 South Dixie Highway
Miami, FL 33133

Norman C. Kleinberg
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004

Carlene Rhodes Lewis
Goforth, Lewis, Sanford, LLP
1111 Bagby
Suite 2200
Houston, TX 77002

Sharon L. Kegerreis
Hughes, Hubbard & Reed, LLP
201 S. Biscayne Boulevard
Suite 2500
Miami, FL 33131-4332

Richard A. Lockridge
Lockridge, Grindal & Nauen P.L.L.P
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401-2179

Jeffrey D. Leathers
Greer, Pipkin, Russell, Dent &Leathers
P.O. Box 907
Tupelo, MS 38802

Patrick A. Malone
Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036

Arnold Levin
Levin, Fishbein, Sedran &Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106

Kenneth B. McClain
Humphrey, Farrington & McClain, P.C.
221 West Lexington
Suite 400
Independence, MO 64050

Joseph L. McNamara
Copeland, Cook, Taylor & Bush, P.A.
200 Concourse, Suite 200
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

S. Kirk Milam
Hickman, Goza & Spragins, PLLC
P.O. Drawer 668
Oxford, MS 38655-0668

Mason L. Miller
Getty & Mayo, PLLC
1900 Lexington Financial Center
250 W. Main Street
Lexington, KY 40507

Daniel Minor
1032 Cardinal Dr.
Waco, TX 76712

Michael H. Moirano
Nisen & Elliott
200 West Adams Street
Suite 2500
Chicago, IL 60606

Geoffrey C. Mousseau
Mousseau & Associates
1421 Valverde Place
Suite B
Glendale, CA 91208

John T. Murray
Murray & Murray
111 East Shoreline Drive
P.O. Box 19
Sandusky, OH 44871

Dianne M. Nast
Roda & Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601

David K. Lietz
Coale, Cooley, Lietz, McInerny & Broadus
818 Connecticut Avenue
Suite 857
Washington, DC 20006

William O. Luckett, Jr.
Luckett Law Firm
P.O. Drawer 1000
Clarksdale, MS 38614-1000

David P. Matthews
Abraham, Watkins, Nichols, Sorrels, et al.
800 Commerce Street
Houston, TX 77002-1776

J. Leray McNamara
Copeland, Cook, Taylor & Bush, P.A.
200 Concourse, Suite 200
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158

Charles M. Merkel
Merkel & Cocke
P.O. Box 1388
Clarksdale, MS 38614-1388

Allen Scott Milavetz
Milavetz Gallop & Milavetz
6500 France Avenue, South
Edina, MN 55435

Michel F. Mills
Perona, Langer, Beck, Lallande & Serbin
300 E. San Antonio Drive
P.O. Box 7948
Long Beach, CA 90807

Steven R. Minor
Elliot Lawson & Minor, PC
P.O. Box 8400
Bristol, VA 24203-8400

Kenneth B. Moll
Kenneth B. Moll & Associates, Ltd.
Three First National Plaza
50th Floor
Chicago, IL 60602

Richard F. O'Malley
Sidley Austin Brown & Wood
10 South Dearborn Street
Suite 48 Southeast
Chicago, IL 60603

Edwin T. Mulhern
Huwel & Mulhern
11 New Hyde Park Road
Frank Square, NY 11010

Thomas Jack Pearson
Pearson & Campbell, P.C.
2394 Calder Avenue
Beaumont, TX 77702

Stephen B. Murray
Murray Law Firm
909 Poydras Street
Suite 2550
New Orleans, LA 70112-4000

Frank M. Pitre
Cotchett, Pitre, Simon & McCarthy
San Francisco Airport Office Center
Suite 200
840 Malclom Road
Burlingame, CA 94010

Eugene R. Naylor
Wise, Carter, Child & Caraway
600 Heritage Bldg.
401 East Capitol St.
P.O. Box 651
Jackson, MS 39205-0651

Henry J. Price
Price, Waicukauski & Mellowitz
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204

Gregory J. Owen
Owen, Patterson & Owen
23822 West Valencia Blvd.
Suite 201
Valencia, CA 91355

Ellen A. Presby
Baron & Budd, P.C.
3102 Oak Lawn Avenue, 11th Floor
Dallas, TX 75206-5141

Robert E. Piper, Jr.
Piper & Associates
624 Pierre Avenue
P.O. Box 69
Shreveport, LA 71103

William R. Robb
Aleshire, Robb & Sevils, P.C.
901 St. Louis Street
Suite 1600
Springfield, MO 65806

Leslie J. Bryan
Doffermyre, Shields, Canfield, Knowles & Devine
13555 Peachtree Street, N.E. Suite 1600
The Peachtree
Atlanta, GA 30309-3269

John H. Ruiz
Law Office of John H. Ruiz
5040 N.W. 7th Street
Suite 920
Miami, FL 33126

Eric M. Quetglas-Jordan
Queglas Law Offices
P.O. Box 16606
San Juan, PR 00908-6606

Stephen V. Saia
Law Offices of Stephen V. Saia
70 Old Cart Path Lane
Pembroke, MA 02359

Jeffrey Robinson
Robinson & Sheen, L.L.C.
215 South State Street
Suite 960
Salt Lake City, Utah 84111

Stuart E. Scott
Spangenberg, Shibley & Liber, LLP
2400 National City Center
1900 East 9th Street
Cleveland, OH 44114

Robert D. Rowland
2227 South State Route 157
Edwardsville, IL 62025

Norman E. Siegel
Stueve Helder & Siegel
330 W 47th St Ste 250
Kansas City, MO 64112

Scott Rynecki
Rubenstien & Rynecki
16 Court Street
Suite 1717
Brooklyn, NY 11241

David Neil Smith
Nix, Patterson & Roach, LLP
205 Linda Drive
Dangerfield, TX 75638

Robert A. Schwartz
Bailey, Gaylen & Gold
18333 Egret Bay Boulevard
Suite 120
Houston, Texas 77058

Kathryn A. Snapka
Snapka, Truman & Waterhouse, LLP
606 N. Carancahua, Suite 1511
P.O. Drawer 23017
Corpus Christi, TX 78403

Paul R.M. Schwebel
5657 Rundle Court
Indianapolis, IN 46220

C. York Craig, Jr.
Craig Hester Luke & Dodson, P.A.
404 Fontaine Place, Suite 101
P.O. Box 12005
Jackson, MS 39236-2005

Christopher A. Seeger
Seeger Weiss, LLP
One William Street
10th Floor
New York, NY 10004-2502

Stephen G. Strauss
Bryan Cave, L.L.P.
One Metropolitan Square
Suite 3600
211 N. Broadway
St. Louis, MO 63102

Jeffrey B. Simon
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Thomas M. Sobol
Hugh McNeely
Hagens, Berman, Sobol, Shapiro L.L.P.
One Main Street, 4th Floor
Cambridge, MA 02142

Shanin Specter
Kline & Specter
1525 Locust Street
19th Street
Philadelphia, PA 19102

Casandra F. Thomas
514-C Woodrow Wilson Avenue
Jackson, MS 39213

John S. Steward
Meyerkord and Steward
2525 South Brentwood Boulevard
Suite 102
St. Louis, MO 63144

Josephine Trovini
Westchester County Attorneys Office
600 Michaelian Office Building
148 Martime Avenue
White Plains, NY 10601

Robert G. Sullivan
Sullivan, Papain, Block, McGrath & Cannavo
120 Broadway
18th Floor
New York, NY 10271

Chris J. Walker
Markow Walker, P.A.
P.O. Box 13669
Jackson, MS 39236-3669

Deborah M. Sulzer
Gauthier, Houghtaling, Williams & Sulzer
3500 N. Hullen Street
Metairie, LA 70002

Leila H. Watson
Cory, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue
Suite 200
Birmingham, AL 35205

Christopher V. Tisi
Ashcraft & Gerel
2000 L Street, NW
Suite 400
Washington, DC 20036

Richard J. Weiner
Law Offices of Richard J. Weiner, P.C.
119 Rockland Center
Suite 425
Nanuet, NY 10954

Lawrence D. Wade, Jr.
Campbell, DeLong, Hagwood & Wade
P.O. Box 1856
Greenville, MS 38702-3669

Jewell E. Welch, III
Cunard Reis Law Firm
9214 Interline Avenue
Baton Rouge, LA 70809

Thomas E. Walker
Johnston, Barton, Proctor & Powell
2900 AmSouth/ Harbert Plaza
1901 6th Avenue North
Birmingham, AL 35203

James L. Wright
Mithoff & Jacks
1 Congress Plaza
111 Congress Avenue
Suite 1010
Austin, TX 78701-0001

Jennifer Fadal Weaver
1305 Fossel Ridge Trial
Waco, TX 76712

James John Zonas
James J. Zonas, Attorney at Law
700-2nd Avenue, North
Suite 102
Naples, FL 34102

Leslie Weisbord
Morgan & Weisbord
11551 Forest Central Drive
Suite 300
Dallas, TX 75243

Michael A. Ysasaga
Johnson, Finkel, DeLuca & Kennedy
1221 Lamar
Suite 1000
Houston, TX 77010

John K. Weston
Sacks, Weston, Smolinksy, Albert & Luber
510 Walnut Street
Suite 400
Philadelphia, PA 19106

RECEIVED

2005 SEP 14 P 3: 52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **T. RAWDON BEATY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No.: _2: 05 CV880- W_ |
| | ) | |
| **MERCK & CO., INC., a foreign** | ) | |
| **Corporation, et al.,** | ) | **Removed from the Circuit** |
| | ) | **Court of Barbour County,** |
| **Defendants.** | ) | **Alabama** |
| | ) | |

**JURY TRIAL DEMANDED**

## NOTICE OF REMOVAL

TO:   The United States District Court for the Middle District of Alabama:

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck") hereby removes

this action pursuant to 28 U.S.C. § 1441 from the Circuit Court of Barbour County,

Alabama, to the United States District Court for the Middle District of Alabama,

and respectfully states to this Court as follows:

1.     This action involves allegations regarding the prescription drug

VIOXX®.  On February 16, 2005, the Judicial Panel on Multidistrict Litigation

issued an order transferring 148 VIOXX® products liability cases to the United

States District Court for the Eastern District of Louisiana (Fallon, J.) for

coordinated pretrial proceedings under 28 U.S.C. § 1407.  Merck intends to seek

the transfer of this action to that Multidistrict litigation, *In re VIOXX Products*

*Liability Litigation,* MDL No. 1657, and files contemporaneously herewith a motion to stay pending MDL transfer.

2.      On August 12, 2005, Plaintiff T. Rawdon Beaty ("Plaintiff") commenced a civil action against Merck, current Merck employee Tim Griswald (the "sales representative"), and fictitious defendants by filing a complaint (the "Complaint") in the Circuit Court of Barbour County, Alabama, bearing Civil Action No. 05-57.

3.      On or about August 16, 2005, Merck was served with a copy of Plaintiff's Complaint. On or about August 18, 2005, defendant Tim Griswald was served with a copy of the Plaintiff's Complaint. A true and correct copy of the Summons and Complaint served on Merck and the contents of the state court file are collectively attached hereto as Exhibit A.

4.      For the reasons described below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states.

## I.      MERCK     HAS     SATISFIED     THE     PROCEDURAL REQUIREMENTS FOR REMOVAL.

5.      This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of service on all properly served

defendants.

6.    The United States District Court for the Middle District of Alabama (Northern Division) embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81 & 1441(a).

7.    All of the properly joined and served defendants consent to this removal.[1]

8.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendant, which papers include the summons and complaint, is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the State Court in which the action is currently pending. A copy of Merck's filing in state court is attached hereto as Exhibit B.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

### A.    The Amount in Controversy Requirement Is Satisfied.

9.    It is apparent from the face of the Complaint that the Plaintiff seeks

---

[1] 28 U.S.C. § 1441(b) does not bar removal. It is well-settled that co-defendants who are fraudulently joined or not served need not join in the removal. *See Getty Oil Corp. v. Ins. Co. of N. Amer.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988); *Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp. 2d 1220, 1222 n. 3 (M.D. Ala. 1999); *Williams v. Atl. Coast Line R.R. Co.*, 294 F. Supp. 815, 816 (S.D. Ga. 1968). The individual Defendant is fraudulently joined, *see infra*, and therefore need not consent to removal.

recovery of an amount in excess of $75,000, exclusive of costs and interest. Since

the Complaint seeks an unspecified amount of damages, Merck must only show

that "the amount in controversy more likely than not exceeds the jurisdictional

requirement." *See Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1327

(M.D. Ala. 2003) (*quoting Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357

(11th Cir. 1996)).

10.    In this case Plaintiff alleges that he suffered from deep venous

thrombosis (DVT) of his right lower leg as a result of his usage of VIOXX®.

Compl. ¶ 8. Plaintiff seeks monetary damages for injuries, losses from a financial

standpoint, anxiety, distress, fear, pain, and suffering. Based on these and other

allegations, the Complaint seeks unspecified compensatory and punitive damages

for the injuries and damages allegedly caused by VIOXX®. *See, e.g., id.* at ¶¶ 52-

53.

11.    Alabama juries in product liability cases routinely render verdicts in

excess of $75,000 exclusive of interest and costs. *See* Exhibit C. Further,

Alabama appellate courts have upheld verdicts in excess of $75,000 in such cases.

*Id.*

12.    Moreover, in circumstances similar to this case, federal courts around

the country have ruled that actions alleging personal injuries caused by VIOXX®

meet the amount-in-controversy threshold. *See, e.g., Morgan v. Merck & Co.*, No.

4

3:03cv435WS, slip op. at 2 (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co.*,

No. L-03-134, slip op. at 1 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co.*,

Civ. No. H-02-3139, slip op. at 1 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co.*,

No. 02-C-4203, slip op. at 1 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co.*,

No. 02-0196, slip op. at 2 n.2 (W.D. La. June 18, 2002); *Jones v. Merck & Co.*,

Civ. No. 02-00186, slip op. at 2 (D. Haw. June 5, 2002). These courts all were

presented with complaints seeking damages for injuries caused by VIOXX®, and

all found that the requirements for federal diversity jurisdiction, including the

amount in controversy, were satisfied.

**B.**    There is Complete Diversity of Citizenship.

13.    There is complete diversity as between Plaintiff and Merck, the only

properly joined defendant.

14.    Plaintiff is a citizen of the State of Alabama. Compl. at ¶ 2.

15.    Merck is, and was at the time this suit was commenced, a corporation

organized under the laws of the State of New Jersey with its principal place of

business in New Jersey and, therefore, is a citizen of New Jersey for purposes of

determining diversity. 28 U.S.C. § 1332(c)(1).

16.    The Complaint includes a number of fictitious defendants, whose

citizenship is ignored for removal purposes. 28 U.S.C. § 1441(a).

17.    Plaintiff alleges that the sales representative defendant is a resident of

the State of Alabama.  Compl. ¶ 4.  However, this defendant is fraudulently joined, and, therefore, his citizenship must be ignored for removal purposes.  *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).

18.    A defendant is fraudulently joined when there is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997); *accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (recognizing that a "reasonable" basis to predict that plaintiff could prevail on the claims against an in-state defendant requires more than a "theoretical" possibility). The Complaint includes claims for violation of the AEMLD (Count I), negligence (Count II), breach of express warranty (Count III), breach of implied warranty (Count IV), fraud (Count V), and fraudulent misrepresentation (Count VI).    For the reasons described below, there is no reasonable basis for predicting that Plaintiff could prevail on any of these claims to the extent they are asserted against the sales representative.

19.    Unfortunately, the fraudulent joinder of sales representatives has become a common tactic in pharmaceutical litigation to attempt to defeat diversity and thwart defendants' right to defend claims against them in Federal Courts.

6

Nevertheless, two separate MDL courts have found, **applying Alabama law in the context of claims based on prescription medications**, that plaintiffs cannot pursue claims against sales representatives and that their joinder does not defeat diversity. *See, e.g., In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D. N.Y. 2001) ("*Rezulin I*"); *In re Baycol Products Litigation*, MDL 1431, Order dated March 26, 2004, attached hereto as Exhibit D. *See also Fowler v. Pharmacia & Upjohn et al.*, CV-04-PT-712-M, Order dated June 24, 2004, attached hereto as Exhibit E (denying motion to remand, citing *In re Rezulin* and *In re Baycol* opinions discussed herein).

20.     The conclusions reached by these courts are equally applicable here. First, Plaintiff relies on nothing other than vague assertions regarding the sales representative. While the Complaint devotes several pages to alleged facts relating generally to Merck sales representatives, it is largely devoid of any specific allegations regarding what the individual defendant named in this case is alleged to have done, including no identification of the physician to whom he made any representations at all. *See generally* Complaint ¶ ¶ 41-53. This demonstrates that the sales representative is fraudulently joined. *See, e.g., Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (non-diverse employee defendants fraudulently joined where "plaintiff failed to tie these defendants to the underlying allegations of the complaint")*; Lyons v. Am. Tobacco Co.*, No. Civ. A. 96-0881-

7

BH-S, 1997 WL 809677, at \*5 (S.D. Ala. Sept. 30, 1997) (There is "no better admission of fraudulent joinder of [the Resident Defendants]" than the failure of the Plaintiff "to set forth any specific factual allegations" against them.).

21.    Further, regardless of the lack of specificity of the claims against the individual defendant, Plaintiff cannot sustain his alleged claims against the sales representative as a matter of law.    Count I (Alabama Extended Manufacturers Liability Doctrine) does not state a viable claim for relief against him because the sales representative is not a "seller" as required under the AEMLD.    *Ala. Code* § 6-5-501 (1975) (defining "original seller" as  "[a]ny person, firm, corporation . . . or other legal or business entity, which in the course of business or as an incident to business, sells or otherwise distributes a manufactured product (a) prior to or (b) at the time the manufactured product is first put to use by any person or business entity who did not acquire the manufactured product for either resale or other distribution in its unused condition or for incorporation as a component part in a manufactured product which is to be sold or otherwise distributed in its unused condition"); *see also Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) ("the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product") (citing *Atkins v. Am. Motors Corp.*, 335 So. 2d 134 (Ala. 1976)).  The AEMLD has not been extended to hold individual employees of sellers or manufacturers personally liable for defective products.

8

22.    The sales representative did not participate in the design, manufacture
or testing of the product at issue. *See* Declaration of Tim Griswald, attached hereto
as Exhibit F.  Pursuant to Alabama law, this individual employee is not a "seller"
of the product at issue. *See Bowman v. Coleman Co.*, No. 96-0448-P-C (S.D. Ala.
Sept. 3, 1996) (copy attached hereto as Exhibit G).

23.    Counts III and IV (breach of implied and express warranties), also fail
against the sales representative because Alabama's adoption of the U.C.C. requires
that the accused party be a "seller" to be liable for breach of warranty. *See Ala.
Code* §7-2-103(1)(d) (defining "seller" as "a person who sells or contracts to sell
goods"); *see also Ala. Code* §§7-2-313, 7-2-314 & 7-2-315 (both express and
implied warranty claims refer to the creation of warranties by the "seller");
*Wellcraft Marine v. Zarzour*, 577 So. 2d 414 (Ala. 1990) (noting that Alabama
statutes defining the warranties of merchantability and fitness for a particular
purpose both apply to the "seller").

24.    Count II (negligence) must also be brought against "sellers" under
Alabama law.    In products liability actions premised on a negligence or
wantonness theory, "[t]he defendant must be either the manufacturer or seller of
the injury-producing article." *Norton Co. v. Harrelson,* 176 So. 2d 18, 20 (Ala.
1965).  There is no liability under these two causes of action, however, where a
defendant is merely the employee of a manufacturer or seller. *See, e.g., Galactic*

9

*Employer Servs. v. McDorman*, 800 So. 2d 434 (Ala. 2003) (noting that a corporate officer or employee must have direct, personal participation in the challenged corporate activity to be held personally liable); *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.,* 496 So. 2d 774 (Ala. 1986) (same).

25.    Counts V and VI (fraud and fraudulent misrepresentation) fail to state a claim against the sales representative because the sales representative has never met the Plaintiff and has made no representations to him, or the general public with regards to VIOXX®.    *See* Declaration of Griswald.    This defendant is not a physician and has never prescribed the medication at issue in this case. *Id.*

26.    As federal judges applying Alabama law have previously decided in cases with nearly identical allegations against the fraudulently joined defendant, there is no possibility that Plaintiff can recover in state court against the sales representative named in this case. For example, in the MDL related to the diabetes medication "Rezulin," Judge Kaplan of the Southern District of New York held on March 1, 2001, in a similar case involving a former Warner-Lambert sales representative from Alabama, that "[t]he sales representative joined in the Alabama Case neither manufactured, sold or supplied Rezulin" and "the absence of any alleged connection between the sales representative and plaintiff's decedent is fatal to all of the claims against the sales representative," of negligence, wantonness, failure to warn, AEMLD, and fraud, misrepresentation, and suppression. *In re*

*Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D. N.Y. 2001) ("*Rezulin I*"). Accordingly, Judge Kaplan found that the individual sales representative defendant had been fraudulently joined and that plaintiff had stated no viable claim against him.    Further, on October 16, 2001, again applying Alabama law, Judge Kaplan found that the sales representative's affidavit "in which he denies that he sold or took orders for Rezulin, marketed or advertised Rezulin to the general public, or had any direct dealings with plaintiffs" was sufficient to deny remand.    *In re Rezulin Products Liability Litigation*, 168 F. Supp. 2d 136, 141 (S.D.N.Y. 2001) ("*Rezulin II*") (citing *Rezulin I*).

27.    Subsequently, Judge Michael J. Davis of the United States District Court for the District of Minnesota denied remand in fourteen cases consolidated in the MDL proceeding for the prescription drug Baycol on similar grounds.    *See In re Baycol Products Litigation*, MDL 1431, Order dated March 26, 2004, attached hereto as Exhibit D (holding that individual sales representatives were not "sellers" under Alabama law, thereby defeating AEMLD, negligence, and warranty claims, and that the fraud claims were too vague to support a claim against these individuals).    Judge Davis applied Alabama law to determine that individual sales representatives for the defendant GlaxoSmithKline who had been sued individually had been fraudulently joined in those fourteen cases.    *Id.    See also Fowler v. Pharmacia & Upjohn, et al.*, CV-04-PT-712-M, Order dated June 24, 2004,

11

attached hereto as Exhibit E (denying motion to remand and granting motion to dismiss claims against employees of McKesson Medical Surgical, the distributor of a prescription product, citing *In re Rezulin* and *In re Baycol* opinions discussed herein).

28.    Finally, the fraud claims fail to comply with Ala. R. Civ. P. 9(b), which requires that all averments of fraud shall be stated with particularity. Plaintiff "must state the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained" when pleading a fraud claim. *Anderson v. Clark*, 775 So. 2d 749, 752 n. 5 (Ala. 2000); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against "defendants" violated Rule 9(b) and resulted in finding of fraudulent joinder).

29.    For all of these reasons, the sales representative has been fraudulently joined, and his citizenship is due to be disregarded for purposes of assessing diversity jurisdiction.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of Barbour County, Alabama, bearing civil action number CV-05-57, to this Court, pursuant to 28 U.S.C. § 1441.

DATED this 14th day of September, 2005.

ROBERT C. "MIKE" BROCK (ASB-5280-B61R)
BENJAMIN C. WILSON (ASB-1649-I54B)
R. AUSTIN HUFFAKER, JR. (ASB-3422-F55R)


OF COUNSEL:

Robert C. "Mike" Brock          rcb@rsjg.com
Benjamin C. Wilson              bcw@rsjg.com
R. Austin Huffaker, Jr.         rah2@rsjg.com
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone:  (334) 206-3100
Facsimile: (334) 263-4157


## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing document upon all interested parties by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 14th day of September 2005, as follows:

Andy D. Birchfield, Jr.
J. Paul Sizemore
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

OF COUNSEL

13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

03 OCT 20 PH 3: 45

U.S. DISTRICT COURT
N.D. OF ALABAMA

PAMELA FLOYD, STACIE H. RICHARDS, and )
ANN RUTLEDGE, )
)
Plaintiffs, )
)
vs. )
)
WYETH, a corporation; STACY STUBBLEFIELD, )
an individual; MICHAEL T. SULLIVAN, an )
individual; and BETSY R. WEAVER, an individual, )
)
Defendants. )

Civil Action Number
03-C-2564-M

**ENTERED** 

OCT 2 0 2003

REMAND ORDER

Because the removing Defendant has failed to carry its heavy burden of proof of fraudulent

joinder, and the attendant lack of complete diversity of the parties, this case is hereby REMANDED

to the Circuit Court of Marshall County, Alabama, from whence it was improvidently removed.

The costs of this action are hereby taxed against the removing Defendant.

Done this _____20th_____ day of October, 2003.

_____
Chief United States District Judge
U.W. Clemon

10

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NOV 2 1 2003

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CLERK

U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

SHARON C. CRITTENDEN,      )
et al.,                    )
                           )
     Plaintiffs,           )
                           )
     v.                    )      CIVIL ACTION NO.
                           )      03-T-920-N
WYETH, a corporation,      )
et al.,                    )
                           )
     Defendants.           )

## ORDER

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand. The court agrees with
plaintiffs that this case should be remanded to state
court. First, there has not been fraudulent joinder of any
resident defendant (that is, plaintiffs have colorable
claims against such a defendant), see Coker v. Amoco Oil
Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v.
Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

EOD  11/21/03

20

Second, there has not been <u>fraudulent misjoinder</u> of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), <u>see</u> <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motions to remand, filed on September 30 and October 15, 2003 (doc. nos. 9, 13, and 14), are granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 21st day of November, 2003.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEPHANIE TERRELL, et al.,        )
                                  )
        Plaintiffs,               )
                                  )
v.                                )        CV-03-BE-2876-S
                                  )
WYETH, et al.,                    )
                                  )
        Defendants.               )
                                  )
                                  )
                                  )
                                  )
                                  )

**FILED**
03 DEC 12 PH 2: 02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**
DEC 1 2 2003

## MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on Plaintiff's Motion to Remand (Doc. 10). Having reviewed the pleadings and briefs of counsel, the court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, therefore, the court is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on October 23, 2003 from the Circuit Court of Jefferson County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Pam Parker, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Ms. Parker is fraudulently joined.

1

The standard for successfully removing a case from state to federal court is a high one, and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheo de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility to establish a cause of action against non-diverse defendants in state court, or (b) that the plaintiff's pleading of jurisdictional facts have been made fraudulently. Cabelcata, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." See Coker, 709 F.2d at 1440-41; see also Pacheo de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, with all doubts resolved in favor of remand. See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

2

Although the plaintiffs' claims against defendant Parker appear to raise novel questions of Alabama state law, this court will not speculate that the plaintiffs have *no* possibility of establishing a cause of action against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, it would be premature for this court to make rash decisions regarding the nature and timing of the injuries sustained by the plaintiffs, or the employment history of defendant Parker. Nor can the court conclusively determine that the plaintiffs would not be successful in urging its various theories under Alabama law.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve *all* doubts in favor of remand, the Plaintiffs' Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Jefferson County, Alabama.

DONE and ORDERED this 12th day of December, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT

3

01/23/2004 14:55 FAX 2052523536    K Stephen Jackson PC    ☒002
SENT BY: MORRIS & MCANNALLY L.L.C.;    334 589 1821;    JAN-23-04  2:25PM;    PAGE 2/3

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

**FILED**

JAN 2 3 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

| | |
|---|---|
| SARA BLAIR, et al., | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 03-T-1251-S |
| | ) |
| WYETH, et al., | ) |
| Defendants. | ) |

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD _January 23, 2004_

01/23/2004 14:55 FAX 2052523536    K Stephen Jackson PC    ☑003
SENT BY: MORRIS & MCANNALLY L.L.C.;    334 569 1821;    JAN-23-04  2:26PM;    PAGE 3/3

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on December 30, 2003 (Doc. No. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 22d day of January, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

01/23/2004 14:55 FAX 2052523536          K Stephen Jackson PC                    ☒004

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION JAN 2 3 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RITA BRUNSON,                    )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    CIVIL ACTION NO. 03-T-1167-S
                                 )
WYETH, et al.,                   )
                                 )
        Defendants.              )

ORDER

This lawsuit, which was removed from state to federal court
based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§
1332, 1441, is now before the court on plaintiff's motion to
remand. The court agrees with plaintiff that this case should be
remanded to state court. First, there has not been _fraudulent
joinder_ of any resident defendant (that is, plaintiff has colorable
claims against such a defendant), _see Coker v. Amoco Oil Co._, 709
F.2d 1433, 1440 (11th Cir. 1983); _Cabalceta v. Standard Fruit Co._,
883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been _fraudulent misjoinder_ of any
resident defendant (that is, plaintiff has reasonably joined such
a defendant with other defendants pursuant to Rule 20 of the
Federal Rules of Civil Procedure), _see Tapscott v. MS Dealer
Service Corp._, 77 F.3d 1353, 1360 (11th Cir. 1996).

EOD _1/23/04_

01/23/2004 14:55 FAX 2052523536    K Stephen Jackson PC    ☑005

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand, filed on December 16, 2003 (Doc. No. 11), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Geneva County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the __23ᵈ__ day of January, 2004.

                        MYRON H. THOMPSON
                UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION FILED

·JAN 2 3 2004

CLERK ꓦ꒦ꓴ
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

VALERIE BALLARD, et al.,          )
                                  )
        Plaintiffs,               )
                                  )
        v.                        )     CIVIL ACTION NO. 03-T-1255-N
                                  )
WYETH, et al.,                    )
                                  )
        Defendants.               )

ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand.  The court agrees with plaintiffs that this case should be remanded to state court.  First, there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), <u>see</u> <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).

Second, there has not been <u>fraudulent misjoinder</u> of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), <u>see</u> <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).

*12*

*E OD 1/23/04*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 6, 2004 (Doc. No. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___28___ day of January, 2004.

                                             MYRON H. THOMPSON
                      UNITED STATES DISTRICT JUDGE

04 JAN 30  PH 3: 46

~~~~ ~~~~~~~ COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

|                                                    |   |                    |
|----------------------------------------------------|---|--------------------|
| SANDRA STOREY,                                     | ] |                    |
|                                                    | ] |                    |
| Plaintiff,                                         | ] |                    |
|                                                    | ] |                    |
| v.                                                 | ] | CV-04-BE-27-E      |
|                                                    | ] |                    |
| WYETH, INC., WYETH                                 | ] |                    |
| PHARMACEUTICAL, and                                | ] |                    |
| ANTHONY CHERRY,                                    | ] |                    |
|                                                    | ] |                    |
| Defendants.                                        | ] |                    |
|                                                    | ] |                    |
|                                                    | ] |                    |
|                                                    | ] |                    |

**ENTERED**

JAN 3 0 2004

## MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

The case comes before the court on the plaintiff's "Motion to Remand" (Doc. 5). Having reviewed the entirety of the pleadings and briefs of counsel, the court hereby GRANTS the motion to remand. The court is not persuaded that the plaintiffs failed to state a viable claim against the non-diverse defendant, or that the non-diverse defendant was fraudulently joined, and, thus, is not persuaded that the case was properly removed for the reasons stated below.

The defendants removed this case to federal court on January 7, 2004, from the Circuit Court of Calhoun County, Alabama. Although the complaint purports to state claims against corporate defendants who admittedly are not Alabama residents, it also names as a defendant Anthony Cherry, admittedly a resident of Alabama, whose presence precludes removal under 28 U.S.C. § 1441. Defendants argue, however, that Mr. Cherry is fraudulently joined.

The standard for successfully removing a case from state to federal court is a high one,

and the burden rests heavily upon the removing party to establish that federal jurisdiction exists. See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983). This burden is especially high when the defendants allege fraudulent joinder as the basis for subject matter jurisdiction. See Pacheo de Perez v. AT&T Company, 139 F.3d 1368, 1381 (11th Cir. 1983). In making the fraudulent joinder determination, a district court "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380.

To establish fraudulent joinder, the removing party must show either (a) that the plaintiff would have no possibility of establishing a cause of action against a non-diverse defendant in state court, or (b) that the plaintiff's pleading of jurisdictional facts has been made fraudulently. Cabelcata, 883 F.2d at 1561. Furthermore, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." Coker, 709 F.2d at 1440-41; see also Pacheo de Perez, 139 F.3d at 1380 ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court.").

This court must construe removal jurisdiction narrowly, *with all doubts resolved in favor of remand.* See University of So. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). In making its determination, the court should not speculate about the futility of the plaintiff's claim in state court. Id.

Although whether the plaintiff will be able to successfully prove Mr. Cherry's liability is unclear, this court will not speculate that the plaintiff has *no* possibility of establishing its claims

of negligence and fraud against this non-diverse defendant. Little, if any, discovery has been done to date in this case; thus, this court cannot make rash decisions regarding actions made by the defendants and their resulting consequences. Nor can the court conclusively determine that the plaintiff would not be successful in urging her various theories under Alabama law.

Similarly, the court is not prepared to conclude that the plaintiff's fraud claims should be struck for lack of specificity. While the complaint is indicative of a "form" pleading, it adequately informs the defendants of the nature of the fraud.

Because the defendants have not clearly proven that this court has jurisdiction based on diversity under 28 U.S.C. § 1332, and because this court must resolve all doubts in favor of remand, the Plaintiff's Motion to Remand is hereby GRANTED. The clerk is ordered to transfer the file on this case back to the Circuit Court of Calhoun County, Alabama.

DONE and ORDERED this 30th day of January, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT COURT

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

04 FEB -3 AM 10: 15

U.S. DISTRICT COURT
N. D. OF ALABAMA

SANDRA CASH,                          )
                                      )
        Plaintiff,                    )
                                      )
                                      )
                                      )
vs.                                   )    CIVIL ACTION NO. 03-RRA-3378-E
                                      )
WYETH, et al.,                        )
                                      )
        Defendants.                   )

ENTERED

FEB - 3 2004

## MEMORANDUM OF DECISION

This action was removed from the Circuit Court of Calhoun County, Alabama. The plaintiff has filed a motion to remand. The complaint alleges that she suffered valvular heart disease as a result of taking the drug Pondimin or Redux. (The defendants state that the plaintiff took Pondimin only.) The question before the court is whether defendant Anthony Cherry, Wyeth's sales representative, was fraudulently joined as a defendant in order to defeat diversity jurisdiction.

Remand must be granted if there is a possibility that the state court would find that the plaintiff has stated a claim against the defendant in question. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). Evidence may be considered as well as the allegations in the complaint:

> To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. *Id.* at 549. The federal court makes these determinations based on the plaintiff's pleadings at the




time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties.

*Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), *quoting B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981). Along with other submissions, the defendants have submitted the affidavit of Cherry, and the plaintiff has presented the affidavit of her doctor, Omar Khalaf. The parties have not conducted discovery.

The complaint alleges the following against Cherry:

22. Upon information and belief the positive tortious acts which were committed by the Sales Rep Defendant in his individual and/or corporate capacity, include, but are not limited to, the following:

    a.    Sales Rep Defendant <u>failed to convey adequate warnings to the Plaintiff through the prescribing physician</u> set forth above regarding the risks of prescribing fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

    b.    Sales Rep Defendant was in the business of marketing, promoting, selling and/or distributing the unreasonably dangerous pharmaceutical drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™) which has caused harm to the Plaintiff SANDRA CASH;

    c.    Sales Rep Defendant <u>negligently distributed, marketed, advertised and/or promoted</u> the drugs fenfluramine (Pondimin®) and dexfenfluramine (Redux™);

    d.    Sales Rep Defendant made <u>fraudulent and reckless misrepresentations regarding the character, safety and efficacy</u> of the drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), and;

    e.    Sales Rep Defendant, <u>with knowledge of unreasonable risks</u> associated with the ingestion of fenfluramine (Pondimin®) and dexfenfluramine (Redux™), alone and/or in combination with phentermine <u>continued to make misrepresentations regarding the character, safety and efficacy</u> of drug fenfluramine (Pondimin®) and dexfenfluramine (Redux™), while providing and/or offering incentives, rebates, reimbursements, perks, and/or other consideration to Plaintiff's prescribing physician

2

> in furtherance of attempting to influence the prescribing of said diet drugs.
>
> 23.    Defendant Anthony Cherry is a citizen of Calhoun County and is over nineteen years of age.  At all times material hereto, this Defendant was <u>in the business of promoting, marketing , developing, selling and/or distributing the pharmaceutical drugs fenfluramine and/or dexfenfluramine in the State of Alabama and did market, develop, sell, detail and/or distribute said drugs to Plaintiff, Sandra Cash's prescribing physician, Omar Khalaf, M.D.</u>  This defendant was also involved in a <u>conspiracy to conceal certain information relating to the dangers associated with the subject drug</u> products from the consuming public, including but not limited to Plaintiff.

*Complaint*, ¶¶22-23 (emphasis added). Thus, the complaint alleges that Cherry failed to warn of the dangers of Pondimin, negligently marketed and distributed this dangerous drug, recklessly and intentionally misrepresented its dangers, and conspired to conceal its dangers.

The defendants state that under Alabama law the plaintiff clearly cannot state a claim against Cherry.  They cite law holding that, absent personal participation, an employee is not liable for the negligence of his employer, that the fraud and conspiracy claims are not pled with particularity, and that a conspiracy claim fails when the claims underlying the conspiracy fail.  Moreover, they factually contend that Cherry said nothing about Pondimin whatsoever. Relying on Cherry's affidavit, the defendants state that Cherry did not even promote Pondimin, that Wyeth composed warnings and other information concerning Pondimin for Cherry, who was not a part of that process, and that Cherry did not have the expertise to question the accuracy of any information supplied by Wyeth.  Cherry further states in his affidavit that he was unaware of any association between Pondimin and the heart disease of which the plaintiff complains, and he made no representation whatsoever concerning this

3

drug. The defendants assert in their written opposition to remand that this evidence is uncontroverted. However, Dr. Khalaf states that Cherry visited his office and "promoted and marketed" Pondimin, *Khalaf Affidavit*, ¶3, and that Cherry "continuously represented that [Pondimin and Redux] were safe and effective. Also, [Cherry] represented to [him] that the drugs were safe and effective for long term use," *id.* at ¶6.[1] Khalaf additionally states:

> The reliance I placed on Mr. Cherry and Mr. Lavender regarding safety issues for Pondimin and Redux was made even more critical by the fact that warnings to physicians prescribing Pondimin and Redux that these drugs could cause valvular heart disease were not contained in the Physicians' Desk Reference ("PDR") until the 1998 edition, which was after Pondimin and Redux were withdrawn from the market.

*Id.* at ¶7.

### Whether to Defer to MDL Judge

The defendants want the court to allow this remand issue to go to the MDL court. In her motion to remand, the plaintiff responds that in an MDL hearing the judge "indicated a preference" for all remand motions to be handled by the various district courts. In their written opposition to remand, the defendants respond that a copy of the transcript of the 1998 hearing stating such "sentiments" has not been supplied by the plaintiff. The defendants, however, do not deny that the judge did, in fact, indicate such a preference.

The defendants refer to statements in an August, 2003 memorandum written by the MDL judge:

---

[1] Materials presented to the court by the defendants included information sent to Wyeth's sales force. In "Questions and Answers About Pondimin" and in the Pondimin "Fact Sheet" it is stated that Pondimin is for short-term use.

4

> [R]ecurrent issues have continued to emerge in connection with motions to remand to
> state courts cases removed by Wyeth on the basis of diversity of citizenship. We have
> now developed a broader perspective than is usually available to individual transferor
> courts in dealing with widespread efforts fraudulently to join Phentermine
> manufacturers as a tactic to thwart removal of cases to the federal courts. Likewise,
> we are continuing to address the fraudulent joinder of individual physicians and
> pharmacies as defendants as a means to prevent removal. Many of these issues have
> common patterns as well as ramifications far beyond any specific case. Again, we
> believe these issues are best resolved in a uniform manner through the coordinated
> proceedings of MDL 1203. . :

This memorandum was addressing motions to remand all pending *cases* to the various

transferor courts on the ground that the MDL had done its work. The court gave several

reasons why the cases should not be remanded to the transferor courts, one of which was that,

after all its work, the MDL had developed a "broader perspective than is usually available"

to the transferor courts in dealing with motions to remand to state courts based on fraudulent

joinder.

Also, the defendants cite *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990):

> Agent Orange cases are particularly well-suited for multidistrict transfer, even where
> their presence in federal court is subject to a pending jurisdictional objection. The
> jurisdictional issue in question is easily capable of arising in hundreds or even
> thousands of cases in district courts throughout the nation. That issue, however,
> involves common questions of law and fact, some or all of which relate to the Agent
> Orange class action and settlement, *see In re "Agent Orange" Prod. Liab. Litig.*, 611
> F.Supp. 1396 (E.D.N.Y.1985), *aff'd in part, rev'd in part*, 818 F.2d 179 (2d Cir.1987),
> *cert. denied*, 487 U.S. 1234, 108 S.Ct. 2899, 101 L.Ed.2d 932 (1988), and there are
> real economies in transferring such cases to Judge Weinstein, who has been handling
> the Agent Orange litigation for several years, *see In re "Agent Orange" Prod. Liab.
> Litig.*, MDL No. 381, 818 F.2d 145, 154-59 (2d Cir.1987) (describing history of
> proceedings before Judge Weinstein), *cert. denied*, 484 U.S. 1004, 108 S.Ct. 695, 98
> L.Ed.2d 647 (1988). Once transferred, the jurisdictional objections can be heard and
> resolved by a single court and reviewed at the appellate level in due course.
> Consistency as well as economy is thus served. We hold, therefore, that the MDL

Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, *cf. United States v. United Mine Workers*, 330 U.S. 258, 290, 67 S.Ct. 677, 694, 91 L.Ed. 884 (1947) (district court has authority to issue injunction while jurisdictional questions are pending), that objection to be resolved by the transferee court.

*Id.* at 9. This language points out what lies at the heart of MDL litigation: common questions of law or fact.

The question of whether Cherry was negligent or made fraudulent statements is specific to this case. The MDL court would not be in a better position to decide remand than this court. Also, this court has heard oral argument and considered the parties' contentions. Wherefore, the court will exercise its discretion to decide the question of fraudulent joinder.

## Whether There Is Fraudulent Joinder

The defendants' argument against remand is premised upon the evidence being uncontroverted that Cherry did not promote or market or make any representation to Dr. Khalaf about Pondimin. If that were true, the motion to remand might be due to be denied. But there is clearly a factual dispute about what Cherry did and said, as Dr. Khalaf states that Cherry visited his office, promoted and marketed Pondimin, and represented that Pondimin was safe and effective for long-term use. Wherefore, there is at least a possibility that the plaintiff has a claim against Cherry.

## Decision

For the reasons stated above, the court has decided to exercise its discretion to decide

6

the remand issue, this is not a case of fraudulent joinder, and the motion to remand is due to

be granted for lack of subject matter jurisdiction. An appropriate order will be entered.

DONE this _2nd_ day of February, 2004.

Robert R. Armstrong, Jr.
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEVENARI MARSHAL, DIANE POLITO,          )
and MAXINE SMITHEY,                       )
                                          )
          Plaintiffs,                     )
                                          )
vs.                                       )     Case No. CV-04-TMP-179-S
                                          )
WYETH, INC., WYETH                        )
PHARMACEUTICALS, INC.,                    )
BEN LAVENDER, and WILLIAM OWEN,           )
                                          )
          Defendants.                     )

**ENTERED**

FEB 18 2004

## ORDER OF REMAND

This cause is before the court on the plaintiffs' emergency motion to remand, filed January 30, 2004. The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

### Procedure History

Plaintiffs Marshal, Polito, and Smithey filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Lavender and Owen, in the Circuit Court of Jefferson County, Alabama, on December 30, 2003. It alleges claims for "strict liability (defective product)," "strict liability–failure to warn," "strict liability–failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs,

Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and heart valve defects. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendants Lavender and Owen, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on January 29, 2004, contending that the court has original diversity jurisdiction because Lavender and Owen, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Owen are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

<u>Fraudulent Joinder</u>

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Owen are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper,

2

and the case is due to be remanded to the state circuit court. Defendants maintain, however, that

Lavender and Owens were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction

and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis

for this contention, defendants have offered evidence that Lavender and Owen did not sell or

promote the drug Pondimin at all and that they knew nothing about the medical risks associated with

Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender

or Owen, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity

jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe

v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of
> proving that either: (1) there is no possibility the plaintiff can establish a cause of
> action against the resident defendant; or (2) the plaintiff has fraudulently pled
> jurisdictional facts to bring the resident defendant into state court. Cabalceta v.
> Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the
> removing party is a 'heavy one.' B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549
> (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the

absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of

his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff
> has the right to select the forum, to elect whether to sue joint tortfeasors and to
> prosecute his own suit in his own way to a final determination." Parks v. The New
> York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of
> removal statutes also prevents "exposing the plaintiff to the possibility that he will
> win a final judgment in federal court, only to have it determined that the court lacked
> jurisdiction on removal," see Cowart Iron Works. Inc. v. Phillips Constr. Co.. Inc.,
> 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E.

Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5ᵗʰ Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548- 49. **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11ᵗʰ Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11ᵗʰ Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11ᵗʰ Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11ᵗʰ Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco

4

Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

See also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Owen, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Owens misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians, reasonably relied upon such misrepresentations. It is unimportant that Lavender and Owen did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent

---

[1] Lavender and Owen have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. They reason from this and the fact that plaintiff Smithey took only Pondimin that there is no possibility that, at the very least, Smithey has any claim against them. They nonetheless admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Owen did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Owen. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and

Owen is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Owen are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

## Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this ___18th___ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

7

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 23  PM 3: 34

U.S. DISTRICT COURT
H.D. OF ALABAMA

JUANITA JOHNSON, LORETTA SUE    )
KERCE, MYRTICE D. MILLS,         )
VICKI N. PARSONS, DEENA L. PHILLIPS, )
LINDA J. PIPER, BRENDA J. ROTH,  )
ALLISON L. WEST,                 )
                                 )
            Plaintiffs,          )
                                 )
vs.                              )
                                 )
WYETH, a corporation; DAVID WURM, an )
individual, et al.,              )
                                 )
            Defendants.          )

**ENTERED**

FEB 23 2004

Case No. CV-04-TMP-224-S

MEMORANDUM OPINION AND REMAND ORDER

This cause is before the court on the plaintiffs' motion to remand and for sanctions (Doc. 8) filed February 10, 2004, as well as defendant Wyeth's motion to stay pending transfer to the Multi-District Litigation court (Doc. 10), filed February 17, 2004. For the reasons expressed below, the court finds that the motion for remand is due to be granted, the motion for sanctions denied, and the motion for a stay denied.

Procedure History

Plaintiffs filed their joint complaint against defendants Wyeth and one of Wyeth's pharmaceutical salesmen, David Wurm, in the Circuit Court of Jefferson County, Alabama, on January 5, 2004. They allege claims under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") and for product liability–failure to warn, breach of the implied warranty of

merchantability, negligence, wantonness, fraud, misrepresentation, and suppression, all arising from the plaintiffs' use of one or both of certain diet medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, have suffered medical injuries due to that use. With respect to defendant Wurm, plaintiffs contend that this salesmen was one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with use of these medications and, further, that he either innocently, negligently, or recklessly failed to reveal to plaintiffs' physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court on February 4, 2004, contending that the court has original diversity jurisdiction because Wurm is fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their motion to remand that Wurm is not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

2

### Fraudulent Joinder

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Wurm, a pharmaceutical representative employed by Wyeth and its predecessor, American Home Products, Inc., is an Alabama resident and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Wurm was fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, his presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Wurm did not sell or promote the drug Pondimin at all and that he knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against Wurm, making his joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of

3

his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548- 49. **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11ᵗʰ Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11ᵗʰ Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11ᵗʰ Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11ᵗʰ Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendant, Wurm, in the form of a negligent fraud claim. To state such a possible claim, the plaintiffs need only allege that Wurm misrepresented certain material facts about the risks associated with use of Pondimin[1] and Redux and that plaintiffs, through their physicians,

---

[1] Wurm has filed an affidavit in which he states that he never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Wurm's liability. Wurm admits that when questioned by physicians about Pondimin, he attempted to provide answers based on the information he received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that he made misstatements about the risks of using Pondimin, as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must undertake.

5

reasonably relied upon such misrepresentations. It is unimportant that Wurm did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So. 2d 734 (Ala. Civ. App. 1979).

Goggans v. Realty Sales & Mortgage, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); see also Cain v. Saunders, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Wurm did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *he* knew, his innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Wurm. There is a possibility that the plaintiffs can state a claim against him,

6

as a sales representative who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Wurm is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Questions must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Wurm, a non-diverse defendant, is not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

<div align="center">Order</div>

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further Order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to the entry of this Order. See Roell v. Withrow, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003).

<div align="center">7</div>

The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

DONE this _____ 23rd _____ day of February, 2004.

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 FEB 24   AM 10: 15

U.S. _____ ____
N.D. OF ALABAMA

**ENTERED**

FEB 2 4 2004

ANN McGOWAN, BECKY PARTINGTON, )
and LAURA STANFIELD,                       )
                                                          )
          Plaintiffs,                               )
                                                          )
vs.                                                     )          Case No. CV-04-TMP-298-S
                                                          )
WYETH, INC., WYETH                        )
PHARMACEUTICALS, INC.,              )
BEN LAVENDER, and ANTHONY      )
CHERRY,                                           )
                                                          )
          Defendants.                            )

MEMORANDUM OPINION AND ORDER OF REMAND

This cause is before the court on the plaintiffs' emergency motion to remand, filed February 17, 2004, to which defendants responded with a motion to stay pending transfer to the MDL proceedings on February 19, 2004.  The motion has been briefed by both sides, and the court finds that the action is due to be remanded.

Procedure History

Plaintiffs McGowan, Partington, and Stanfield filed their joint complaint against defendants Wyeth, Inc., and Wyeth Pharmaceuticals, Inc., (hereinafter collectively "Wyeth") and two of Wyeth's pharmaceutical salesmen, Ben Lavender and Anthony Cherry, in the Circuit Court of Jefferson County, Alabama, on January 16, 2004. The complaint alleges claims for "strict liability–defective product," "strict liability–failure to warn," "strict liability–failure to test," negligence, breach of warranties, fraud and misrepresentation, negligent and reckless misrepresentation, and conspiracy to defraud and fraudulently conceal, all arising from the plaintiffs' use of one or both of certain diet

medications manufactured and distributed by Wyeth, formerly known as American Home Products, Inc. In particular, the complaint alleges that Wyeth manufactured, marketed, and distributed two drugs, Pondimin (fenfluramine) and Redux (dexfenfluramine), which later were recognized as associated with several medical problems, including primary pulmonary hypertension and valvular heart disease. Plaintiffs allege that their doctors prescribed one or both of these drugs to them and, consequently, they have suffered medical injuries due to that use. With respect to defendants Lavender and Cherry, plaintiffs contend that these salesmen were one of the primary sources by which Wyeth communicated to physicians the risks and benefits associated with the use of these medications and, further, that these defendants either innocently, negligently, or recklessly failed to reveal to physicians all of the information known about the risks of using Pondimin and Redux.

Defendants timely removed the action to this court[1] on February 13, 2004, contending that the court has original diversity jurisdiction because Lavender and Cherry, both Alabama residents, are fraudulently joined and should be dismissed for purposes of establishing subject-matter jurisdiction. Plaintiffs have replied in their emergency motion, filed the next day, that Lavender and Cherry are not fraudulently joined and that the removal to this court was intended to do nothing more than delay the case long enough for it to be transferred to the Eastern District of Pennsylvania to be joined with an MDL case pending there. Hence, the plaintiffs have requested the court to consider their remand motion on an expedited basis before the case can be transferred to the MDL court.

---

[1] There has been a spate of these removals in the last few weeks. The undersigned himself has dealt with two earlier removals in Marshal, et al., v. Wyeth, Inc., et al., CV-04-TMP-179-S, and Johnson, et al., v. Wyeth, et al., CV-04-TMP-224-S. Consequently, the court is thoroughly familiar with the positions and arguments of the parties.

2

### Fraudulent Joinder

The parties agree that the case involves more than $75,000 in controversy and that the plaintiffs' citizenship is diverse from that of Wyeth. They also agree that Lavender and Cherry are Alabama residents and, therefore, not diverse from the plaintiffs. Plaintiffs assert for that reason that no diversity jurisdiction exists, the court lacks subject matter jurisdiction, the removal was improper, and the case is due to be remanded to the state circuit court. Defendants maintain, however, that Lavender and Cherry were fraudulently joined by plaintiffs simply to defeat diversity jurisdiction and, therefore, their presence in the case should be ignored for jurisdictional purposes. As the basis for this contention, defendants have offered evidence that Lavender and Cherry did not sell or promote the drug Pondimin at all and that they knew nothing about the medical risks associated with Redux. Consequently, defendants argue, there is no possibility of a recovery against either Lavender or Cherry, making their joinder in this action fraudulent.

The Eleventh Circuit Court of Appeals addressed the issue of removal grounded on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Id. at 1538. The standard is onerous because, absent fraudulent joinder, the plaintiffs have the absolute right to choose their forum. Courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

3

This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga.1981)(quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

Id.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim while deciding whether there is a *possibility* a claim exists. The Crowe court reiterated:

While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548- 49. **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.** See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in* Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).

Id. (Emphasis added).

More recently, in Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001), the court of appeals emphasized the limits of the fraudulent joinder analysis, saying:

4

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in* Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287 (emphasis in original).

Id.; see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."). Clearly, the fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated.

In this case, the court is persuaded that the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry, in the form negligent fraud claims. To state such a possible claim, the plaintiffs need only allege that Lavender and Cherry misrepresented certain material facts about the risks associated with use of Pondimin[2] and Redux and that plaintiffs,

---

[2] Lavender and Cherry have given affidavits in which they state they never sold, marketed, or promoted the drug Pondimin. Even if these plaintiffs all used only Pondimin, there is a "possible" basis for Lavender's and Cherry's liability. They admit that when questioned by physicians about Pondimin, they attempted to provide answers based on the information they received from Wyeth. Thus, it remains "possible," as alleged in the complaint, that they made misstatements about the risks of use of Pondimin as well as Redux. Whether that "possibility" is something that can be developed factually goes to the merits of the claim and is beyond the fraudulent joinder analysis the court must

5

through their physicians, reasonably relied upon such misrepresentations. It is unimportant that Lavender and Cherry did not know of the risks and, therefore, did not *intentionally* misrepresent the risks associated with these drugs. Alabama law recognizes an action for innocent or negligent misrepresentation as well as for reckless and intentional misrepresentations. For example, the Alabama Court of Civil Appeals has explained:

> An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. <u>Smith v. Reynolds Metals Co.</u>, 497 So. 2d 93 (Ala. 1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. <u>Mid-State Homes, Inc. v. Startley</u>, 366 So. 2d 734 (Ala. Civ. App. 1979).

<u>Goggans v. Realty Sales & Mortgage</u>, 675 So. 2d 441, 443 (Ala. Civ. App., 1996); <u>see also</u> <u>Cain v. Saunders</u>, 813 So. 2d 891 (Ala. Civ. App. 2001).

Even if the court assumes that Lavender and Cherry did not know of the PPH and valvular heart disease risks associated with these drugs and, therefore, did not recklessly or intentionally misstate what *they* knew, their innocent misrepresentations, at least as alleged by the complaint, understating the risks constitute a "possible" cause of action in Alabama. As long as it is possible that a state court may find that the complaint states a claim against the non-diverse defendant, even if it is a claim with poor prospects of ultimate success, the non-diverse defendant has not been fraudulently joined and the case must be remanded for lack of proper diversity jurisdiction.

---

undertake.

6

The court is persuaded that the defendants have not carried the "heavy burden" of showing fraudulent joinder of Lavender and Cherry. There is a possibility that the plaintiffs can state a claim against them, as sales representatives who met with physicians and answered questions regarding the risks and benefits of these drugs, for negligently or innocently misrepresenting the material facts concerning the risks associated with the drugs. At the very least, the claim against Lavender and Cherry is not so clearly lacking in substance that the court assuredly has subject-matter jurisdiction of this case. Uncertainties must be resolved in favor of remand. In a contested removal, a presumption exists in favor of remanding the case to state court; accordingly, all disputes of fact must be resolved in favor of the plaintiff and all ambiguities of law must be resolved in favor of remand. Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997); Whitt v. Sherman International Corp., 147 F.3d 1325 (11th Cir. 1998). Because Lavender and Cherry are not fraudulently joined in this action, diversity jurisdiction is lacking and the court must remand the case to the state court.

## Order

Based on the foregoing considerations, it is therefore, ORDERED that the plaintiffs' motion to remand is due to be and hereby is GRANTED. Upon the expiration of fifteen (15) days from the date of this Order, the Clerk is DIRECTED to REMAND this action to the Circuit Court of Jefferson County, unless stayed by further order of the court.

The defendants' motion to stay is DENIED.

Any party may seek a review of this Order pursuant to Federal Rule of Civil Procedure 72(a) within ten (10) days after entry of this Order. Failure to seek a review may be deemed consent to

the entry of this Order. <u>See</u> <u>Roell v. Withrow</u>, ___ U.S. ___, 123 S. Ct. 1696, 155 L. Ed. 2d 775

(2003).

    The Clerk is DIRECTED to forward a copy of the foregoing to all counsel of record.

    DONE this ___ day of February, 2004.

                             T. MICHAEL PUTNAM
                             UNITED STATES MAGISTRATE JUDGE

8

02/25/2004 16:12 FAX 2052523536        K Stephen Jackson PC                    @002/002

IN THE UNITED STATES DISTRICT COURT FILED
FOR THE NORTHERN DISTRICT OF ALABAMA 04 FEB 25 PM 1:51
JASPER DIVISION
U.S. DISTRICT COURT
N.D. OF ALABAMA

MARTHA M. DAVIS,

      PLAINTIFF,

vs.                                         CASE NO. CV 03-J-3167-J

WYETH, et al.,

      DEFENDANTS.                          **ENTERED** asl

                          FEB 25 2004

## ORDER

In accordance with the accompanying memorandum opinion entered this day,

It is **ORDERED** by the court that the plaintiff's motion to remand (doc.10) is

**GRANTED**, the court finding that this action was improvidently removed. The

plaintiff's motion for sanctions is **DENIED**. This case is hereby **REMANDED** to the

Circuit Court of Walker County, Alabama.

**DONE** and **ORDERED** this the __25__ day of February, 2003.

                                      INGE P. JOHNSON
                                      UNITED STATES DISTRICT JUDGE

18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED
04 FEB 25 PH 1:5
U.S. DISTRICT COURT
N.D. OF ALABAMA

MARTHA M. DAVIS,

    PLAINTIFF,

vs.

                CASE NO. CV 03-J-3167-J

WYETH, et al.,

    DEFENDANTS.

ENTERED
FEB 25 2004

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's motion to remand and motion for sanctions (doc. 10) and the defendant's opposition to remand (doc. 13). The court having previously stayed this matter pending decision on conditional transfer by the Judicial Panel on Multidistrict Litigation, said stay is hereby **LIFTED**.[1] Having considered the motion to remand and the opposition thereto, the court finds as follows:

Plaintiff filed suit in the Circuit Court of Walker County against defendant Wyeth, Inc. ("Wyeth"), and three of defendant Wyeth's pharmaceutical sales representatives, Mary Lou Carnaggio, Nikki N. Windham and David Wurm. The parties do not dispute that the sales representatives are Alabama residents. The plaintiff asserts claims under the Alabama Extended Manufacturer's Liability Doctrine

---

[1] The court has received notice from the Judicial Panel on Multidistrict Litigation concerning opposition to the conditional transfer order. Said notice further states that said conditional transfer order "does not in any way limit the pretrial jurisdiction of [this] court." The letter further encourages the court to rule on "a motion pending before you in the action – particularly a motion to remand to state court ..." Given this stance by the Judicial Panel, this court has revisited its prior stay of this litigation and the motion to remand pending before it.



(AEMLD), failure to warn, breach of warranty of merchantability, negligence, wantoness and fraud, misrepresentation and suppression arising from her use of the diet drugs fenfluramine (Pondimin) and dexfenfluramine (Redux). These diet drugs were removed from the market in 1997 due to their association with medical problems such as primary pulmonary hypertension and heart valve defects. Complaint, ¶¶ 14, 25-49. Defendant Wyeth removed this action from the Circuit Court of Walker County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and that the individual defendants were fraudulently joined as the plaintiff has no reasonable possibility of prevailing on any of her claims against them. Notice of Removal, ¶¶ 4, 7.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder

2

of the non-diverse party, as alleged by the defendant. Joinder is fraudulent when "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993).

> "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).

The defendant, as the party removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505. "The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must

3

resolve any uncertainties in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).[2]

Plaintiff alleges in her complaint that each of the defendants promoted, detailed, distributed, sold, and/or marketed and made representations to Dr. Jerry V. Mosely, the plaintiff's physician, concerning these drugs. Complaint, ¶ 8. Based on these representations, the plaintiff was prescribed these drugs by her physician, *Id.* Defendant Wyeth argues that the individual defendants never promoted Pondimin and hence, said individual defendants can not be liable for the plaintiffs' injuries from Pondimin. Defendant's opposition, at 4. However, this argument goes to the merits of the plaintiff's claim against the individual defendants, which is not the issue before this court. The fact that plaintiff may not ultimately prevail against any of the individual defendants is not a proper inquiry for this court in considering a motion to remand. Rather, this court may only consider whether the plaintiff has the possibility of stating a valid cause of action against the non-diverse defendants. *Triggs*, 154 F.3d at 1287. The individual defendants admit that they promoted Redux to physicians based on information provided to them by Wyeth. *See e.g.*, Affidavit

---

[2]This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir. 1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

4

of defendant Wurm, ¶ 5, 7. Because the court need only find one possible valid cause of action against the non-diverse defendants, the court considers only the plaintiff's claim of fraud, misrepresentation and suppression (Count VI), which the plaintiff has pleaded against all defendants.[3]

To establish misrepresentation under Alabama law, irrespective of whether the misrepresentation was made willfully, recklessly, or mistakenly, the plaintiff must prove (1) a false representation, (2) that the false representation concerned an existing material fact, (3) that the plaintiff relied on the false representation, and (4) that the plaintiff was damaged as a proximate result of the reliance. *Chase v. Kawasaki Motors Corp*, 140 F.Supp.2d 1280, 1291 (M.D.Ala.2001). The fact that the representation was made to a different individual than the one suffering the injury is not fatal to a claim for misrepresentation under Alabama law. *See Thomas v. Halstead*, 605 So.2d 1181, 1184 (Ala.1992) ("if a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place"); *Chase*, 140 F.Supp.2d at 1291, n. 8 ("The court notes that under Alabama law it is not always required that a plaintiff prove that a misrepresentation was made directly to him, so long as his injuries resulted from the

---

[3]The court has not considered whether Counts I-V state possibly valid causes of action against the individual defendants. Rather, as only one stated cause of action must have a possibility of validity to destroy diversity jurisdiction, the court makes no judgment as to any cause of action stated in the complaint other than the count for misrepresentation.

5

misrepresentation"). Thus "there is a duty not to make a false representation to those to whom a defendant intends, for his own purposes, to reach and influence by the representation." *Wheelan v. Sessions*, 50 F.Supp.2d 1168, 1174 (M.D.Ala.1999) (quoting *Colonial Bank of Ala. v. Ridley & Schweigert*, 551 So.2d 390, 396 (Ala.1989).

Common sense dictates that the reason drug representatives make representations to physicians is to encourage physicians to prescribe the products the representatives promote to the physicians' patients. In other words, the drug representatives should have reasonably foreseen that the physicians' reliance on their representations would cause the prescription by the physicians of the products they promote to the physicians' patients for their consumption. There can be no other purpose to promote said products to physicians. Such a situation is clearly within Alabama law on third party standing in misrepresentation cases. "[T]he entire basis for third party standing in misrepresentation cases is that the deceiver contemplated that the third party would be induced to act by the deceiver's misstatements made to someone else." *Chase*, 140 F.Supp.2d at 1293, citing *Sims v. Tigrett*, 229 Ala. 486, 158 So. 326, 330 (1934). *See also Ex parte Grand Manor Inc.*, 778 So.2d 173, 182 (Ala.2000) ("If the fraudulent statement is made with the intent and expectation that the one to whom it is made will pass the statement on to the plaintiff, then the plaintiff

6

is entitled to rely on that statement, even if it is not made personally or directly to the plaintiff"); 37 Am.Jur.2d § 292 ("Third parties may recover damages for a fraudulent misrepresentation if they can establish that they relied upon the misrepresentation to their detriment and that the defendant intended the misrepresentation to be conveyed to them"). The court is therefore of the opinion that the plaintiff has stated a cause of action for misrepresentation against the non-diverse defendants.

Under Alabama law, this meets the requirement of "a possibility" of stating a valid cause of action. That is all that is necessary for joinder not to be fraudulent. The allegation that the individual defendants misrepresented material facts about Pondimin and Redux to a physician, who thereafter, and in reliance on said representations, prescribed these medications to a patient who was injured by them, possibly states a valid cause of action. The fact that the drug representatives made no attempt to ascertain the truth of the facts they presented is not a bar to liability under Alabama law. Rather, even an innocent misrepresentation made in good faith may constitute a legal fraud is such misrepresentation is of a material fact. *See Goggans v. Realty Sales & Mortgage*, 675 So.2d 441, 443 (Ala.Civ.App.1979).

Having reviewed the allegations set forth in Count VI of the plaintiff's complaint, the court finds such allegations do state a possible cause of action against the resident defendants. The plaintiff need not have a winning case against the

7

allegedly fraudulent defendant; she need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiff has stated a claim against the non-diverse defendants, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought"). Thus, the court finds that the joinder was proper and must remand the case to the state court. *See Coker*, 709 F.2d at 1440-41.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall grant the plaintiff's motion to remand this case to the Circuit Court of Walker County, Alabama, by separate Order.

DONE this the ___25___ day of February, 2004.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

8

FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA 04 FEB 27 AM 8 30
### MIDDLE DIVISION

U.S. DISTRICT COURT
N.D OF ALABAMA

RHONDA P. BRADFORD, et al.,    )
                               )
     Plaintiffs,               )
                               )            Case No.: CV 03-P-3157-M
v.                             )
                               )
WYETH, et al.,                 )
                               )
     Defendants.               )

D

**ENTERED**

FEB 2 7 2004

## ORDER

Pending before the court are several motions including Plaintiffs' Motion to Remand (Doc. #10) filed on December 22, 2003, and Plaintiffs' Motion for Emergency Hearing and/or Ruling (Doc. #34) filed on February 25, 2004.

On February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation, Judge Wm. Terrell Hodges, sent a letter to all judges, including the undersigned, involved with MDL-1203—*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation.* In this notice, the Judicial Panel on Multidistrict Litigation encouraged judges to issue rulings on pending motions and in particular, motions to remand.

With this directive from the Judicial Panel in mind and based upon the analysis set forth in recent related remand decisions by other judges of this court, Plaintiffs' Motion to Remand is **GRANTED**, and this case is **REMANDED** to the Circuit Court of Etowah County. *See, e.g., Martha M. Davis v. Wyeth, et al.,* United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-I, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-

36

TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.*, United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Accordingly, Plaintiffs' Motion for Emergency Hearing and/or Ruling (Doc. #34) is **GRANTED IN PART** as to the request for a ruling and **DENIED IN PART** as to the request for an emergency hearing. Plaintiffs' Motion for Sanctions (Doc. #10) is **DENIED**. Defendants' Motion to Stay (Doc. #23) filed on January 21, 2004, is **DENIED**. The various pending motions to strike (Docs. #24, #27, #29, #32) are **MOOT**. Defendants' Motion to Amend Answer (Doc. #16) filed on January 13, 2004, remains pending and will be transferred back with the court file to the Circuit Court of Etowah County.

DONE and ORDERED this ___26th___ day of February, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA 04 FEB 27  PM 3: 26
MIDDLE DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN W. SMITH,                    }
                                  }
        Plaintiff,                }
                                  }
v.                                }          Case No.: CV 04-P-226-M
                                  }
WYETH, et al.,                    }
                                  }          **ENTERED**
        Defendants.               }
                                             FEB 2 7 2004

ORDER

On February 16, 2004, the court entered an Order staying this litigation pending action by the

Judicial Panel on Multidistrict Litigation. *See In re Diet Drugs (Phentermine/Fenfluramine*

*/Dexfenfluramine) Products Liability Litigation*, MDL-1203. (Doc. #11). Based upon the analysis

set forth in recent related remand decisions by other judges of this court, the stay is LIFTED,

Plaintiffs' Motion to Remand (Doc. #8) filed on February 10, 2004, is GRANTED, and this case is

REMANDED to the Circuit Court of DeKalb County. *See, e.g., Martha M. Davis v. Wyeth, et al.,*

United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J,

February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.*, United States District Court

for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004

(Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.*, United States District Court for the Northern

District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari*

*Marshal, et al. v. Wyeth, Inc., et al.*,  United States District Court for the Northern District of

Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17).

Plaintiffs' Motion for Sanctions (Doc. #8) is DENIED.

DONE and ORDERED this ___27+h___ day of February, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

BOUDREAUX, et al.,                    )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )        Case No.: CV 04-P-227-M
                                      )        **ENTERED**
WYETH, et al.,                        )
                                      )        FEB 27 2004
        Defendants.                   )

## ORDER

On February 18, 2004, the court entered an Order staying this litigation pending action by the Judicial Panel on Multidistrict Litigation. *See In re Diet Drugs (Phentermine/Fenfluramine /Dexfenfluramine) Products Liability Litigation*, MDL-1203. (Doc. #11). Based upon the analysis set forth in recent related remand decisions by other judges of this court, the stay is LIFTED, Plaintiffs' Motion to Remand (Doc. #8) filed on February 10, 2004, is GRANTED, and this case is REMANDED to the Circuit Court of Marshall County. *See, e.g., Martha M. Davis v. Wyeth, et al.,* United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17). Plaintiffs' Motion for Sanctions (Doc. #8) is DENIED.



COPY

☑ Steve          ☑ Lisa
☐ Tia            ☐ Sheree
☑ Josh           ☐ Kim
☑ Jimmy          ☐ Robert
☐ Joei           ☐ Meredith
☐ Lori           ☐ Ashley

02/27/2004 13:21 FAX 2052523506          K Stephen Jackson PC                    ☒004

DONE and ORDERED this ___27th___ day of February, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

FILED

04 MAR -2 PM 3: 30

U.S. DISTRICT COURT
N.D. OF ALABAMA

MILDRED BRIDGES,                    )
                                    )
        Plaintiff,                  )
                                    )        CIVIL ACTION NO.
v.                                  )        04-AR-0297-J
                                    )
WYETH, et al.,                      )
                                    )
        Defendants.                 )



ENTERED

MAR 0 2 2004

## ORDER OF REMAND

For the separate and several reasons articulated by Honorable Inge Johnson of this court in *Davis v. Wyeth, et al*, CV-03-J-3167-J, and by other judges of this court in similar cases, this court finds that it lacks subject-matter jurisdiction over the above-entitled removed case. The court is not prepared to express the belief that there is no reasonable possibility that Alabama courts will allow the joinder of an agent of a manufacturer as a defendant in an Alabama Extended Manufacturer's Liability Doctrine (AEMLD) case. See the muddy water stirred by *Tillman v. R. J. Reynolds Tobacco Co.*, _____ So. 2d ___, 2003 WL 21489707 (Ala.). Accordingly, the motion to remand filed by plaintiff, Mildred Bridges, is GRANTED, pursuant to 28 U.S.C. §1447(c), and the above-entitled case is hereby REMANDED to the Circuit Court of Walker County, Alabama, from which it was improvidently removed.

Defendant, Wyeth, has, in the alternative, requested a certification for interlocutory appeal to the Eleventh Circuit pursuant to 28 U.S.C. § 1292(b). Upon reflection, the court is

just as unwilling attempt to pass off to the Eleventh Circuit this serious question of Alabama law as it is to pass it off to the Multi-District Panel.

The Clerk is DIRECTED to effectuate this order.

The parties shall bear their own respective costs in this court.

DONE this ___2ⁿᵈ___ day of March, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

04 MAR -5 PM 2:02

U.S. DISTRICT COURT
N.D. OF ALABAMA

DEBRA HOUGH, et al.,          )

    PLAINTIFF,                )

VS.                           )          CV-04-H-393-S

WYETH, et al.,                )

    DEFENDANTS.               )

ENTERED

MAR 0 5 2004

### ORDER OF REMAND

The court has before it plaintiffs' emergency motion to remand filed March 2, 2004 and the response thereto of Wyeth filed on March 4, 2004 titled "Wyeth's Motion to Stay to Allow Transfer to the Multi-District Litigation Proceeding." Wyeth's motion includes a memo addressing the merits of a possible stay, and in paragraph one of Wyeth's motion counsel discusses a number of cases out of the three district courts in Alabama confronted with the same or a related issue with which this court is confronted. It is interesting to note that none of the ten very recent orders of Judges Clemon, Johnson, Bowdre, Proctor, and Acker, and Magistrate Judges Putnam and Armstrong of the Northern District of Alabama listed in footnote 3, *infra*, are included in the otherwise exhaustive list of relevant cases. The court also

has before it plaintiffs' opposition to Wyeth's motion to stay.[1]

It is clear to the undersigned that jurisdictional issues in a removed case should be decided as quickly as possible. The failure to do so may allow an improperly removed case to languish for many, many months before being remanded to state court.[2] Where a motion to remand is founded only on a claim of fraudulent joinder as is the circumstance before this court,[3] the motion can be resolved quickly. The court is to consider whether the removing party has met the onerous burden[4] of showing that "there

---

[1] Interestingly, plaintiff's opposition was filed on March 2, 2004 in "anticipation" of defendant's March 4, 2004 motion.

[2] It is not irrelevant that on February 20, 2004, the Chairman of the Judicial Panel on Multidistrict Litigation, District Judge Wm. Terrell Hodges, sent a letter to all judges involved with MDL-1203 - In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation. In this letter, the Judicial Panel on Multidistrict Litigation encouraged judges to issue rulings on pending motions and in particular, motions to remand.

[3] Plaintiff's emergency motion to remand is based on the same issue recently addressed by the following judges in this district: Chief Judge U.W. Clemon (CV-03-C-2564-M), Judge William Acker (CV-04-AR-0297-J), Judge Karon Bowdre (CV-03-BE-2876-S and CV-04-BE-27-E), Judge Inge Johnson (CV-03-J-3167-J), Judge David Proctor (CV-03-P-3157-M and CV-04-P-226-M), Magistrate Judge Robert Armstrong (CV-03-RRA-3378-E), and Magistrate Judge Michael Putnam (CV-04-TMP-179-S and CV-04-TMP-298-S). All of these judges have entered remand orders in factually similar cases to the one with which this court is presented. However, the application of the law pertinent to removal and fraudulent joinder is particularly well stated in Judge Putnam's orders of remand, and therefore it is Magistrate Putnam's orders to remand which this court follows most closely.

[4] The standard facing the removing party is an onerous one because absent fraudulent joinder, plaintiffs have the absolute right to choose their forum.

is no possibility that the plaintiff can establish a cause of action against the resident defendant."[5]  Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).  The merits of the claim against a diversity destroying defendant must not be weighed by the federal court; rather the task for the court is merely to determine whether the claim against a non-diverse defendant is a possible one under applicable state law.  See id.  The court must find joinder proper and remand to state court if there is *any possibility* that, on the facts as pled, the complaint states a cause of action against any non-diverse defendant.  See Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983) (emphasis added).

     For the foregoing reasons, Wyeth's motion to stay is DENIED.  And upon review of the record, the court is persuaded that under Alabama law the plaintiffs have stated a legally possible claim against the non-diverse defendants, Lavender and Cherry.[6]

_____

     [5] The removing party may also succeed in a claim for fraudulent joinder by proving that "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."  Crowe, 113 F.3d at 1538.  Defendant Wyeth does not attempt to show fraudulent joinder by use of this second method.

     [6] Lavender and Cherry have given affidavits stating that they never advertised, assembled, created, designed, detailed, distributed, labeled, made, manufactured, marketed, packaged, promoted, sold, sterilized, supplied, tested, or warranted the drug Pondimin.  They also state that they never assembled, created, designed, distributed, labeled, made, manufactured, packaged, sold, sterilized, supplied, tested, or warranted the drug Redux.  They assert that they were not aware of any alleged association between Pondimin and Redux and/or valvular heart disease until the time such an allegation was publicized.

Therefore, plaintiff's emergency motion to remand is **GRANTED** and this case is **REMANDED** to the Circuit Court of Blount County, Alabama for all further proceedings.

DONE this ____5^th____ day of March, 2004.

_James W. Hancock_
SENIOR UNITED STATES DISTRICT JUDGE

---

Nevertheless, Lavender and Cherry's alleged innocent misrepresentations understating the risks associated with the use of the combination of drugs for weight loss constitutes a possible cause of action under Alabama law. <u>See</u> Ala. Code § 6-5-101 (Michie 1993); <u>see also</u> <u>Ala. Pattern Jury Instructions Civil</u>, 2d., APJI 18.03 (1993).

FILED

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

MAR 8 2004

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

JOAN REEDER,                        )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )        CIVIL ACTION NO.
                                    )        04-T-066-N
WYETH, a corporation,               )
et al.,                             )
                                    )
        Defendants.                 )

<u>ORDER</u>

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiff's motion to remand. The court agrees with plaintiff that this case should be remanded to state court. First, there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiff has colorable claims against such a defendant), <u>see</u> <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989). Second, there has not been <u>fraudulent misjoinder</u> of any resident

EOD _3/8/04_

defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motions to remand, filed on January 30, 2004 (doc. no. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Elmore County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 8th day of March, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION    FILED

MAR  8 2004

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

EARLENE BROGDEN, et al.,,    )
                            )
        Plaintiffs,         )
                            )
    v.                      )    CIVIL ACTION NO.
                            )     04-T-068-S
WYETH, a corporation,       )
et al.,                     )
                            )
        Defendants.         )

<u>ORDER</u>

This lawsuit, which was removed from state to federal
court based on diversity-of-citizenship jurisdiction, 28
U.S.C.A. §§ 1332, 1441, is now before the court on
plaintiffs' motion to remand.  The court agrees with
plaintiffs that this case should be remanded to state
court.  First, there has not been <u>fraudulent joinder</u> of any
resident defendant (that is, plaintiffs have colorable
claims against such a defendant), <u>see</u> <u>Coker v. Amoco Oil
Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v.
Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).
Second, there has not been <u>fraudulent misjoinder</u> of any

EOD  3·8·04

21

resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 30, 2004 (doc. no. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 8th day of March, 2004.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

FILED

IN THE UNITED STATES DISTRICT COURT 04 MAR -9 AM 8:29
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION    U.S. DISTRICT COURT
N.D. OF ALABAMA

WILMA SUE EATON, et al.,          }
                                  }
        Plaintiffs,               }
                                  }
v.                                }         Case No.: CV 04-P-380-M
                                  }
WYETH, et al.,                    }
                                  }         ENTERED
        Defendants.               }         MAR - 9 2004

## ORDER

This case is before the court on Plaintiffs' Emergency Motion to Remand (Doc. # 9) filed on February 27, 2004; Defendant Wyeth's Motion for Entry of Briefing Schedule (Doc. # 10) filed March 2, 2004; and Defendant Wyeth's Motion to Stay to Allow Transfer to the Multi-District Litigation Proceeding (Doc. # 11) filed on March 4, 2004. Plaintiffs' motion is **GRANTED**, and this case is **REMANDED** to the Circuit Court of Marshall County. *See, e.g., Martha M. Davis v. Wyeth, et al.,* United States District Court for the Northern District of Alabama, Jasper Division, CV 03-J-3167-J, February 25, 2004 (Doc. #17); *Ann McGowan, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-298-S, February 24, 2004 (Doc. #12); *Juanita Johnson, et al. v. Wyeth, et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-224-S, February 23, 2004 (Doc. #11); *Jevenari Marshal, et al. v. Wyeth, Inc., et al.,* United States District Court for the Northern District of Alabama, Southern Division, CV 04-TMP-179-S, February 18, 2004 (Doc. #17). Defendant Wyeth's motions for entry of briefing schedule (Doc. # 10) and motion to stay (Doc. # 11) are **DENIED**.



DONE and ORDERED this _____8th_____ day of March, 2004.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


KIM ALLEN, et al.,                   )
                                     )
        Plaintiffs,                  )
                                     )
        v.                           )        CIVIL ACTION NO.
                                     )        2:04cv0238-T
WYETH,                               )
et al.,                              )
                                     )
        Defendants.                  )

<u>ORDER</u>

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), <u>see</u> <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553,

1561 (11th Cir. 1989). Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on March 12, 2004 (doc. no. 7), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 9th day of April, 2004.

/s/ Myron H. Thompson
_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| EUNICE CHESTNUT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     CIVIL ACTION NO. |
| | )       1:04cv0295-T |
| WYETH, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, there has not been fraudulent joinder of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), see Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit Co., 883 F.2d 1553,

1561 (11th Cir. 1989). Second, there has not been fraudulent misjoinder of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on April 1, 2004 (doc. no. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Geneva County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 3th day of May, 2004.

/s/ Myron H. Thompson
_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

M. REBECCA CROSS, et al.,        )
                                 )
        Plaintiffs,              )
                                 )
                                 )    CIVIL ACTION NO.
v.                               )    03-0882-BH-M
                                 )
WYETH, et al.,                   )
                                 )
        Defendants.              )

## ORDER

This action is before the Court on plaintiffs' motion (Doc. 14) to reconsider and to lift the stay imposed on February 19, 2004 (Doc. 13), and thus to reverse the Court's prior denial of plaintiffs' motion to remand (Docs. 6 and 7).  Upon consideration of the parties' oral arguments presented on March 15, 2004, as well as those set forth in Wyeth's Supplemental Response (Doc. 19), and all other pertinent portions of the record, the Court concludes that plaintiffs' motion to reconsider is due to be granted because the Court lacked jurisdiction at the outset to enter an order denying plaintiffs' motion to remand and in imposing a stay until the action could be transferred for consolidation with the pending MDL-1203 case.

As recognized by other federal Courts in Alabama, the grounds upon which Wyeth contends that the Wyeth Sales Representatives Paul Windham and John Land have been fraudulently joined go to the merits of plaintiffs' claims against these individual resident

defendants, which is not a proper inquiry for this Court, rather than the viability of the claims themselves.[1] *See e.g., Martha M. Davis v. Wyeth, et al.*, Civil Action No. CV 03-J-3167-J (N.D. Ala. February 25, 2004)(J. Johnson). *See also, Michael Hall, et al. v. Wyeth, et al.*, Civil Action No. CV 04-J-0434-NE (N.D. Ala. March 9, 2004)(J. Johnson); *Smith v. Wyeth et al.*, Civil Action No. CV 04-P-226-M (N.D. Ala. February 27, 2004)(J. Proctor); *Sharon C. Crittenden, et al., v. Wyeth, et al.*, Civil Action No. 03-T-920-N (M.D. Ala. November 21, 2003)(J. Thompson); *Pamela Floyd, et al., v. Wyeth, et al.*, Civil Action No. 03-C-2564-M (N.D. Ala. October 20, 2003)(J. Clemon); *Haleb v. Merck & Co., Inc., et al.*, Civil Action No. CV 03-AR-1026-M (N.D. Ala. June 26, 2003) (J. Acker). This Court <u>cannot</u> declare at this juncture of the litigation that "there is no possibility that the plaintiff[s] can prove a cause of action against the resident (non-diverse) defendant[s]," a prerequisite to any declaration that the resident defendants were fraudulently joined. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). *See also, Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have the possibility of stating a valid cause of action in order for the joinder to be legitimate.").

For the above stated reasons, it is **ORDERED** that the Orders entered by this Court on February 5, 2004 (Doc. 11) denying plaintiffs' motion to remand and February 19, 2004

---

[1]Consequently, Wyeth's reliance on such cases as *Fisher v. Comer Plantation, Inc.* 772 So.2d 455 (Ala. 2000), and *Speigner v. Howard*, 502 So.2d 367 (Ala. 1987), is misguided because they were decided on the merits on motions for summary judgment following the completion of discovery.

2

(Doc. 13) granting Wyeth's motion to stay, be and are hereby **VACATED AND SET ASIDE.** In lieu thereof, it is now **ORDERED** that plaintiffs' motion to remand (Doc. 6) be and is hereby **GRANTED.** The Clerk is directed to take such steps as are necessary to transfer this case back to the Circuit Court of Dallas County, Alabama, from whence it was removed.

As a final matter, the Court acknowledges that plaintiffs' motion to remand also contained a motion for sanctions against Wyeth. The Court concludes, however, that sufficient questions existed concerning the appropriateness of removal, as evidenced by this Court's initial decision to deny remand, to preclude the requisite finding that the removal in this case was not only improvident but done in bad faith. It is therefore **ORDERED** that plaintiff's motion for sanctions be and is hereby **DENIED.**

DONE this 29th day of March, 2004.

_____ s/ W. B. Hand _____
SENIOR DISTRICT JUDGE

3

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

JERRY BRADEN, et al.,          )
                               )
      Plaintiffs,              )
                               )
      v.                       )     CIVIL ACTION NO.
                               )        1:04cv0384-T
WYETH, etc.,                   )
et al.,                        )
                               )
      Defendants.              )

## ORDER

    This lawsuit, which was removed from state to federal

court based on diversity-of-citizenship jurisdiction, 28

U.S.C.A. §§ 1332, 1441, is now before the court on

plaintiffs' motion to remand. The court agrees with

plaintiffs that this case should be remanded to state court.

First, there has not been fraudulent joinder of any resident

defendant (that is, plaintiffs have colorable claims against

such a defendant), see Coker v. Amoco Oil Co., 709 F.2d

1433, 1440 (11th Cir. 1983); Cabalceta v. Standard Fruit

Co., 883 F.2d 1553, 1561 (11th Cir. 1989). Second, there

has not been fraudulent misjoinder of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on April 27, 2004 (doc. no. 9), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Coffee County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson

_____

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
BARBARA CULPEPPER, et al.,    )
                              )
       Plaintiffs,            )
                              )
       v.                     )    CIVIL ACTION NO.
                              )    2:04cv0411-T
WYETH, INC.,                  )
et al.,                       )
                              )
       Defendants.            )
```

ORDER

This lawsuit, which was removed from state to federal

court based on diversity-of-citizenship jurisdiction, 28

U.S.C.A. §§ 1332, 1441, is now before the court on

plaintiffs' motion to remand.  The court agrees with

plaintiffs that this case should be remanded to state court.

First, there has not been <u>fraudulent joinder</u> of any resident

defendant (that is, plaintiffs have colorable claims against

such a defendant), <u>see</u> <u>Coker v. Amoco Oil Co.</u>, 709 F.2d

1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit

Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).  Second, there

has not been <u>fraudulent misjoinder</u> of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on May 4, 2004 (doc. no. 10), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

LONNE KING, et al.,        )
                           )
        Plaintiffs,        )
                           )
        v.                 )    CIVIL ACTION NO.
                           )    2:04cv0409-T
WYETH, INC., etc.,         )
et al.,                    )
                           )
        Defendants.        )

## ORDER

This lawsuit, which was removed from state to federal

court based on diversity-of-citizenship jurisdiction, 28

U.S.C.A. §§ 1332, 1441, is now before the court on

plaintiffs' motion to remand.  The court agrees with

plaintiffs that this case should be remanded to state court.

First, there has not been _fraudulent joinder_ of any resident

defendant (that is, plaintiffs have colorable claims against

such a defendant), _see_ _Coker v. Amoco Oil Co._, 709 F.2d

1433, 1440 (11th Cir. 1983); _Cabalceta v. Standard Fruit_

_Co._, 883 F.2d 1553, 1561 (11th Cir. 1989).  Second, there

has not been _fraudulent misjoinder_ of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on May 4, 2004 (doc. no. 1), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Barbour County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 24th day of May, 2004.

/s/ Myron H. Thompson
_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

VICTORIA BENNETT, et al.,      )
                               )
      Plaintiffs,              )
                               )
      v.                       )      CIVIL ACTION NO.
                               )      2:04cv0416-T
WYETH, INC., etc.,            )
et al.,                        )
                               )
      Defendants.             )

<u>ORDER</u>

This lawsuit, which was removed from state to federal

court based on diversity-of-citizenship jurisdiction, 28

U.S.C.A. §§ 1332, 1441, is now before the court on

plaintiffs' motion to remand. The court agrees with

plaintiffs that this case should be remanded to state court.

First, there has not been <u>fraudulent joinder</u> of any resident

defendant (that is, plaintiffs have colorable claims against

such a defendant), <u>see</u> <u>Coker v. Amoco Oil Co.</u>, 709 F.2d

1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit

Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989). Second, there

has not been <u>fraudulent misjoinder</u> of any resident defendant

(that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), see Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on May 4, 2004 (doc. no. 9), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Crenshaw County, Alabama.

It is further ORDERED that all other outstanding motions are denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 2nd day of June, 2004.

/s/ Myron H. Thompson
_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE